IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated,  :  :  Plaintiff,  :  :  v.  :  :  CRYPTOZOO, INC., *et al.*,  :  :  :  Defendants.  : | CIVIL ACTION NO.: 1:23-cv-110  HON. ROBERT PITMAN |

### DEFENDANT DANIELLE STROBEL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Danielle Strobel ("Ms. Strobel") hereby files this Motion to Dismiss Plaintiff Don Holland's ("Plaintiff") Complaint for Lack of Personal Jurisdiction (the "Motion"). In support thereof, Ms. Strobel would respectfully show this Court as follows:

**I.      INTRODUCTION**

Plaintiff's 124 paragraph Complaint contains only *two* allegations specific to Ms. Strobel. They are set forth, in full, below:

- "Danielle Strobel is Logan Paul's assistant and one of the founders of CryptoZoo Inc." (Doc. No. 1 at ¶ 4); and

- "Danielle Strobel is a United States citizen who resides at 5107 Williams Fork Trail, Apt 211, Boulder, CO 80301-3477."[1] (*Id*. at ¶ 22).

This is profoundly insufficient to confer personal jurisdiction.

To be clear, Ms. Strobel has no contacts with Texas, whatsoever, that could subject her to the general jurisdiction of this Court. Ms. Strobel lives about 850 miles away in Colorado Springs,

---

[1] Ms. Strobel currently resides at 4335 S. Delighted Circle, Colorado Springs, CO 80917.

Colorado and she has not purposely availed herself of Texas law. Indeed, Ms. Strobel's "history" of Texas contacts can be fully summarized as follows: (1) a 2013 canoe trip; and (2) a 2020 personal trip lasting less than a day. Ms. Strobel owns no Texas property, and she has not engaged in any business with—or directed at—Texas or its residents. Consequently, general jurisdiction does not attach.

Specific jurisdiction is also absent. None of Plaintiff's purported claims arise out of any action Ms. Strobel took in Texas. As a result, requiring her to defend against Plaintiff's claims in this Court would violate constitutional due process and, in addition, be unreasonable and unfair. This Motion should be granted, and Ms. Strobel should be dismissed from the case.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Claims

This action arises out of Plaintiff's purchase of digital assets from CryptoZoo. Plaintiff purchased "Zoo Tokens" which could be used to redeem other digital products from CryptoZoo—namely, Non-Fungible Tokens ("NFTs") to be used in connection with an online game. (Doc. No. 1 at ¶ 2). According to Plaintiff, he purchased these digital assets with the expectation that he "would later receive benefits, including . . . rewards, exclusive access to other cryptocurrency assets, and the support of an online ecosystem to use and market [CryptoZoo] NFTs." (*Id.* at ¶ 11).

Plaintiff claims that the CryptoZoo game failed to live up to his expectations. (*Id.* at ¶ 38–40). According to Plaintiff, Ms. Strobel and Defendants CryptoZoo, Logan Paul, Jeffrey Levin, Eduardo Ibanez, Jake Greenbaum, and Ophir Bentov (collectively, "Defendants") "executed a 'rug pull'" by "fraudulently promoting and selling products that did not function as advertised, failing to support the CryptoZoo project, and manipulating the digital currency." (*Id.* at ¶¶ 10, 16). Plaintiff seeks to recover the $3,000.00 he spent on these digital assets. (*Id.* at ¶¶ 37–40).

The Complaint asserts eight claims against Defendants: Fraud, Breach of Contract (Express), Breach of Contract (Implied), Unjust Enrichment, Violation of the Texas Deceptive Trade Practices Act ("DTPA"), Negligence, Fraudulent Misrepresentation, and Conspiracy to Commit Fraud. Underlying all of Plaintiff's claims are the alleged "promise [of] products [Defendants] failed to deliver" and "false representations" by the Defendants. (*See, e.g.,* Doc. No. 1 at ¶¶ 16, 44).

Plaintiff's Complaint rarely specifies which individual Defendant purportedly committed what alleged bad acts. Rather, the majority of Plaintiff's allegations refer to "Defendants" collectively. (*See, e.g.*, Doc. No. 1 at ¶¶ 9–10, 42, 57, 64, 67, 81, 103, 107). In any event, Plaintiff does not allege that Ms. Strobel was a party to any of the alleged contracts at issue, nor does the Complaint assert that those contracts were somehow related to Texas. Similarly, the Complaint does not attribute any alleged representation or statement about CryptoZoo to Ms. Strobel, much less one that was made in or directed to Texas.

