IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:23-cv-00110 |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, | § § § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT DANIELL STROEBEL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND ALTERNATIVE MOTION FOR LEAVE TO AMEND**

Plaintiff Don Holland ("Plaintiff"), individually and on behalf of all other persons similarly situated, files this Response opposing Defendant Danielle Strobel's ("Defendants") motion to dismiss for lack of personal jurisdiction [Dkt. 22] ("Motion") and alternatively moves for jurisdictional discovery and leave to amend:

**I.     The Court has specific jurisdiction based on uncontraverted allegations.**

1.     Defendant's Motion asserts this Court has no personal jurisdiction over Defendant in this case and moves to dismiss. Plaintiff does not claim to have general jurisdiction over Defendant but does have specific jurisdiction, as explained below.

2. As Defendant notes,[1] the Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Which is about the extent of relevant caselaw Defendant includes regarding specific jurisdiction.

3. Defendant instead cites stale caselaw that does not reflect the current state of the "minimum contacts" step of the analysis. The Fifth Circuit held the minimum contacts requirement is met:

> so long as the court finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state. Under that test, mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.

*Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (internal citations and quotation marks omitted). Notably, Defendant cites cases from before or around the time *Ainsworth* was decided in support of their specific jurisdiction arguments and do not include this decade old caselaw.

4. The affidavit Defendant provided is the only evidence supporting it position. *See* Dkt. 22-1. All three state "I have never hired any employees, servants, or agents in the State of Texas." *Id*., ¶ 6. Defendant did not attest that Cryptozoo employees, agents, contractors, or other

---

[1] Defendant cites *Defense Distributed v. Grewal*, 971 F.3d 485, 490–91 (5th Cir. 2020) for the specific jurisdiction analysis. Motion, p. 7.

entities related to Cryptozoo did not hire employees in Texas on its behalf. Defendant is listed as a founder of CryptoZoo and a "principal is charged both with the acts of an agent committed within the scope of his duties and with knowledge of such acts." *Duffie v. Wichita Cnty.*, 990 F. Supp. 2d 695, 722 (N.D. Tex. 2013).

5.      Defendant also fails to note the Court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Here, it is not disputed Defendant through CryptoZoo delivered its products into the stream of commerce with the expectation that they would be purchased by or used by consumers across the world, including Texas. Additionally, Plaintiff has even discovered Logan Paul conveyed to the other CryptoZoo founders that he was specifically worried about access to crypocurrency marketplaces being banned in Texas and losing out on that market. Aplying the *Ainsworth* standard, it was both foreseeable CryptoZoo would be purchased in Texas and that CryptoZoo had awareness that it was selling in the Texas Market—which provides a constitutionally sufficient basis for personal jurisdiction.

6.      Defendant also did not dispute Plaintiff's allegations regarding her role at CryptoZoo. Danielle Strobel was a founder of CryptoZoo [Dkt. 1, ¶ 4]—which still has yet to answer in this suit. Plaintiff also alleged alter ego, principal-agent liability, and for the corporate veil to be pierced. *Id*., ¶¶ 35-36. Plaintiff's allegations make clear Defendant was working jointly with the other Defendants to defraud consumers behind the veil of CryptoZoo. *Id*., ¶¶ 3-16. The actions taken on behalf of CryptoZoo may therefore be imputed on each individual Defendant. Defendant does not address the agency or alter-ego issues.

7. Plaintiff essentially alleged Defendant and the other named Defendants failed to provide software/blockchain development that would function as represented by CryptoZoo. So if both Defendant's affidivat and Plaintiff's allegations are taken as true, Defendant could have used other CryptoZoo founders, agents, or affiliates to hire Texas residents on her behalf—which is uncontroverted—providing specific jurisdiction over Defendant. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."); *Russell v. 29 Prime, Inc.*, No. CIV.A. 13-12814-NMG, 2014 WL 3510291, at *2 (D. Mass. July 10, 2014) ("Despite the separate legal status of [defendant] and its resellers, the Court is not persuaded that defendant should be permitted to hide behind a transparent corporate shield for the purpose of avoiding personal jurisdiction…").

8. Further, Plaintiff has discovered CryptoZoo hired Texas-based employees or contractors for software/blockchain development—which directly relates to his claims—and at leat one founder of CryptoZoo visited Texas on CryptoZoo business.[2] CryptoZoo's hiring of Texas-based employees is direcly related to its need to create or provide the promised software.

9. "A plaintiff does not have to establish personal jurisdiction by a preponderance of evidence when the Court does not hold an evidentiary hearing." *Le-Vel Brands, LLC v. Quintessential Biosciences, Inc.*, No. 3:18-CV-3322-K, 2019 WL 2578619, at *2 (N.D. Tex. June 24, 2019) (citing *Bonner v. Triple–S Mgmt. Corp.*, 661 F. App'x 820, 821–22 (5th Cir. 2016)). "[The Court] must accept the plaintiff's uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id*. (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014)).

