IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DON HOLLAND, individually and on behalf of all others similarly situated,** : : **Plaintiff,** : : **v.** : : **CRYPTOZOO, INC.,** *et al.*, : : : **Defendants.** : | **CIVIL ACTION NO.: 1:23-cv-110** **JUDGE ALAN D. ALBRIGHT** |

### DEFENDANT DANIELLE STROBEL'S REPLY IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule CV-7(e), Defendant Danielle Strobel ("Ms. Strobel") submits this reply ("Reply") in support of her Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 22 the "Motion"), and would respectfully show this Court as follows:

### I.   SUMMARY OF REPLY

Ms. Strobel's Motion clearly articulated how Plaintiff Don Holland ("Plaintiff") failed to plead any facts that could possibly serve as the basis for this Court exercising personal jurisdiction over her. In support of her Motion, Ms. Strobel attached an Affidavit containing facts and evidence demonstrating she is not subject to this Court's jurisdiction -- which Plaintiff complains "is the only evidence supporting it [sic] position." (Doc. No. 32 at 2).

Plaintiff's gripe is particularly ironic because his Complaint asserts no jurisdictional facts, whatsoever, concerning Ms. Strobel. Accordingly, Ms. Strobel's Affidavit represents the entirety of the jurisdictional evidence. And that evidence demonstrates the Motion should be granted, and Ms. Strobel dismissed from this action.

Obviously, it is Plaintiff's obligation to "establish sufficient minimum contacts within the forum state for each individual defendant." *See Fernandez-Lopez v. Hernandez*, W.D. Tex. No. DR:19-CV-46-AM-CW, 2020 U.S. Dist. LEXIS 253510, *21 (Oct. 1, 2020). Unsurprisingly, his Response offers none.

Like the Complaint, Plaintiff's Response simply continues to lump Ms. Strobel in with the collective "Defendants." In fact, Plaintiff's Response to Ms. Strobel's Motion is a virtual carbon copy of his Response to Defendants Logan Paul, Jeffrey Levin, and Ophir Bentov's Consolidated Motion, even mistakenly citing those Defendants' Declarations. (*See* Doc. No. 32 at 2) (In his Response to Ms. Strobel's Motion, Plaintiff states: "*All three state* 'I have never hired any employees, servants, or agents in the State of Texas.'") (emphasis added).

Plaintiff's "alter ego" theory of jurisdiction also fails. Plaintiff has not properly pled such a cause of action, and he cites no legal authority to support his contention that jurisdiction may be based on such bare-bones allegations. The same is true for Plaintiff's "stream of commerce" theory. That doctrine is inapplicable, and Plaintiff's Complaint says nothing about Ms. Strobel placing anything into the stream of commerce or instructing another to do so.

Finally, recognizing the weakness of his case, Plaintiff requests the opportunity to conduct jurisdictional discovery. That request should be denied. Plaintiff has not identified what facts he intends to discover from Ms. Strobel or how those facts could possibly establish that this Court may assert jurisdiction over her. Consequently, Plaintiff's request for jurisdictional discovery is nothing more than a request to conduct an impermissible fishing expedition.

Plaintiff's Response changes nothing, and the Motion should be granted.

## II.     ARGUMENT

### A.     Plaintiff Has Not Provided Any Factual Allegations That Support This Court Exercising Personal Jurisdiction Over Ms. Strobel.

Plaintiff's Response ignores the major defect Ms. Strobel identified in her Motion: there are no factual allegations in the Complaint suggesting that personal jurisdiction over Ms. Strobel is constitutionally permissible. In the Fifth Circuit, "specific jurisdiction is a claim-specific inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Thus, to meet his burden, Plaintiff must point to "specific conduct or statements" indicating that Ms. Strobel purposefully availed herself of the benefits and protections of Texas courts. *Gen. Retail Servs. v. Wireless Toyz Franschise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007).

