IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO.: 1:23-cv-110 |
| CRYPTOZOO, INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, § § § § § § § § § | |
| Defendants. § | |

### DEFENDANTS PAUL, LEVIN, AND BENTOV'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This motion was made on behalf of three *individual defendants*. Defendants Paul, Levin, and Bentov ("Individuals") presented uncontroverted evidence to demonstrate that they do not have sufficient contacts with Texas to justify haling them into court in this District. Having conceded that this Court lacks general jurisdiction over the Individuals, Holland's task in opposing the motion was to present evidence to demonstrate that the *Individuals'* actions—each Individual's actions—related to the claims at issue in the case were related to Texas. Instead, Holland consistently conflates the alleged actions of corporate defendant CryptoZoo, Inc. with the Individuals. Even if these allegations and arguments regarding CryptoZoo, Inc. were true, they would not support exercising personal jurisdiction over the Individuals. Personal jurisdiction is *personal*. And there is no basis in the record for the Court to exercise personal jurisdiction over the Individuals.

Similarly, there is no basis for the Court to permit Holland to pursue a jurisdictional fishing expedition or to amend his complaint to buttress his woefully deficient jurisdictional

allegations. Holland fails to identify the discovery he wants to pursue or what he hopes to find from that discovery that would justify subjecting the Individuals to jurisdiction in Texas. And his attempts to backfill the allegations in his complaint still do not connect the Individuals to Texas.

I. **HOLLAND STILL HAS NOT SHOWN ANY CONNECTION BETWEEN THE INDIVIDUALS AND THE STATE OF TEXAS**

As explained in the Individuals' motion, the complaint's sole jurisdictional allegation as to the Individuals is that all "Defendants have substantial contacts with this District." (Mot. pp. 4–15; Compl. ¶ 19.) The Individuals submitted declarations (now uncontroverted) that confirm they have no relevant connections with Texas that would establish general or specific personal jurisdiction. (*See* Mot., Ex. 1 ¶¶ 2–12, Ex. 2 ¶¶ 2–11, Ex. 3 ¶¶ 2–12.) Holland does not even attempt to counter those declarations with *facts* in the form of admissible evidence. Instead, his opposition speculates about what "Defendants" (collectively and virtually without distinction) "could have" done to connect them to Texas. In this regard, Holland muses that "Defendants *could have* used other CryptoZoo founders, agents, or affiliates to hire Texas residents on their behalf" and argues that "Defendants do not deny" that one of their or CryptoZoo Inc.'s agents "*could have* reached out to people, or been employed, in Texas." (Opp. ¶¶ 7, 11 [emphasis added].) In the face of the Individuals' uncontroverted declarations, the Court need not credit Holland's rank speculation, which does not support exercising personal jurisdiction over the Individuals. *See, e.g.*, *Moreland v. SunPath, Ltd.*, No. 6:21-cv-00110-JDK, 2021 WL 6773100, at *2–3 n.1 (E.D. Tex. Sept. 10, 2021) (determining jurisdictional discovery was unwarranted and dismissing for lack of personal jurisdiction because plaintiff relied solely on his "bare allegations, which the [c]ourt need not credit in light of [the defendant's] uncontroverted affidavit." (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *Cunningham v. Upwell Health, LLC*, No. 419CV00894ALMCAN, 2020 WL 4723175, at *6 (E.D. Tex. July 21, 2020) (dismissing for lack

of personal jurisdiction because plaintiff "fail[ed] to offer any other evidence that establishes any genuine, material conflicts with [defendant's] declarations. Thus, Plaintiff's contradicted facts, if any, alleged in his complaint are not taken as true." (cleaned up))).

> A. **CryptoZoo, Inc.'s Alleged Conduct Cannot Be Imputed to the Individuals and Would Not Establish Jurisdiction Over Them If It Was**

With no basis to link the Individuals to Texas, Holland attempts to get to them through the alleged actions of CryptoZoo, Inc. Holland claims that the Individuals were involved in some fashion with CryptoZoo, Inc., so the corporation's contacts with Texas (assuming there were some) should be imputed to them. This argument fails for at least three reasons.

