**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 1:23-cv-00110 |
| vs. | § § | JURY TRIAL DEMANDED |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, | § § § § § § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Don Holland, individually and on behalf all others similarly situated, move this Honorable Court for leave to file the First Amended Class Action Complaint, pursuant to FED. R. CIV. P. 15. In support thereof, pursuant to the Rules of Civil Procedure, Plaintiff would show this Honorable Court as follows:

### LOCAL RULE CV-7 COMPLIANCE

1. Pursuant to Local Rule CV-7, Plaintiff's counsel attempted to confer in good faith with counsel for each Defendant that made an appearance. Counsel for Danielle Strobel has stated she is opposed. Counsel for Logan Paul did not agree. Counsel for Jeffrey Levin and Ophir Bentov a/k/a Ben Roth were made aware of Plaintiff's Motion but did not respond with a decision before the filing of this Motion, though there is no prejudice because Defendant Strobel is opposed.

### PROCEDURAL BACKGROUND

2. On February 2, 2023, Plaintiff filed his action against Defendants CryptoZoo, Inc.,

Logan Paul, Danielle Strobel, Jeffrey Levin, Eduardo Ibanez, Jake Greenbaum, and Ophir Bentov. *See* Dkt 1. Defendants Logan Paul, Danielle Strobel, Jeffrey Levin, and Ophir Bentov have made appearances and will be referred to collectively as the "Defendants" below.

3. On May 19, 2023, Defendants filed motions to dismiss Plaintiff's Complaint on jurisdictional bases. Dkts. 22, 23. Plaintiff responded on June 2, 2023 (*see* Dkts. 32, 33), to which Defendants replied on June 9, 2023. Dkts. 35, 36.

4. Before Defendants' motions to dismiss were heard by the Court, the parties conferred and agreed to mediate before filing a motion to stay the case while the mediation proceeded. *See* Dkt. 38.

5. On October 4, 2023 the Parties engaged in a mediation with Randy Wulff, Esq. Though the parties negotiated for months, they were unable to agree on a resolution. The Parties notified the Court of the resolution of the mediation. *See* Dkt 39.

6. On November 15, 2023, Defendant Paul withdrew his name from his motion to dismiss and stated he would file an answer to the Complaint within 45 days. *See* Dkt. 40.

7. On December 18, 2023, Plaintiff's counsel informed Paul's counsel they would be filing a motion for leave to file an amended complaint and requested dates for a conference. Paul's counsel responded to this request on December 22, saying the call should happen after the holidays, to which Plaintiff's counsel almost immediately requested January 4, 2024. On December 29, Paul's counsel agreed to confer on January 4.

8. On December 20, 2023, Defendant Paul filed an unopposed motion to extend his answer deadline until January 9, 2024, which the Court granted. Dkt. 54.

9. On January 3, 2024, Paul's counsel requested the conference be moved to the next week and Plaintiff's counsel responded they planned to file an amended complaint this week.

10. On January 4, 2024, without notifying Plaintiff's counsel, Defendant Paul filed his Answer, Affirmative Defenses, and Crossclaims. Dkt. 55.

## ARGUMENT

11. Plaintiff requests leave to amend the complaint as more than 21 days have passed since this case was filed. Plaintiff seeks leave to amend to add alternative claims and name all additional plaintiffs, excluding potential future Class members (as defined in Exhibit A at ¶ 10), in this action.

12. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2); *Price v. Pinnacle Brands,* Inc., 138 F.3d 602, 607-08 (5th Cir. 1998). The court should grant leave to file an amended pleading unless the opposing party can show prejudice, bad faith, or undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

13. Here, the Court should allow Plaintiff's proposed amended pleading—*Plaintiffs' First Amended Class Action Complaint*, which is attached hereto and incorporated herein as "Exhibit A"—because it is appropriate and necessary. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994). Further, as the stay in the case recently ended and Plaintiffs' counsel alerted Defendants of their plan to amend during the stay, Plaintiff is not prejudicing Defendants, there is no bad faith involved, and any delay is minimal and in response to Defendant Paul's requests to delay conferring.

14. If leave is granted, Plaintiffs will submit the co-lead declarations required under 15 U.S.C. 78u-4(a)(2).

## PRAYER FOR RELIEF

Plaintiff prays the Court grant Plaintiff's Opposed Motion for Leave to File Plaintiffs' First

Amended Class Action Complaint attached hereto as "Exhibit A". Plaintiff also asks for all other

and further relief to which he may be justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Jarrett L. Ellzey*

**ELLZEY & ASSOCIATES, PLLC**
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEY TOM & ASSOCIATES**
Tom Kherkher
Texas Bar No. 24113389
tom@attorneytom.com
5909 West Loop South Suite 525
Houston, Texas 77401
Phone: (855) 866-9467

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(d). I hereby certify that on January 5, 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_/s/Jarrett L. Ellzey_
Jarrett L. Ellzey