**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf : | | |
| of all others similarly situated, | : | CIVIL ACTION NO.: 1:23-cv-110 |
| | : | |
| **Plaintiff,** | : | |
| | : | **Judge Alan D. Albright** |
| v. | : | |
| | : | |
| CRYPTOZOO, INC., *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT DANIELLE STROBEL'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE**
**FIRST AMENDED CLASS ACTION COMPLAINT**

**I.    Introduction**

Almost one year ago, Plaintiff Don Holland filed his initial Complaint against Defendants CryptoZoo Inc., Logan Paul ("Mr. Paul"), Danielle Strobel ("Ms. Strobel"), Jeffrey Levin, Eddie Ibanez, Jake Greenbaum a/k/a Crypto King, and Ophir Bentov a/k/a Ben Roth. (Doc. No. 1). On May 19, 2023, Ms. Strobel filed her Motion to Dismiss based on lack of personal jurisdiction. (Doc. No. 22). Plaintiff opposed the Motion, and Ms. Strobel filed a Reply Memorandum. (Doc. Nos. 32, 35). The Motion to Dismiss is fully briefed and remains pending before this Court.

On January 5, 2024, after a failed mediation, Plaintiff filed his Opposed Motion for Leave to File First Amended Class Action Complaint. (Doc. No. 59). Before this filing, Plaintiff's counsel contacted the undersigned, informing the latter that Mr. Paul's counsel had stated their opposition to the request for leave. Apparently, that wasn't true. In any event, Plaintiff has since filed an Amended Motion for Leave. (Doc. No. 60).

Plaintiff's proposed First Amended Complaint, however, does nothing to cure the jurisdictional defects related to Ms. Strobel.  Plaintiff offers no new allegations tying Ms. Strobel to Texas in any way.  Nor does the Amended Complaint expand on Ms. Strobel's purported misconduct.  In fact, Plaintiff now concedes that Ms. Strobel did not make any misleading "public statements" about CryptoZoo.  (Doc. No. 60-1 at ¶ 515).

Plaintiff has had months to present this Court with specific facts and allegations of Ms. Strobel's contacts with Texas and her particular involvement in the purported wrongdoing he claims took place.  He has done neither.  For these reasons, and those set forth in detail below, permitting Plaintiff to file his First Amended Complaint against Ms. Strobel would be futile. Accordingly, Plaintiff's Motion for Leave should be denied.

## II.    Legal Standard

While Courts should "freely give leave [to amend] when justice so requires," leave may be denied when the proposed amendment would be futile.  *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 569 (W.D. Tex. 2012).  A request to file an amended complaint may be deemed futile if the plaintiff cannot establish that the Court has personal jurisdiction over the defendant. *See Bey v. Dinello*, E.D. Tex. No. 4:22-CV-00406-ALM-CAN, 2023 U.S. Dist. LEXIS 43572, *19 (Feb. 21, 2023) ("The jurisdictional defects related to personal jurisdiction and subject matter jurisdiction cannot be cured by amendment."); *Matrix Warranty Sols., Inc. v. Staunton Grp. LLC*, N.D. Tex. No. 3:21-CV-3111-K, 2022 U.S. Dist. LEXIS 98425, *30 (June 2. 2022) ("Regardless, the Court concludes any amendment related to personal jurisdiction would be futile."); *Seitz v. Envirotech Sys. Worldwide Inc*., 513 F. Supp. 2d 855, 866 (S.D. Tex. 2007) (Request "to plead more detailed jurisdictional facts" denied because "amendment would be both late and futile."); *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc*., N.D. Tex. No. 3:17-CV-1147-D, 2019 U.S. Dist.

LEXIS 12176, *22 (Jan. 25, 2019) ("The court recognizes that futility of amendment is properly considered when deciding whether to grant leave to amend . . . This holds true as well in the context of pleading personal jurisdiction.").

## III.  Argument

### A.    Plaintiff's Amended Complaint Fails To Cure The Substantive Jurisdictional Defects In The Original Complaint.

As discussed in Ms. Strobel's Motion to Dismiss, a plaintiff must establish that a defendant "has purposefully availed [her]self of the benefits and protections of the forum state  . . ." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). "[I]t is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations." *Gen. Retail Servs. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007). Rather, Plaintiff bears the burden of establishing personal jurisdiction over each claim as to each defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75, n.5 (5th Cir. 2006); *Fernandez-Lopez v. Hernandez*, W.D. Tex. No. DR:19-CV-46-AM-CW, 2020 U.S. Dist. LEXIS 253510, *21 (Oct. 1, 2020).

As it relates to Ms. Strobel, Plaintiff's proposed First Amended Complaint shares the same jurisdictional futility as the original Complaint.  Plaintiff has not alleged any new facts that would subject Ms. Strobel to the jurisdiction of Texas courts.  Indeed, the proposed Amended Complaint -- like Plaintiff's original version -- barely even mentions Ms. Strobel.  It simply claims Ms. Strobel is Mr. Paul's personal assistant, that she "help[ed] administratively," that she was a "founder" of CryptoZoo with a 1% stake, that she participated in "Zoo Day," and that she "did not make public statements" about CryptoZoo.  (Doc. No. 60-1 ¶¶ 190–91, 217, 515).  None of these factual allegations are sufficient for this Court to exercise jurisdiction over Ms. Strobel.

