IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | CIVIL ACTION NO.: 1:23-cv-110 |
| v. § § | |
| CRYPTOZOO, INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, § § § § § § § § | |
| Defendants. § | |

### DEFENDANTS JEFFREY LEVIN AND OPHIR BENTOV'S RESPONSE TO PLAINTIFF'S AMENDED OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Jeffrey Levin ("Levin") and Ophir Bentov ("Bentov") (collectively, "Defendants") hereby specially appear[1] to request that the Court deny Plaintiff's Amended Opposed Motion for Leave to File First Amended Complaint (the "Amended Motion") and defer a ruling on any similar, subsequent motion Plaintiff may bring until the Court has ruled on Levin and Bentov's pending motion to dismiss. [Dkt No. 23.] The purpose of a challenge to personal jurisdictional is to avoid a defendant being haled into court in a jurisdiction with which the defendant does not have at least a minimal level of contact. Levin and Bentov made those arguments in their motion, which was supported by uncontested evidence regarding their lack of contact with Texas. Plaintiff responded, and the matter is fully briefed. Requiring Levin and Bentov to respond to a proposed amended complaint would represent an end-run around their

---

[1] By responding to Plaintiff's Amended Motion, Levin and Bentov do not intend to submit to the Court's jurisdiction.

compelling jurisdictional arguments. The Court should not permit this gamesmanship and should address Levin and Bentov's pending jurisdictional challenges before ruling on the Amended Motion.

Levin and Bentov further respond to provide additional context regarding Plaintiff's failure meaningfully to meet and confer before filing the Amended Motion (as well as the original motion), as required under the Local Rules for the Western District of Texas, Rule CV-7(G).

### I. The Court Should Rule On Levin and Bentov's Pending Motion to Dismiss Before Entertaining Plaintiff's Request to File an Amended Complaint

Plaintiff filed his original Complaint (which remains the operative complaint) in this matter on February 2, 2023. [Dkt. No. 1.] On May 19, 2023, Levin, Bentov, and Defendant Logan Paul ("Paul") filed a motion to dismiss for lack of personal jurisdiction. [Dkt. No. 23.] Plaintiff opposed the motion [Dkt. No. 33] and on June 9, 2023, Levin, Bentov, and Paul submitted a reply. [Dkt. No. 36.]

On July 28, 2023, the Court stayed the case for 90 days to allow the parties to pursue mediation. [*See* Dkt. No. 38 and corresponding Text Order.] The parties were unable to resolve the case at mediation and the stay was lifted on October 26, 2023. [*See* Dkt. No. 39.] Paul subsequently withdrew the motion to dismiss ***as to himself only*** and answered the Complaint. [*See* Dkt. Nos. 40, 41, 55.]

Thus, Levin and Bentov's fully-briefed motion to dismiss remains pending. To now further delay that ruling to allow Plaintiff to file an amended complaint defeats the purpose of the personal jurisdiction requirement in the first instance. Levin and Bentov should not be required to respond to any amended pleading that Plaintiff may seek to file, including Plaintiff's proposed (and further amended) First Amended Complaint, before the Court rules on the pending motion to dismiss.

## II. Plaintiff Failed Meaningfully To Meet and Confer Before Filing His Motions

Plaintiff filed his original Opposed Motion for Leave to File First Amended Class Action Complaint on January 5, 2024 (the "Original Motion"). [Dkt. No. 59.] Plaintiff filed the Amended Motion ten days later. [Dkt. No. 60.] Plaintiff's counsel did not meaningfully meet and confer as to Bentov and Levin before filing either motion, as required under Local Rule CV-7(G). Under that Rule, "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Local Rule CV-7(G).

Before filing the Original Motion, Plaintiff's counsel left a voicemail for counsel for Levin and Bentov on Friday, January 5, 2024 at 2:12 p.m. PST stating that they intended to file a motion for leave to file an amended complaint to add individual claimants and securities claims. (Declaration of Brad W. Seiling ("Seiling Decl."), ¶ 2.) In that voicemail, Plaintiff's counsel represented that Defendant Paul opposed the Original Motion and thus, Plaintiff's counsel would "have to" file it. (*Id*.) Approximately five hours later, at 7:10 p.m. PST that same day—and before counsel for Levin and Bentov was able to respond to or speak with Plaintiff's counsel (*id*. ¶ 3)—Plaintiff filed his Original Motion and proposed First Amended Complaint. [Dkt. No. 59.]

