**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

DON HOLLAND, individually and on behalf of all
others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation,
LOGAN PAUL, DANIELLE STROBEL, JEFFREY
LEVIN, EDUARDO IBANEZ, JAKE
GREENBAUM a/k/a CRYPTO KING, and OPHIR
BENTOV a/k/a BEN ROTH,

Defendants.

_____ /

LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING

Cross-Defendants.

_____ /

Civil Action No. 1:23-cv-110

**DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S MOTION FOR
ALTERNATIVE SERVICE ON JAKE GREENBAUM A/K/A CRYPTO
KING AND FOR A 30-DAY EXTENSION OF TIME TO COMPLETE SERVICE**

Defendant/Counter-Plaintiff Logan Paul moves this Court to permit alternative service of

his Crossclaim on Cross-Defendant Jake Greenbaum a/k/a Crypto King via email and the social

media platform X and for a thirty-day extension of time to complete service, and in support states

as set forth below.

## I.    INTRODUCTION

Cross-Defendant Jake Greenbaum has successfully evaded service of the crossclaim against him despite Cross-Plaintiff Logan Paul's best and diligent efforts to locate him. Mr. Paul has attempted to serve his crossclaim on Mr. Greenbaum multiple times at previously known addresses in Florida and Georgia. Mr. Greenbaum's X account (or Twitter account)—where he is known as "Crypto King"—makes clear that he has been traveling abroad for months with no plans to return, despite being aware of the lawsuits pending against him.

Mr. Greenbaum's evasive conduct is in keeping with the pattern of deceptive conduct through which he looted the CryptoZoo project. Mr. Greenbaum lied to Mr. Paul from the beginning, marketing himself as an expert with the skills needed to develop and execute the CryptoZoo Non-Fungible Tokens ("NFT") project and blockchain game. Specifically, Mr. Greenbaum touted himself as a "crypto/NFT expert," who could oversee and consult on all blockchain-related aspects of the project. In reality, however, Mr. Greenbaum is a con artist. He lied about his knowledge, experience, and intentions. Through fraud and deceit, Mr. Greenbaum looted millions of dollars from Mr. Paul and the CryptoZoo project, sabotaged the project, and prevented Mr. Paul from executing his vision.

As explained more fully below, the Court should permit Mr. Paul to serve his crossclaim on Mr. Greenbaum via email and the social media platform X and grant Mr. Paul a thirty-day extension of time to complete service of the Crossclaim on Mr. Greenbaum.

## II.    FACTUAL BACKGROUND

On January 4, 2024, Mr. Paul filed his Answer, Affirmative Defenses, and Crossclaim against Mr. Greenbaum and Eduardo Ibanez. *See* ECF No. 55. The following day, the Clerk of Court issued summonses to Mr. Greenbaum and Mr. Ibanez. *See* ECF No. 58. Upon information

and belief, Mr. Greenbaum currently resides in Fort Lauderdale, Florida. Mr. Paul unsuccessfully attempted service at Mr. Greenbaum's Florida address five times between February 17 and February 29, 2024, but received no answer at the residence on each attempt. *See* Affidavit of Non-Service for Florida attempts, attached as **Exhibit 1**. Additionally, on January 8, 2024, Mr. Paul attempted service on Mr. Greenbaum at an address outside of Atlanta, Georgia, that is believed to be his previous residence. *See* Affidavit of Non-Service for Georgia attempt, attached as **Exhibit 2**. Mr. Greenbaum, the self-styled "Crypto King," has a sizeable online following on the social media platform X (formerly known as Twitter) and routinely posts about cryptocurrency, NFTs, and his travels. Based on his posts on X, Mr. Greenbaum has been traveling outside of the United States for months, with no discernible plan to return.[1] Mr. Greenbaum remains outside of the country in an undisclosed location, and beyond the reach of process servers, despite publicly acknowledging the multiple lawsuits pending against him.