**B.      Ms. Strobel's Lack Of Contacts With Texas**

Ms. Strobel has never lived in Texas and she currently resides in Colorado Springs, Colorado. (Affidavit of Danielle Strobel ("Strobel Affidavit"), attached hereto as Exhibit A, at ¶ 2); (*see also* Doc. No. 1 at ¶ 22). Ms. Strobel has only visited Texas twice in her entire life: once in 2013 for a two-week canoeing trip on the Rio Grande River, and again in 2020—for less than 24 hours—on a matter unrelated to CryptoZoo. (*See id*. at ¶ 3). Additionally, Ms. Strobel has never:

- Owned, leased, or held a security interest in any real or personal property in the State of Texas.  (*See id*. at ¶ 4).

- Opened or maintained a bank account in Texas. (*See id*.).

- Paid or owed taxes to the State of Texas or any of its political subdivisions. (*See id*.).

- Engaged in any business directed at Texas residents. (*See id*. at ¶ 5).

- Opened or maintained an office or other business premises of any kind in Texas. (*See id*.).

- Hired employees, servants, or agents in Texas.  (*See id*.).

- Maintained or been required to maintain a registered agent for service in Texas. (*See id*.).

- Maintained a telephone or facsimile number in Texas.  (*See id*.).

- Been a party to a lawsuit in Texas (with the exception of this case).  (*See id*. at ¶ 6).

Ms. Strobel's involvement in CryptoZoo was equally limited.  She never:

- Drafted, revised, signed, or filed any of CryptoZoo's organizational documents. (*See id*. at ¶ 8).

- Drafted, revised, signed, or published any CryptoZoo contract.  (*See id*. at ¶ 9).

- Drafted or revised CryptoZoo's Terms and Conditions or Terms of Service. (*See id*. at ¶ 10).

- Had access to any of CryptoZoo's bank, depository, or investment accounts. (*See id*. at ¶ 11).

### III.  ARGUMENT AND AUTHORITIES

#### A.  Legal Standard.

Federal courts may exercise jurisdiction over a nonresident defendant only when two conditions are present. First, the state's long-arm statute must confer jurisdiction over the defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir. 1985). Second, any exercise of jurisdiction must comport with due process. *Id.*

Courts have repeatedly held that the Texas long-arm statute extends to the federal due process limit, and therefore "the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  For personal jurisdiction

to comport with federal due process, the nonresident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 233 (5th Cir. 2022) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts exist when the "defendant has purposefully availed [her]self of the benefits and protections of the forum." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). However, a defendant cannot "purposefully avail" herself of the forum through the "unilateral activity of another party or a third person." *Spademan*, 772 F.2d at 1191 (quoting *Burger King*, 471 U.S. at 475). Rather, purposeful availment means that the defendant's contacts "proximately result from actions by the defendant [*her*]*self* that create a 'substantial connection' with the forum." *Id.* (emphasis in original). A defendant's purposeful availment of the forum can create two kinds of contacts. "[C]ontinuous and systematic" contacts confer <u>general jurisdiction</u>, whereas limited contacts that give rise or relate to the litigation may confer <u>specific jurisdiction</u>. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

Finally, Plaintiff bears the burden of establishing personal jurisdiction over each claim as to each defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75, n.5 (5th Cir. 2006); *Gen. Retail Servs. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007) (noting that "it is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations" when the complaint fails to "ascribe[] specific conduct or statements to [certain] individuals"); *Fernandez-Lopez v. Hernandez*, W.D. Tex. No. DR:19-CV-46-AM-CW, 2020 U.S. Dist. LEXIS 253510, *21 (Oct. 1, 2020) ("[A] plaintiff must still establish sufficient minimum contacts within the forum state for each individual defendant, which Plaintiffs have not done."). This Court "may consider the contents of the record before [it] at the time of the motion, including

'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs. v. Sage Grp. Plc*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motor Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

> **B.    Ms. Strobel Does Not Have Sufficient Contacts With The State Of Texas For This Court To Exercise Personal Jurisdiction Over Her.**

Ms. Strobel is not subject to general jurisdiction because she has had no "continuous and systematic" contacts with Texas, and Plaintiff's Complaint fails to even allege same. In addition, specific jurisdiction is lacking because Ms. Strobel has not purposefully availed herself of Texas law, and none of Plaintiff's claims arise out of or relate to her—random and sporadic—contacts with Texas. Moreover, CryptoZoo's purported contacts with Texas cannot, as a matter of law, confer jurisdiction upon Ms. Strobel. Finally, hailing Ms. Strobel into this Court offends traditional notions of fair play and substantial justice.