---

[2] If given leave to amend, Plaintiff will include this information in its Amended Complaint.

10. Accordingly, resolving all conflicts in favor of Plaintiff's uncontroverted allegations, Defendant or agents or someone acting on her or CryptoZoo's behalf, sold CryptoZoo products to consumers in Texas with the intent of selling to consumers in Texas—which is sufficient to confer specific jurisdiction over this case—and Defendant's Motion should be denied.

**II.   Alternatively, Plaintiff requests the Court grant jurisdictional discovery and leave to amend his complaint.**

11. A "court has discretion to permit a party to conduct jurisdictional discovery to resolve issues of fact raised by a motion to dismiss for lack of personal jurisdiction." *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *4 (W.D. Tex. Aug. 10, 2020) (denying motion to dismiss and ordering jurisdictional discovery where plaintiff's allegations "suggest with reasonable particularity the possible existence of the requisite contacts"). Defendant does not deny one of their or CryptoZoo's agents, contractors, or employees could have reached out to people, or been employed, in Texas. If the Court is not satisfied that there is specific jurisdiction over Defendant based on the pleadings, Plaintiff requests the Court grant him jurisdictional discovery to determine the extent of Defendant's contacts with Texas and replead.

12. Additionally, Plaintiff has discovered other connections Defendant and the other Defendants have with Texas related to CryptoZoo to replead. On information and belief:

   a. Defendant, or other CryptoZoo affiliates, hired Nick Goodman and Andrew Goodman from Austin, Texas to develop software/blockain development for CryptoZoo, as advertised by Nick and Andrew Goodman, despite the products originally promoted by Defendants and CryptoZoo never have been completed:



Screenshots from a software developer named Block Ops's website, who has publicly claimed to be working on CryptoZoo's products, at https://blockops.dev/index.html#team and https://blockops.dev/recent-work.html#StudFarm;

b. Logan Paul conveyed his concern about losing access to the Texas market to all other founders of CryptoZoo, whom have all been added to this lawsuit;

c. Logan Paul publicly responded to fraud allegations by promising to "reveal the bad actors" involved with that he had hired, which could be Texas residents Nick and Andrew Goodman; and

d. Defendant Eddie Ibanez, one of the founders of CryptoZoo, worked in Texas on behalf of CryptoZoo on or about August of 2021.

13.     Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *4 (W.D. Tex. Aug. 10, 2020). The court should "freely give leave when justice so requires." *Id*. "In determining whether leave to amend should be granted, the court can consider factors such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment." *Id*. "A court must have "substantial reason" to deny a request for leave to amend. *Id*.

14.     Again, if the Court is not satisfied that there is specific jurisdiction over Defendant, Plaintiff requests leave to amend his complaint in order to incorporate any limited jurisdictional discovery ordered by the Court. Amendment following jurisdictional discovery would be a good faith attempt to strengthen pleadings in light of new information. There has not yet been repeated failure to cure deficiencies to overcome the liberal policy in favor of amendment. Amendment will not cause undue delay or undue prejudice given the early phase of proceedings.

### III.    In conclusion, Plaintiff requests Defendant's Motion be denied.

15.     Plaintiff alleged uncontroverted bases for specific jurisdiction over Defendant in the Western District of Texas through Defendant's actions of selling CryptoZoo products to Texas residents with awareness they were selling to the Texas market. Alternatively, Plaintiff requests jurisdictional discovery and leave to amend his complaint. Accordingly, Plaintiff requests the Court deny Defendant's Motion and grant him all other and further relief to which he may be justly entitled.

Dated:  June 2, 2023

                    Respectfully submitted,

                    **ELLZEY & ASSOCIATES, PLLC**

                    */s/ Alexander G. Kykta*
                    Jarrett L. Ellzey
                    Texas Bar No. 24040864
                    jarrett@ellzeylaw.com
                    Leigh S. Montgomery
                    Texas Bar No. 24052214
                    leigh@ellzeylaw.com
                    Alexander G. Kykta
                    Texas Bar No. 24107841
                    alex@ellzeylaw.com
                    1105 Milford Street
                    Houston, Texas 77006
                    Phone: (888) 350-3931
                    Fax: (888) 276-3455

                    **-AND-**

                    **ATTORNEY TOM & ASSOCIATES**
                    Tom Kherkher (*pro hac vice* forthcoming)
                    Texas Bar No. 24113389
                    tom@attorneytom.com
                    5909 West Loop South Suite 525
                    Houston, Texas 77401
                    Phone: (855) 866-9467

                    **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      Pursuant to Federal Rule of Civil Procedure 5(d), I hereby certify that, on June 2, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                               */s/ Alexander G. Kykta*
                                               Alexander G. Kykta