In this case, Plaintiff has not come anywhere close to meeting his burden. Rather than attribute any "specific conduct or statements" to Ms. Strobel, Plaintiff's Response continues to group Ms. Strobel, the other individual Defendants, and CryptoZoo, Inc. together. (*See, e.g.*, Doc. No. 32 at 4) ("Plaintiff essentially alleged Defendant and the other named Defendants failed to provide software/blockchain development that would function as represented by CryptoZoo."); ("Plaintiff has discovered CryptoZoo hired Texas-based employees or contractors for software/blockchain development—which directly relates to his claims—and at least one founder of CryptoZoo visited Texas on CryptoZoo business."); (*see id*. at 5) ("*Defendant or agents or someone acting on her or CryptoZoo's behalf*, sold CryptoZoo products to consumers in Texas with the intent of selling to consumers in Texas . . .") (emphasis added). Plaintiff has not and cannot identify a single statement made -- or a single act committed – by Ms. Strobel that shows her purposeful availment of Texas law.

Nevertheless, Plaintiff is critical of Ms. Strobel's Affidavit, stating it "is the only evidence supporting it [sic] position." (Doc. No. 32 at 2). Yet, Plaintiff has provided nothing to rebut that testimony. And it is Plaintiff's burden, as "the party seeking to invoke the power of the court[,]" to prove that jurisdiction exists." *See Luv n' Care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 469 (5th

Case 1:23-cv-00110-ADA   Document 35   Filed 06/09/23   Page 4 of 10

Cir. 2006). Ms. Strobel's Affidavit simply confirms what is apparent from Plaintiff's Complaint—there is nothing to support this Court exercising personal jurisdiction over her.

      **B.    Plaintiff's Purported "Alter Ego" Claim Is Insufficient To Establish Jurisdiction Over Ms. Strobel.**

In his Response, Plaintiff makes a passing reference to the Complaint's allegations of "alter ego, principal-agent liability" and veil-piercing. (Doc. No. 32 at 3). In doing so, Plaintiff criticizes Ms. Strobel for not addressing these points in her Motion. (*See id*.). But that is because there was nothing to address.

For starters, Plaintiff's Complaint does not even allege that personal jurisdiction (or even liability) is appropriate under an "alter ego" or "veil piercing" theory. The Complaint states:

> **V.    MISNOMER / ALTER EGO**
>
> 35.    In the event any parties are misnamed or are not included here, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named here. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

(Doc. No. 1 at ¶ 35). Clearly, Plaintiff's "Misnomer/Alter Ego" cause of action has nothing whatsoever to do with imputing CryptoZoo's contacts to Ms. Strobel.

Indeed, Plaintiff does not allege that Ms. Strobel and CryptoZoo were alter egos of each other. Nor does the Complaint reference a single factor relevant to that analysis. *See Canyon Furniture Co. v. Sanchez*, W.D. Tex. No. SA-18-cv-00753-OLG, 2018 U.S. Dist. LEXIS 224455, *22 (Nov. 8, 2018) (citing *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691 (5th Cir. 1985)). Plaintiff simply "has not provided any facts or arguments as to why this Court should consider ignoring corporate formalities." *See SVV Tech. Innovations, Inc. v. Micro-Star Int'l Co., Ltd.*, W.D.

4

Tex. Nos. 6:22-CV-511-ADA; 6:22-CV-512-ADA; 6:22-CV-513-ADA, 2023 U.S. Dist. LEXIS 58874, *7 (Apr. 4, 2023) (Albright).

Plaintiff's "principal-agent" theory of personal jurisdiction fails for similar reasons. Again, the agency allegations in the Complaint have nothing to do with imputing another party's contacts with Texas to Ms. Strobel and, rather, are a grab-bag of generalized statements as to "Defendants":

> **VI.     PRINCIPAL-AGENT LIABILITY**
>
> 36.     All allegations here of acts or omissions by Defendants include, but are not limited to, acts and omissions of such Defendants' officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners. Plaintiff alleges that such acts and omissions were committed or made with express and/or implied authority of the Defendants, or were ratified or otherwise approved by the same Defendants; or otherwise that such acts or omissions were made in the routine, normal course of the actor's employment or agency, and within the scope of the agency or employment, as the case may be.

(Doc. No. 1 at ¶ 36).

Moreover, "[f]or an agency relationship to allow for imputation of contacts, 'the evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) (emphasis omitted). Plaintiff has never claimed Ms. Strobel had any such control over CryptoZoo. In fact, he admittedly does not know who did what or on whose behalf. (Doc. No. 32 at 5) ("*Defendant or agents or someone acting on her or CryptoZoo's behalf*, sold CryptoZoo products to consumers in Texas with the intent of selling to consumers in Texas . . .") (emphasis added). Regardless, Plaintiff has offered no facts

5

to suggest that CryptoZoo acted as Ms. Strobel's agent "at the time of the relevant conduct." *See Trs. of Purdue Univ. v. Stmicroelectronics Int'l N.V.*, W.D. Tex. No. 6:21-cv-727-ADA, 2022 U.S. Dist. LEXIS 76303, *15 (Apr. 27, 2022) (Albright).