First, the allegations relating to the Individuals' involvement in CryptoZoo, Inc. do not establish personal jurisdiction over them in Texas. Holland alleges that Paul is a "founder and majority owner of CryptoZoo Inc.," and that Levin is a "founder" of CryptoZoo, Inc. (Compl. ¶¶ 3, 5.) Holland also alleges that Bentov is a "manager of the *CryptoZoo community*," (*id.* ¶ 8 [italics added]), but it is not clear if he is alleging that Bentov had some formal relationship with *CryptoZoo, Inc.* Regardless, Holland's allegations that the Individuals had some relationship with CryptoZoo, Inc. would not establish personal jurisdiction over the Individuals. The focus of the personal jurisdictional analysis is on the actions of the Individuals. Personal jurisdiction is personal. And affiliation with a corporate entity (even one that is subject to jurisdiction in a forum state) does not establish jurisdiction over the corporation's founders, shareholders, officers, agents, or employees. *See, e.g.*, *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985); *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982); *Auto Wax Co. v. Marchese*, No. CIV.A. 301CV2571M, 2002 WL 1558376, at *3 (N.D. Tex. July 15, 2002).

But there is another fundamental obstacle to Holland's attempt to establish personal jurisdiction over the Individuals through the alleged actions of CryptoZoo, Inc.: ***Holland has not alleged facts sufficient for this Court to exercise specific jurisdiction over CryptoZoo, Inc***. As

with the Individuals, Holland does not allege that CryptoZoo, Inc. purposely directed any of its activities toward Texas or that his claims arise out of CryptoZoo, Inc.'s activities in Texas. Holland's speculation that someone associated with CryptoZoo, Inc. may have hired two software developers in Texas on a short-term basis does not change this. (*See* Opp. pp. 5–6.) Therefore, even if the corporate form were disregarded—which is unsupported by the complaint or any evidence—CryptoZoo, Inc. has no relevant contacts to impute to the Individuals, so no basis exists to exercise jurisdiction over them. *See In Williams v. Wilson*, 939 F. Supp. 543, 549 (W.D. Tex. 1995), *aff'd* 95 F.3d 1149 (5th Cir. 1996) (finding no alter ego and explaining that "the Court has already determined that it has no personal jurisdiction over Penthouse[,] [t]hus, even if Pet is nothing more than a shell or Penthouse's agent, this will not cure the lack of personal jurisdiction over Penthouse.").

The absence of any evidence or allegations to link either the Individuals' or CryptoZoo Inc.'s actions to Texas eviscerates Holland's argument that the "actions taken on behalf of CryptoZoo[, Inc.] may therefore be imputed on each individual Defendant." (Opp. ¶ 6.) To the extent Holland is trying to make an alter ego argument, his complaint fails to support alter ego liability. Holland's alter ego allegations are limited to the following conclusory paragraph:

> In the event any parties are misnamed or are not included here, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named here. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

(Complaint ¶ 35.) This boilerplate allegation does not come close to meeting the pleading standard for alter ego liability or piercing the corporate veil. *See, e.g.*, *Stuart*, 772 F.2d at 1198.[1]

---

[1] Texas law applies the alter ego rules of the state of incorporation (here, Delaware). *Alberto v. Diversified Grp., Inc.*, 55 F.3d 201, 203 (5th Cir. 1995); *see Century Hotels v. United States*, 952 F.2d 107, 110 n.4 (5th Cir. 1992) ("State and federal alter ego tests are essentially the same . . . and [courts] apply state and federal cases interchangeably."); *Sell v. Universal Surveillance Sys., LLC*, 2017 WL 3712188 (W.D. Tex. July 6, 2017) (acknowledging that "[t]he differing factors

### B. Holland Cannot Establish Personal Jurisdiction Over the Individuals Under A "Stream of Commerce" Theory

Holland also argues that the Individuals are subject to jurisdiction because "Defendants through CryptoZoo[, Inc.] delivered its products into the stream of commerce with the expectation that they would be purchased by or used by consumers across the world, including Texas." (Opp. p. 3.) But Holland again ignores the distinction between the corporation and the Individuals, and his principle authority, *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174 (5th Cir. 2013), does not support jurisdiction here.

*Ainsworth* is an inapposite products liability case in which the court exercised jurisdiction over a foreign manufacturer—not its individual officers or employees—under the stream-of-commerce doctrine. In that case, Ainsworth brought a products liability and wrongful death action against a foreign manufacturer and U.S.-based distributer of an allegedly defective forklift after her husband was run over and killed in Mississippi. *Id.* at 176. The manufacturer moved to dismiss for lack of personal jurisdiction, but the district court denied the motion. *Id.* The Supreme Court then decided *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011), and the manufacturer sought reconsideration. *Id.* The district court denied reconsideration and the Fifth Circuit affirmed on interlocutory review. *Id.*