**B.    Plaintiff's New Causes Of Action Are Deficiently Pled As To Ms. Strobel.**

Apparently incapable of identifying anything Ms. Strobel purportedly did, Plaintiff continues his habit of improperly relying on collectivized allegations against "Defendants" in his First Amended Complaint, which includes four new causes of action: (i) Count Twenty-Four, alleging a violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and Rule 10b-5 (17 C.F.R. § 240.10b-5); (ii) Count Twenty-Five, alleging a violation of Section 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78t); (iii) Count Twenty-Six, alleging a violation of RICO, 18 U.S.C. § 1962(c); and (iv) Count Twenty-Seven, alleging a violation under Section 4o of the Commodity Exchange Act (7 U.S.C. § 60).  (Doc. No. 60-1 at ¶¶ 480-523).  Importantly, the fact that these federal statutes provide for nationwide service of process does not change the result of the jurisdictional analysis.  15 U.S.C. § 78aa(a); 7 U.S.C. § 25(a); 18 U.S.C. § 1965.  And Plaintiff's bare-bones allegations against Ms. Strobel, which specify no particular misconduct on her part, are insufficient as a matter of law to establish jurisdiction even when nationwide process is available.

**1.    Plaintiff's 10(b), 10b-5, And RICO Claims Are Generalized And Insufficient.**

First, a plaintiff asserting a claim under Section 10(b) and Rule 10b-5 must "allege a materially false or misleading statement **on the part of each defendant**."  *See In re UICI Sec. Litig.*, N.D. Tex. No. 3:04-CV-1149-P, 2006 U.S. Dist. LEXIS 73753, **7-8 (Sept. 29, 2006) (emphasis added).  The same is true with respect to Plaintiff's RICO claim.  *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) ("[A] RICO plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump together the defendants.'"  (quoting *In re MasterCard Int'l, Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002)).  Plaintiff has not done so here.

## 2. Plaintiff's Commodity Exchange Act Claim Is Generalized And Insufficient.

The absence of any specific factual allegations pertaining to Ms. Strobel similarly dooms Plaintiff's claim under the Commodity Exchange Act.  A claim under 7 U.S.C. § 6o (section 4o), one of the Commodity Exchange Act's antifraud provisions, must be pled with particularity pursuant to Rule 9(b).  *See Krukever v. TD Ameritrade, Inc*., 337 F. Supp. 3d 1227, 1234–35 (S.D. Fla. 2018); *Prestwick Capital Mgmt. Ltd. v. Peregrine Fin. Grp., Inc*., N.D. Ill. No. 10 C 23, 2010 U.S. Dist. LEXIS 120148, *8 (Nov. 12, 2010).  And "general allegations, which do not state with particularity what representations each defendant made[,]" do not meet the exacting standard required under the rule.  *See Ocoro v. Montelongo*, W.D. Tex. No. 5:16-cv-01278-RCL, 2018 U.S. Dist. LEXIS 102028, *10 (June 19, 2018); *see also United States ex rel. Young v. Kindred Healthcare, Inc*., W.D. Tex. No. 1:18-cv-00806-RP, 2020 U.S. Dist. LEXIS 244372, *16 (Dec. 30, 2020) ("Group pleadings generally are prohibited when a complaint is subject to Rule 9(b)."). That is precisely the case with Plaintiff's First Amended Complaint.

## 3. Plaintiff's Section 20(a) Claim Lacks The Requisite Allegations Of Power Or Control.

Finally, Plaintiff cannot succeed on his claim against Ms. Strobel under Section 20(a).  To adequately plead "controlling person" liability, "a plaintiff must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based." *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (internal quotations omitted).  In other words, "a plaintiff needs to allege some facts beyond a defendant's position or title that show the defendant had actual power or control over the controlled person."  *In re Pilgrim's Pride Corp. Secs. Litig*., E.D. Tex. No. 2:08-cv-419-TJW, 2010 U.S. Dist. LEXIS 84260, **106-07 (Aug. 17,

2010).  But Plaintiff's entire case against Ms. Strobel is based on just that -- her "position" and "title" as Mr. Paul's assistant and one of the founders of CryptoZoo.

Ultimately, Plaintiff has done nothing to cure the jurisdictional defects in his initial Complaint.  Ms. Strobel established in her Motion that she does not have sufficient contacts with Texas.  That is still true today.  Plaintiff's attempt to end-run around this fact by asserting four new causes of action that provide for nationwide service of process does not alter the equation.  Those claims -- which do not include any particular allegation of misconduct against Ms. Strobel -- fail as a matter of law and cannot be used as a basis for this Court to exercise jurisdiction over her.

## IV.    Conclusion

For any and all of the foregoing reasons, Defendant Danielle Strobel respectfully requests that the Court deny Plaintiff's Amended Motion for Leave to File First Amended Class Action Complaint and dismiss the claims alleged against her.

Respectfully submitted,

*/s/ William B. Mateja*
William B. Mateja (13185350)
Jonathan E. Clark (24069515)
Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7400
Email: BMateja@sheppardmullin.com
          JClark@sheppardmullin.com
and

Mark G. Arnzen, Jr. *Pro Hac Vice*
Lindsay K. Gerdes *Pro Hac Vice*
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: 513-977-8440
Email: mark.arnzen@dinsmore.com
          lindsay.gerdes@dinsmore.com

**Counsel for Defendant Danielle Strobel**

## <u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing was served via the Court's electronic mail system this 29th day of January, 2024 upon all counsel of record.

*/s/ William B. Mateja*
William B. Mateja