On Friday, January 12, 2024, counsel for Levin and Paul received an email from counsel for Defendant Paul that included counsel for Plaintiff and Defendant Danielle Strobel. (Seiling Decl., ¶ 4.) The email chain revealed that, unbeknownst to counsel for Levin and Bentov, Plaintiff intended to file the Amended Motion to add additional claimants to the proposed First Amended Complaint. (*Id*.) As with the Original Motion, Plaintiff filed the Amended Motion later that same day before conferring with counsel for Levin and Bentov. (*Id*.)

It is clear that Plaintiff's counsel did not engage in a "good-faith attempt to resolve the

matter [presented by Plaintiff's Motions] by agreement" as to Levin and Bentov, as required under Local Rule CV-7(G). And because there was no meaningful meet and confer with counsel for Levin and Bentov, Plaintiff's Motion does not certify the "specific reason that no agreement could be made." (*Id*.; *see* Amended Motion ¶ 1.) Plaintiff therefore failed to comply with Local Rule CV-7(G) before filing both Motions.

### III. Conclusion

Levin and Bentov respectfully request that the Court deny Plaintiff's Amended Motion and defer a ruling on any similar, subsequent motion Plaintiff may bring until the Court has ruled on Levin and Bentov's pending motion to dismiss Plaintiff's original Complaint for lack of personal jurisdiction.

/s/ Shelby O'Brien
SHELBY O'BRIEN
ENOCH KEVER PLLC
7600 N. Capital of Texas Highway
Building B, Suite 200
Austin, Texas 78731
Telephone: (512) 615-1223
Facsimile: (512) 615-1198
sobrien@enochkever.com

/s/ Brad W. Seiling
CHRISTOPHER CHATHAM
BRAD SEILING
SARAH E. MOSES
BENJAMIN E. STRAUSS
(*Pro Hac Vice*)
MANATT, PHELPS, & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
cchatham@manatt.com
bseiling@manatt.com
smoses@manatt.com
bstrauss@manatt.com

Attorneys for Defendants Jeffrey Levin and Ophir Bentov

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of electronic filing to the following CM/ECF registrants:

| | |
|---|---|
| Jarrett Lee Ellzey<br>Leigh S. Montgomery<br>Ellzey & Associates, PLLC<br>1105 Milford St.<br>Houston, TX 77006<br>Tel: (888) 350-3931<br>Fax: (888) 995-3335<br>Email: jarrett@ellzeylaw.com<br>Email: leigh@ellzeylaw.com<br><br>Thomas Kherkher<br>Law Firm, PLLC<br>5909 West Loop South, Suite 525<br>Houston, TX 77401<br>Tel: (713) 244-6363<br>Email: tom@attorneytom.com | Attorneys for Plaintiff Don Holland |
| Lindsay K. Gerdes<br>Mark G. Arnzen<br>Dinsmore & Shohl LLP<br>255 E. Fifth Street, Suite 1900<br>Cincinnati, OH 45202<br>Tel: (513) 977-8200<br>Fax: (513) 977-1841<br>Email: lindsay.gerdes@dinsmore.com<br>Email: mark.arnzen@dinsmore.com<br><br>William B. Mateja<br>Jonathan Clark<br>Sheppard Mullin Richter & Hampton LLP<br>2200 Ross Avenue, 20th Fl.<br>Dallas, TX 75201<br>Tel: (469) 391-7415<br>Fax: (469) 391-7559<br>Email: bmateja@sheppardmullin.com<br>Email: jclark@sheppardmullin.com | Attorneys for Defendant Danielle Strobel |

| | |
|---|---|
| Benjamin J. Widlanski, Esq.<br>Tal Lifshitz, Esq.<br>Rachel Sullivan, Esq.<br>Jeffrey Leavitt, Esq.<br>Kozyak Tropin & Throckmorton LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL 33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508<br>Email: bwidlanski@kttlaw.com<br>Email: tjl@kttlaw.com<br>Email: rs@kttlaw.com<br>Email: jleavitt@kttlaw.com<br><br>Jeffrey Neiman, Esq.<br>Jason L. Mays, Esq.<br>Marcus, Neiman, Rashbaum & Pineiro LLP<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2530<br>Miami, FL 33131<br>Tel: (305) 400-4260<br>Email: jneiman@mnrlawfirm.com<br>Email: jmays@ mnrlawfirm.com | Attorneys for Defendant Logan Paul<br>(admitted pro hac vice) |

/s/ Brad W. Seiling
Brad W. Seiling