### III.    ARGUMENT

The Federal Rules of Civil Procedure allow for service to be made "following state law for serving a summons in an action brought in the Courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). In turn, the Texas Rules of Civil Procedure allow the court to authorize alternative service via "any other manner including electronically by social media, email, or other technology, that the statement or other

---

[1] *See* Crypto King on X: "New city… Any guesses where?!" Jake Greenbaum (@Cryptoking), X (Jan. 9, 2024, 7:29 AM), https://twitter.com/Cryptoking/status/1744697997403836497; *see also* Crypto King on X: "Which one u want?! Taking orders for shells 🤝👏🐚" Jake Greenbaum (@Cryptoking), X (Feb. 3, 2024, 9:06 AM), https://twitter.com/_Cryptoking/status/1753781923732979888; Crypto King on X: "Saw elephants with my dad today ❤️ Safe to say it was an INCREDIBLE day! What did u do today?" Jake Greenbaum (@Cryptoking), X (Feb. 24, 2024), https://twitter.com/Cryptoking/status/1761320795517673603; Crypto King on X: "Woke up at sunrise!! Dad n I snorkeled with: Whale sharks, dolphins n turtles!!!! Which of the 3 should I post videos of?!" Jake Greenbaum (@Cryptoking), X (Mar. 5, 2024, 12:07 PM), https://twitter.com/Cryptoking/status/1765061651894866178.

evidence shows will be reasonably effective to give the defendant notice of the suit." *See* Tex. R. Civ. P 106(b)(2). Accordingly, Mr. Paul moves this Court to authorize service of his Crossclaim on Mr. Greenbaum via direct message on X and email.

### A. Service of the Crossclaim via Email and X Will Effectively Provide Notice to Mr. Greenbaum of Mr. Paul's Claims Against him.

Email and X are effective avenues to provide notice of Mr. Paul's Crossclaim to Mr. Greenbaum. The Fifth Circuit has held that service via email is permissible if it is reasonably calculated to provide notice of the case as required by the Texas Rules of Civil Procedure. *See Viahart, LLC v. Gangpeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (holding that email service was reasonably calculated to provide the Defendant notice of the suit because "(1) they used email to operate their online marketplace storefronts, (2) test emails did not "bounce back," and (3) the email addresses were obtained from the online marketplaces that used the email addresses to communicate with the defendants").

Mr. Greenbaum regularly communicated with Mr. Paul via email when he was associated with CryptoZoo—using the email address Mr. Paul seeks to use to effectuate service—removing any doubt service via email will not provide them adequate notice. Texas law allows for substituted service to be authorized after unsuccessful service attempts and affidavit detailing the attempts to effectuate service. *See id.* ("Upon receipt of an affidavit satisfying Rule 106(b), the trial court may authorize substituted service") (internal citations omitted). Because Mr. Greenbaum appears to be actively concealing his whereabouts to evade service, and an affidavit detailing diligent attempts to effectuate service has been submitted with this motion, email service is an appropriate method for alternative service of the Crossclaim under Texas Rule of Civil Procedure 106(b)(2). *See* Declaration of Mr. Paul in support of alternative service, attached as **Exhibit 3**.

Additionally, on January 4, 2024, Mr. Greenbaum acknowledged the Crossclaim while publicly attacking Mr. Paul on X. Mr. Greenbaum posts on his X account daily, leaving zero concern that effectuating service of the Crossclaim on Mr. Greenbaum via X would not provide adequate notice to him. This Court should also authorize alternative service via X, as to Mr. Greenbaum.





**B. Service of Process via Email and X Will Not Infringe on Mr. Greenbaum's Due Process Rights.**

Service of the Crossclaim on Mr. Greenbaum via email and X is reasonably calculated to provide adequate notice, thereby alleviating any due process concerns. Constitutional due process is satisfied where a party provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Mr. Greenbaum's email address is known, and Mr. Paul extensively communicated with Mr. Greenbaum while he was associated with the CryptoZoo project. As such, serving Mr. Greenbaum via email is reasonably calculated to provide notice of the pending action against them. Federal courts have held that service via email satisfies due process requirements where it is reasonably calculated provide notice. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F. 3d. 1007, 1017 (9th Cir. 2022); *see also Hind v. FxWinning Ltd.*, No. 23-23139-CIV, 2023 WL 9183691, at *2 (S.D. Fla. Dec. 12, 2023).