> **1.    Ms. Strobel Is Not Subject To General Jurisdiction Because She Has Had No "Continuous And Systematic" Contacts With Texas.**

"A court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). While general jurisdiction confers jurisdiction over any claim involving a defendant, it "is a high bar." *Johnson v. TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021).

Indeed, the contacts needed to establish general jurisdiction effectively amount to domicile. *See Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) ("[F]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." (quoting *Goodyear*, 564 U.S. at 924)). "[V]ague and overgeneralized assertions that give no

indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

Plaintiff's Complaint contains no allegations whatsoever that could support this Court exercising general jurisdiction over Ms. Strobel. While Ms. Strobel has been to Texas twice, "traveling through parts of the state a few times . . . are insufficient activities for the Defendant to be considered 'at home' in Texas." *Crownover v. Crownover*, W.D. Tex. No. DR-15-CV-132-AM, 2016 U.S. Dist. LEXIS 203425, *17 (Sept. 20, 2016). On top of that, Plaintiff does not allege *any facts* "as to the extent, duration, or frequency" of Ms. Strobel's purported contacts with Texas. For these reasons, this Court cannot exercise general jurisdiction over Ms. Strobel.

### 2. Specific Jurisdiction Is Also Lacking.

The Fifth Circuit "has framed the [specific jurisdiction] inquiry as a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*See Defense Distributed v. Grewal*, 971 F.3d 485, 490–91 (5th Cir. 2020). "[S]pecific jurisdiction is a claim-specific inquiry," so a plaintiff must identify how each of the defendants' conduct gives rise to each cause of action. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Obviously, "[i]t is essential . . . that there be some act by which the defendant purposefully avails [herself] of the privilege of conducting activities within the forum state." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). As a result, a plaintiff must "ascribe[] specific conduct or statements" to individual defendants. *Gen. Retail Servs. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007) (citing *Rush v. Savchuk*, 444 U.S. 320, 332–33 (1980)).

### a. Ms. Strobel Never Purposefully Availed Herself Of Texas Law, And None Of Plaintiff's Claims Arise Out Of Her Contact With Texas.

In this case, there are no allegations, much less facts, demonstrating that Ms. Strobel purposefully availed herself of Texas law. Ms. Strobel did not direct any activity towards Texas, nor did this "litigation result[] from alleged injuries that arise out of or relate to those activities." *See Gen. Retail Servs.*, 255 F. App'x at 793. Ms. Strobel's two visits to Texas over the course of her lifetime are precisely the "random, fortuitous, and attenuated" contacts that are insufficient to provide notice that she could be hailed into a Texas courtroom. *McFadin*, 587 F.3d at 759.

Significantly, Plaintiff does not tie any of his claims to "specific conduct or statements" of Ms. Strobel. While Plaintiff alleges misrepresentations and material omissions by all Defendants, that is insufficient to confer personal jurisdiction over her. The Fifth Circuit's analysis in *General Retail Services* is particularly on-point:

> We uphold the district court's dismissal of Joe Barbat, Jack Barbat and Ebner because General Retail failed to demonstrate that they purposefully directed any activities into the forum state. While it is true that a single act can confer personal jurisdiction over a defendant if that act gives rise to the claim being asserted, **General Retail has not carried its burden to show that these individuals could reasonably expect to be hailed into court in Texas**. **The First Amended Complaint merely identifies who Joe and Jack Barbat are**. While it mentions Ebner one more time, the allegation merely states that the Ebner "met" Wiley. **There is nothing in the First Amended Complaint that ascribes specific conduct or statements to these individuals. Contrary to General Retail's argument, it is not enough to simply rest on the use of the collective term, "Defendants," in the allegations**.

*See Gen. Retail Servs.*, 255 F. App'x at 793 (internal citations omitted) (emphasis added). The same is true here.

Plaintiff's inclusion of a "Conspiracy to Commit Fraud" claim does not confer jurisdiction upon Ms. Strobel either. (Doc. No. 1 at ¶¶ 113–116). Texas law is clear that merely "alleging a conspiracy . . . does not provide an independent basis for jurisdiction." *See Crownover*, 2016 U.S.