Finally, Plaintiff's speculative allegation that "Defendant *could have* used other CryptoZoo founders, agents, or affiliates to hire Texas residents on her behalf—which is uncontroverted—providing specific jurisdiction over Defendant" is improper and inaccurate. (Doc. No. 32 at 4) (emphasis added). The allegation is improper because it is not contained anywhere in Plaintiff's Complaint, and should not be considered by the Court. Regardless, the allegation is inaccurate because Ms. Strobel has denied hiring anyone -- and there is no evidence to the contrary. (Doc. No. 22-1 at 2) ("I have never engaged in any business directed at Texas residents . . . I have never opened or maintained an office or other business of any kind in Texas. I have never hired employees, servants, or agents in Texas . . ."). Consequently, Plaintiff's reliance on mere conjecture in his Response is unavailing and insufficient to confer jurisdiction.

### C. The "Stream Of Commerce" Doctrine Does Not Apply.

Next, Plaintiff accuses Ms. Strobel of relying on "stale" case law, and he criticizes her for not citing the Fifth Circuit's decision in *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174 (5th Cir. 2013) and the "stream of commerce" doctrine. (Doc. No. 32 at 2). In reality, *Ainsworth* provides zero support for Plaintiff's attempt to sue Ms. Strobel in Texas.

*Ainsworth* was a product liability case where the Court found jurisdiction over a foreign forklift manufacturer. James Ainsworth "had been run over and killed by an allegedly defective forklift while he was working at Wayne Farms in Ovett, Mississippi." *Ainsworth*, 716 F.3d at 176. On the personal jurisdiction question, the Court found that the manufacturer "could have 'reasonably anticipated' being haled into court in Mississippi" because it "designed and

manufacture[d] a forklift for poultry-related uses" and "Mississippi is the fourth largest poultry-producing state in the United States." *See id.* at 179.

Significantly, however, the stream of commerce doctrine articulated in *Ainsworth* does not confer jurisdiction for "'any claims,'" but only over "harms that stem from . . . [a defendant's] delivery of products into the stream of commerce." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 216–17 (5th Cir. 2000). In other words, the doctrine addresses claims arising "as a result of any contact with a product" placed into the stream of commerce. *Id.* at 216.

In the present case, Plaintiff does not contend that his contact with CryptoZoo's digital assets in Texas caused him harm. Rather, his purported damages arose out of the fraud and breaches of contract alleged in the Complaint. Under these facts, the stream of commerce doctrine is simply inapplicable. *See id*. ("Appellants' claims arise out of losses they experienced as a result of ACAB's and Robbins' alleged actions vis-a-vis the 1992 Agreement, not as a result of any contact with a product").

Moreover, Plaintiff has not alleged any specific tie between CryptoZoo's digital assets and Texas. To the contrary, he claims "CryptoZoo delivered its products into the stream of commerce with the expectation that they would be purchased by or used by consumers *across the world*, including Texas." (Doc. No. 32 at 3) (emphasis added). Texas federal courts have declined to apply the stream of commerce doctrine to similar allegations. *See, e.g., Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 291-91 (5th Cir. 2020) (unpublished); *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 509 (N.D. Tex. 2014); *Harris v. Makita USA, Inc.*, S.D. Tex. No. H-15-3353, 2017 U.S. Dist. LEXIS 235682, **10-15 (Dec. 26, 2017).

Finally, even assuming the stream of commerce doctrine were applicable, it does not confer jurisdiction over an individual defendant like Ms. Strobel. To be clear, Plaintiff does not allege

that Ms. Strobel (who was not even an officer of CryptoZoo) placed anything into the stream of commerce. And even if Ms. Strobel had been aware that CryptoZoo had done so with its digital assets, that is still insufficient to confer jurisdiction over her. *See Brown v. General Steel Domestic Sales, LLC*, C.D. Cal. No. CV 08-00779 MMM (SHx), 2008 U.S. Dist. LEXIS 97832, *42 (May 19, 2018) ("[M]erely knowing that advertisements are being directed into the stream of commerce is not sufficient to establish personal jurisdiction over a corporate officer.").