In affirming, the Fifth Circuit held that the manufacturer could have reasonably expected to be haled into court in Mississippi because it sold thousands of forklifts worth hundreds of millions of dollars to its U.S. distributor, on an exclusive basis, over the course of about a decade. *Id.* at 177–79. Importantly, however, the court found that the manufacturer designed and manufactured the forklift specifically for poultry-related uses and that "Mississippi is the fourth largest poultry-producing state in the United States." *Id.* at 179. Thus, the court held that "even

---

set forth by Texas courts, Federal courts, and Delaware courts are all similar and all strive to answer fundamentally the same key question: was the individual abusing the corporate form.").

though [the manufacturer] did not have specific knowledge of sales by [the distributor] in Mississippi, it reasonably could have expected that such sales would be made" given the size of Mississippi's poultry industry. *Id*. Therefore, the Court concluded that exercising jurisdiction did not run afoul of *J. McIntyre*, which warned against exercising personal jurisdiction over a non-resident whenever it "knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states." *Id*. at 178–79 (citing *J. McIntyre*, 564 U.S. at 890 (Breyer, J., concurring)).[2]

Importantly, the Fifth Circuit and Texas district courts have repeatedly limited *Ainsworth*'s holding to its facts, reiterating that it was foreseeable for the *Ainsworth* manufacturer to be sued in a poultry-producing state for its poultry-specific product. In *Zoch v. Magna Seating (Germany) GmbH*, for example, the court affirmed dismissal of a foreign manufacturer of vehicle component parts for lack of personal jurisdiction. 810 F. App'x 285, 291 (5th Cir. 2020) (unpublished). The court distinguished *Ainsworth*, holding that unlike the forklift manufacturer in *Ainsworth*, the manufacturer in *Zoch* knew that its automobile parts would be placed in vehicles "ultimately destined for the *United States* generally, [but] not *Texas* specifically." *Id*. at 292. The court explained that while in *Ainsworth* "the forum state was unique in its poultry production"—an industry "not immensely prevalent among citizens of each of the fifty states"—the same could not be said of the automobile industry. *Id*.; *see also Allstate Ins.*

---

[2] As explained in *Ainsworth*, *J. McIntyre* was a plurality opinion. 716 F.3d at 178–79. As such, Justice Beyer's concurring opinion, the narrowest basis for the holding, controls. *See id*. at 178. Importantly, Justice Breyer criticized the personal jurisdiction test at issue in *J. McIntyre* as susceptible to too broad a reading because it would "rest jurisdiction . . . upon no more than the occurrence of a product-based accident in the forum State" and "permit every State to assert jurisdiction in a products-liability suit against any domestic manufacturer who sells its products (made anywhere in the United States) to a national distributor, no matter how large or small the manufacturer, no matter how distant the forum, and no matter how few the number of items that end up in the particular forum at issue." *Id*. at 179 (citing *J. McIntyre*, 564 U.S. at 890 (Breyer, J., concurring)). *Ainsworth* concluded that Mississippi's exercise of jurisdiction did not contradict Justice Breyer's analysis due to the manufacturer's poultry-specific product and sales in the poultry-specific state. *See id*. at 179.

*Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 509 (N.D. Tex. 2014) (limiting *Ainsworth* to its facts and holding there was "insufficient evidence for the Court to conclude that [the foreign manufacturer] 'delivered [its toilet supply lines] into the stream of commerce with the expectation that it would be purchased by or used by consumers in [Texas].'"); *Harris v. Makita USA, Inc.*, No. H-15-3353, 2017 WL 11639453, at *5 (S.D. Tex. Dec. 26, 2017) (dismissing foreign manufacturer of power tools and distinguishing *Ainsworth* because the manufacturer had no reason to anticipate being haled into court in Texas where its power tools could be used anywhere and were not designed for a "Texas-specific industry").[3] Notably, Holland cites no authority applying the *Ainsworth* stream of commerce theory to an *individual*, as opposed to a corporate defendant.

*Ainsworth* does not create jurisdiction here because Holland does not allege that the Individuals had any reason to believe that CryptoZoo, Inc.'s digital assets would end up in Texas or that Texas is a significant market for those digital assets. To the contrary, Holland alleges that "CryptoZoo[, Inc.] delivered its products into the stream of commerce with the expectation that they would be purchased by or used by consumers ***across the world***, including Texas." (Opp. p. 3 [emphasis added].) Holland's speculation that Paul "conveyed his concern about losing access to the Texas market" (Opp. pp. 3, 6)—same as any other market—does not change this.