Further, Mr. Greenbaum is a public figure who regularly posts on X—and has already acknowledged Mr. Paul's Crossclaim on X. Alternative service on Mr. Greenbaum via X is also reasonably calculated to provide him notice. Indeed, federal courts have authorized service via social media where it is reasonably calculated to provide notice. *St. Francis Assisi v. Kuwait Fin. House*, No. 16-3240-CIV, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (authorizing service via Twitter where it was reasonably calculated to give notice).

**C. A Thirty-Day Extension of Time Is Necessary to Allow Mr. Paul to Complete Service on Mr. Greenbaum.**

Mr. Paul requests a thirty-day extension of time to effectuate service on Mr. Greenbaum. Federal Rule of Civil Procedure 4(m) allows Mr. Paul ninety days to serve his crossclaim on Mr. Greenbaum but provides that if good cause is shown "the court *must* extend the time for service for an appropriate period." Fed. R. Civ P. 4(m) (emphasis added). Mr. Paul's request is supported by good cause and is justified. Mr. Paul has attempted to serve Mr. Greenbaum at numerous locations at prior known addresses. To date, Mr. Greenbaum has thwarted Mr. Paul's attempts to complete service by concealing his whereabouts. The additional thirty days Mr. Paul requests will allow this Court to grant this motion and for him to complete service, along with providing notice to this Court.

## IV.    CONCLUSION

In conclusion, for the reasons set forth in this motion, the Court should grant Mr. Paul's Motion for Alternative Service on Jake Greenbaum a/k/a Crypto King and: (i) authorize Mr. Paul to serve his Crossclaim on Mr. Greenbaum via email at jakethecryptoking@gmail.com; (ii) authorize Mr. Paul to serve his Crossclaim on Mr. Greenbaum via direct message on X; (iii) as well as granting a thirty-day extension of time to complete service and provide notice to the Court.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Mr. Paul certifies that he conferred with Plaintiff regarding the relief requested in this Motion on March 22, 2024, and Plaintiff  is unopposed to the relief sought on the motion and requested Counsel indicate that Plaintiff takes no position on the veracity of the factual narrative in the motion.

Dated: March 22, 2024.

Respectfully submitted,

| | |
|---|---|
| /s/ *Benjamin J. Widlanski*<br>Benjamin J. Widlanski, Esq.<br>Email: bwidlanski@kttlaw.com<br>Tal Lifshitz, Esq.<br>Email: tjl@kttlaw.com<br>Rachel Sullivan, Esq.<br>Email: rs@kttlaw.com<br>Jeffrey Leavitt, Esq.<br>jleavitt@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br>*Counsel for Defendant Logan Paul* (admitted *pro hac vice*) | /s/ *Jeffrey Neiman*<br>Jeffrey Neiman, Esq.<br>jneiman@mnrlawfirm.com<br>Jason L. Mays, Esq.<br>jmays@ mnrlawfirm.com<br>**MARCUS, NEIMAN, RASHBAUM & PINEIRO LLP**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2530<br>Miami, Florida 33131<br>Telephone: (305) 400-4260<br><br>*Counsel for Defendants Paul* (admitted *pro hac vice*) |
| /s/ *Shelby O'Brien*<br>Shelby O'Brien<br>**ENOCH KEVER PLLC**<br>7600 N. Capital of Texas Highway<br>Building B, Suite 200<br>Austin, Texas 78731<br>Telephone: (512) 615-1223<br>Facsimile: (512) 615-1198<br>sobrien@enochkever.com<br>*Counsel for Defendants Paul, Levin, and Bentov*<br>(admitted to Western District of Texas) | |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 22nd day of March 2024.

/s/ Benjamin J. Widlanski

Benjamin J. Widlanski, Esq.