8

Dist. LEXIS 203425 at *35 (citing *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995)). Instead, "a plaintiff must show that **each defendant individually**, and not as part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process." *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017) (emphasis added); *see also Fernandez-Lopez*, 2020 U.S. Dist. LEXIS 253510 at *21 (citing *Nat'l Indus. Sand Ass'n*, 897 S.W.2d at 773). Plaintiff cannot make that showing here—as the Complaint is devoid of any specific or individualized allegations regarding Ms. Strobel.

### b. CryptoZoo's Purported Contacts With Texas Do Not Confer Jurisdiction Upon Ms. Strobel.

In his Complaint, Plaintiff does not even allege (nor could he) that Ms. Strobel was an officer, director, or employee of CryptoZoo. But even if he had, CryptoZoo's alleged contacts with Texas could not be imputed to Ms. Strobel for purposes of establishing personal jurisdiction.

Under Texas law, "the fiduciary shield doctrine 'provides that corporate officers are not subject to jurisdiction in a foreign forum if their actions are taken in a representative capacity.'" *Auto Wax Co., Inc. v. Marchese*, N.D. Tex. No. 3:01-CV-2571-M, 2002 U.S. Dist. LEXIS 12758, *10 (July 15, 2002) (quoting *Shapolsky v. Brewton*, 56 S.W.3d 120, 133 n.6 (Tex. Ct App. 2001)). Stated another way,

> Absent some allegation of a specific act in Texas, or one with reasonably foreseeable consequences within this state's borders, a nonresident employee of a foreign corporation cannot be sued in Texas simply because his or her employer solicits business here. Constitutional considerations of due process forbid this bootstrapping of minimum contacts.

*Siskind v. Villa Found. for Educ., Inc*., 642 S.W.2d 434, 438 (Tex. 1982). Thus, for this additional reason, exercising personal jurisdiction over Ms. Strobel is improper and would violate constitutional due process.

        ***c.    Requiring Ms. Strobel To Defend Herself Against Plaintiff's Claims In Texas Would "Offend Traditional Notions Of Fair Play And Substantial Justice."***

Because Ms. Strobel does not have minimum contacts with the State of Texas, this Court need not consider "whether the exercise of personal jurisdiction [over her] is fair and reasonable." *See Defense Distributed*, 971 F.3d at 490–91; *see also Spademan*, 772 F.2d at 1191–92. Regardless, however, it is not.

In determining whether jurisdiction would be fair and reasonable, the following factors are considered:

> 1) the burden on the nonresident defendant; 2) the interests of the forum state; 3) the plaintiff's interest in obtaining relief; 4) the interstate judicial system's interest in the most efficient resolution of controversies; and 5) the shared interests of the several states in furthering fundamental social policies.

*Seiferth*, 472 F.3d at 276 (5th Cir. 2006). None of these factors support exercising jurisdiction over Ms. Strobel in this case.

First, it would be extremely burdensome, time-consuming, and costly for Ms. Strobel to have to defend herself from Plaintiff's claims in Texas. (Strobel Affidavit at ¶ 12). Ms. Strobel lives in Colorado and has no connection of any kind to Texas.

Second, while Texas may have some interest in providing a forum for its residents, that does not trump the constitutional rights of a non-resident who (1) had no substantive involvement in any Plaintiff's claims, and (2) has no contacts whatsoever with the forum state.

Like Ms. Strobel, none of the other Defendants are located in Texas either. (Doc. No. 1 at ¶¶ 20–26) (Plaintiff alleges Defendants reside or conduct business in New York, Delaware, Colorado, Puerto Rico, California, Connecticut, and Georgia.). To that end, Texas cannot be— and is not—the most efficient forum for the resolution of this controversy. Perhaps tellingly, Plaintiff has separately initiated arbitration proceedings asserting the exact same claims against

10

these exact same Defendants. In the end, it would be both unfair and unreasonable for this Court to exercise personal jurisdiction over Ms. Strobel.

## IV.   CONCLUSION

For each of the foregoing reasons, Ms. Strobel respectfully requests that her Motion to Dismiss be granted.

Respectfully submitted,

*/s/ William B. Mateja*
William B. Mateja (13185350)
Jonathan E. Clark (24069515)
Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7400
Email: BMateja@sheppardmullin.com
         JClark@sheppardmullin.com
and

Mark G. Arnzen, Jr. *Pro Hac Vice*
Lindsay K. Gerdes *Pro Hac Vice*
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: 513-977-8440
Email: mark.arnzen@dinsmore.com
         lindsay.gerdes@dinsmore.com

**Counsel for Defendant Danielle Strobel**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 19th day of May 2023.

>  /s/ *William B. Mateja*
>  William B. Mateja (13185350)