In the end, Plaintiff cannot impute CryptoZoo's actions to Ms. Strobel by way of an "alter ego," "veil-piercing," or "principal-agent" theory of personal jurisdiction. (*See* Section II.B, *infra*). Therefore, whether "CryptoZoo delivered its products into the stream of commerce" is irrelevant. (Doc. No. 32 at 3).

>   **D.     Plaintiff's Requests For Jurisdictional Discovery And Leave To Amend His Complaint Should Be Denied. No Amount Of Discovery Will Provide The Facts Needed To "Withstand" Ms. Strobel's Motion To Dismiss.**

As a last-ditch effort, Plaintiff requests that he be permitted to conduct "jurisdictional discovery" and amend his Complaint. At the outset, "the appropriate way to request jurisdictional discovery would be through motion, not through a responsive brief to a motion filed by another party." *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, W.D. Tex. No. 1:17-cv-444-RP, 2018 U.S. Dist. LEXIS 1902, *25 n.4 (Jan. 4, 2018). Plaintiff likewise cannot request leave to file an amended complaint in his Response to Ms. Strobel's Motion to Dismiss. *See* Fed. R. Civ. P. 7(b)(1); Local Rule 3(g). Plaintiffs' requests should be denied on this basis alone.

In any event, to merit jurisdictional discovery, a plaintiff "must show that it is 'likely to produce the facts needed to withstand' dismissal." *Johnson v. TheHuffingtonpost.com*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). Stated another way, a plaintiff is required to explain "what form their proposed jurisdictional discovery would take" and "what facts they expect to find in order to help them establish personal

jurisdiction." *Embarcadero Techs.*, 2018 U.S. Dist. LEXIS 1902 at *25. A "preliminary showing of jurisdiction" must be made, and courts "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments." *Telecom v. MET One LLC,* W.D. Tex. No. A-20-CV-279-LY, 2020 U.S. Dist. LEXIS 240471, *19 (Dec. 22, 2020); *Johnson*, 21 F. 4th at 326.

Here, Plaintiff seeks nothing less than "a jurisdictional fishing expedition" (or perhaps even a "Hail Mary"). Plaintiff makes no effort to describe with even the slightest particularity what discovery he may demand from Ms. Strobel. (*See* Doc. No. 32 at 5) ("Plaintiff requests the Court grant him jurisdictional discovery to determine the extent of Defendant's contacts with Texas and replead."). Nor does Plaintiff identify a single fact he expects to discover, let alone one that could possibly confer personal jurisdiction over Ms. Strobel.

Plaintiff justifies his request by arguing that "Defendant does not deny one of their [sic] or CryptoZoo's agents, contractors, or employees *could have* reached out to people, or been employed in, Texas." (*Id.*) (emphasis added). But rank speculation is insufficient to support a request for discovery. If it were, no defendant could ever oppose any demand for jurisdictional discovery—or, indeed, discovery of any kind. Ultimately, it is Plaintiff's burden to offer "'specific facts' he expects discovery to find," and how those facts would help to establish jurisdiction. *Johnson*, 21 F.4th at 326. Here, Plaintiff did nothing of the sort. He offers nothing upon which the Court could base its decision to grant jurisdictional discovery and, accordingly, his request should be denied.

## III.   CONCLUSION

For the foregoing reasons, Ms. Strobel respectfully requests that the Court grant her Motion in its entirely and dismiss all of Plaintiff's claims against her.

Respectfully submitted,

*/s/ William B. Mateja*
William B. Mateja (TX 13185350)
Jonathan E. Clark (TX 24069515)
Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7400
Email: BMateja@sheppardmullin.com
           JClark@sheppardmullin.com

and

Mark G. Arnzen, Jr. **Pro Hac Vice*
Lindsay K. Gerdes **Pro Hac Vice*
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: 513-977-8440
Email: mark.arnzen@dinsmore.com
           lindsay.gerdes@dinsmore.com

***Counsel for Defendant Danielle Strobel***

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 9th day of June 2023.

*/s/ William B. Mateja*
William B. Mateja (13185350)