In addition, Holland's flawed stream of commerce analysis only addresses the first of three prongs necessary to establish specific jurisdiction over the Individuals. As set forth in the Individuals' moving papers (and in *Ainsworth*), specific jurisdiction is proper only when there

---

[3] Nor is it enough for a plaintiff to point to the fact that "Texas is a big state" so a significant number of sales of almost anything could take place there. *See Harris*, 2017 WL 11639453, at *5; *Zoch*, 810 F. App'x at 293 (noting that the "argument, at its core, relies on the fact that Texas−by virtue of it being a populous state−commands a large portion of the automobile market. Permitting jurisdiction in this instance, without more than the facts in this record, would essentially confer jurisdiction to any state with a large population where a manufacturer sells its products to a national distributor.").

are "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus [exists] between the defendant's contacts and the plaintiff's claims, and (3) [] the exercise of jurisdiction over the defendant [is] fair and reasonable." *Ainsworth*, 716 F.3d at 177. *Ainsworth* (and Holland) only addresses the first inquiry. *Id.* at 177 ("[T]he only issue presented on interlocutory appeal is whether [the defendant] had 'minimum contacts . . . purposefully directed at the forum state.'"). Thus, even if CryptoZoo, Inc. making digital assets available virtually on the blockchain constitutes minimum contacts with Texas,[4] that does not establish that Holland's claims arise out of the Individuals' forum-related activities or that exercising jurisdiction over the Individuals is reasonable. (*See* Mot. pp. 7–15; Exs. 1–3.) And Holland has waived any such arguments by failing to raise them in his response brief. *See, e.g.*, *Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at *2 (W.D. Tex. Apr. 30, 2019). Therefore, the Individuals are not subject to specific jurisdiction in Texas under *Ainsworth* or otherwise.

## II.   HOLLAND IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY AND AMENDING HIS COMPLAINT WOULD BE FUTILE

In a last-ditch effort to force the Individuals to litigate in this Court, Holland requests leave to conduct jurisdictional discovery and to amend his complaint. (Opp. pp. 5–6.) But Holland has failed to make a preliminary showing of jurisdiction that would entitle him to conduct a jurisdictional fishing expedition, and his proposed amendments confirm that the complaint's jurisdictional deficiencies cannot be cured so amending would be futile.

To obtain jurisdictional discovery, Holland must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). This does not require proof that jurisdiction exists, but it requires "factual allegations that suggest with

---

[4] Holland offers no authority for the proposition that a stream of commerce analysis even applies to the digital assets at issue here, and the Fifth Circuit has been hesitant to extend the stream of commerce theory outside of cases involving physical goods. *See, e.g.*, *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 373 (5th Cir. 2010) (declining to apply a stream of commerce theory to insurance payments allegedly due in relevant state).

reasonable particularity the possible existence of the requisite contacts." *Id.* (citation omitted). Holland must also state what facts he expects to uncover and how those facts would support personal jurisdiction. *See Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000).

Importantly, a plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand" a motion to dismiss (*i.e.*, discovery would be futile). *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citation omitted). In this regard, jurisdictional discovery is not appropriate when "the discovery sought could not have added any significant facts." *Kelly*, 213 F.3d at 855; *see RapidDeploy, Inc. v. RapidSOS, Inc.*, No. 1:22-CV-00612-LY, 2022 WL 3045649, at *6–7 (W.D. Tex. Aug. 1, 2022) (denying jurisdictional discovery because plaintiff did not "specify what . . . facts it expects to uncover or how the information will support the exercise of personal jurisdiction."). In addition, the district court has broad discretion to deny jurisdictional discovery, "and '(s)uch discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (quoting *Associated Metals & Mins. Corp. v. S. S. Geert Howaldt*, 348 F.2d 457, 459 (5th Cir. 1965)).

The Court should deny Holland's request for jurisdictional discovery because he does not make a preliminary showing of personal jurisdiction over any of the Individuals. As discussed, Holland's complaint fails to tie any of the Individuals or claims to Texas, and he has offered no evidence to rebut the Individuals' affidavits confirming that they do not have minimum contacts with Texas. (Mot. pp. 4–6.)

Leave to amend to buttress Holland's conclusory jurisdictional allegations is also improper because Holland's proposed amendments would not establish jurisdiction over the Individuals. (*See* Opp. pp. 5–6.) Holland does not explain why he did not provide the Court with evidence to support his proposed new jurisdictional allegations. Even so, the arguments Holland

presents regarding additional jurisdictional facts would not establish personal jurisdiction over the Individuals regardless of whether he had presented them in sworn declarations or other evidence, or in unverified allegations in a new complaint.

Holland first proposes adding allegations about supposed software developers, Nick and Andrew Goodman, who *may* live in Texas and *may* have done work on the CryptoZoo game for some short period of time.[5] (Opp. pp. 5–6.) Holland claims that Paul "publicly responded to fraud allegations by promising to 'reveal the bad actors' involved with that he [*sic*] had hired, which [Holland speculates] **could be** Texas residents Nick and Andrew Goodman." (Opp. p. 6 [emphasis added].) But the unauthenticated images included in Holland's opposition do not state who hired the Goodmans or when, nor does Holland provide any grounds to believe they are the "bad actors" Paul supposedly referred to. But even if the Goodmans were hired to work on the CryptoZoo game, and even if that conduct could be imputed to the Individuals (all of which lacks any foundation), the personal jurisdiction analysis would remain unchanged because "merely contracting with a resident of the forum state is insufficient [] to subject the nonresident to the forum's jurisdiction." (*See* Mot. p. 11 [citing *Colwell Realty Invs., Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–79 (1985)].)

Holland also speculates that Paul told the "other founders of CryptoZoo" that he was "worried about access to cryptocurrency marketplaces being banned in Texas and losing out on the market." (Opp. pp. 3, 5.) Holland does not identify when Paul supposedly made this statement, to whom he made it, or how Holland knows it was made. Foundational inquiries aside, such a statement would not create jurisdiction here. At most, it would show that CryptoZoo, Inc.'s digital assets *might* be sold to Texas residents, the same as they might be sold

---

[5] The unauthenticated images suggest the Goodmans worked on two projects related to the CryptoZoo game, one for less than three months, and the other for under 12 hours. (Opp. p. 6.)

to the residents of any other state. Thus, even under *Ainsworth*, it would not be sufficiently foreseeable that Paul (or Levin or Bentov) could be haled into court in Texas. *See Ainsworth*, 716 F.3d at 178–79 (citing *J. McIntyre*, 564 U.S. at 790).

Finally, Holland proposes adding an allegation that Defendant Eddie Ibanez, "one of the founders of CryptoZoo," worked in Texas on behalf of CryptoZoo in about August 2021. (Opp. p. 6.) This allegation is more speculation and is not tied to Paul, Levin, or Bentov in any way.

### III.   CONCLUSION

Paul, Levin, and Bentov respectfully request that the Court grant their motion to dismiss all claims against them for lack of personal jurisdiction and deny Holland's requests for jurisdictional discovery and for leave to amend his complaint.

/s/ Shelby O'Brien
SHELBY O'BRIEN
ENOCH KEVER PLLC
7600 N. Capital of Texas Highway
Building B, Suite 200
Austin, Texas 78731
Telephone: (512) 615-1223
Facsimile: (512) 615-1198
sobrien@enochkever.com

/s/ Sarah E. Moses
CHRISTOPHER CHATHAM
BRAD SEILING
SARAH E. MOSES
BENJAMIN E. STRAUSS
(*Pro Hac Vice*)
MANATT, PHELPS, & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
cchatham@manatt.com
bseiling@manatt.com
smoses@manatt.com
bstrauss@manatt.com

Attorneys for Defendants Logan Paul, Jeffrey Levin, and Ophir Bentov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of electronic filing to the following CM/ECF registrants:

| | |
|---|---|
| Jarrett Lee Ellzey<br>Leigh S. Montgomery<br>Ellzey & Associates, PLLC<br>1105 Milford St.<br>Houston, TX 77006<br>Tel: (888) 350-3931<br>Fax: (888) 995-3335<br>Email: jarrett@ellzeylaw.com<br>Email: leigh@ellzeylaw.com<br><br>Thomas Kherkher<br>Law Firm, PLLC<br>5909 West Loop South, Suite 525<br>Houston, TX 77401<br>Tel: (713) 244-6363<br>Email: tom@attorneytom.com | Attorneys for Plaintiff Don Holland |
| Lindsay K. Gerdes<br>Mark G. Arnzen<br>Dinsmore & Shohl LLP<br>255 E. Fifth Street, Suite 1900<br>Cincinnati, OH 45202<br>Tel: (513) 977-8200<br>Fax: (513) 977-1841<br>Email: lindsay.gerdes@dinsmore.com<br>Email: mark.arnzen@dinsmore.com<br><br>William B. Mateja<br>Jonathan Clark<br>Sheppard Mullin Richter & Hampton LLP<br>2200 Ross Avenue, 20th Fl.<br>Dallas, TX 75201<br>Tel: (469) 391-7415<br>Fax: (469) 391-7559<br>Email: bmateja@sheppardmullin.com<br>Email: jclark@sheppardmullin.com | Attorneys for Defendant Danielle Strobel |

                                                /s/ Sarah E. Moses
                                                Sarah E. Moses