IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

DON HOLLAND, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH,

Defendants.
_____/

LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING,

Cross-Defendants.
_____/

Civil Action No. 1:23-cv-110

**DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT AGAINST EDUARDO IBANEZ
AND JAKE GREENBAUM AND INCORPORATED MEMORANDUM OF LAW**

Defendant/Cross-Plaintiff Logan Paul moves this Court for the entry of default judgment on liability against Cross-Defendants Eduardo Ibanez and Jake Greenbaum pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and in support states:

1.      On January 4, 2024, Mr. Paul filed a Crossclaim (Cross-cl., ECF No. 55) against Cross-Defendants Eduardo Ibanez and Jake Greenbaum a/k/a "Crypto King" asserting claims for fraudulent inducement and fraudulent misrepresentation against both Cross-Defendants.

2. Specifically, the Crossclaim alleges that Messrs. Ibanez's and Greenbaum's conduct has caused Mr. Paul "significant monetary damages and reputational harm," for which Mr. Paul is seeking actual and compensatory damages, punitive damages, and his attorneys' fees and costs.

3. On January 5, 2024, the Clerk of the United States District Court for the Western District of Texas issued summonses for service on the Cross-Defendants Ibanez and Greenbaum (the "Summons," ECF No. 58).

4. On March 18, 2024, Mr. Paul filed proof of service on Eduardo Ibanez. (ECF No. 67.) Service of process was effectuated on Mr. Ibanez on March 7, 2024, by personal service of the Summons and Crossclaim at 20 Greene Street, Apt. #4, New York, New York 10013, on a person of suitable age and discretion at Mr. Ibanez's actual dwelling place or usual place of abode.

5. On April 18, 2024, the Court granted Mr. Paul's motion for alternative service on Jake Greenbaum a/k/a Crypto King and for a 30-day extension of time to complete service, authorizing Mr. Paul to serve Mr. Greenbaum by email and by direct message on X, the social media platform. (ECF No. 71.)

6. On April 29, 2024, Mr. Paul filed proof of alternate service on Mr. Greenbaum. (ECF No. 72.) Service of process was effectuated on Mr. Greenbaum on April 23, 2024, by email and by direct message on X.

7. Pursuant to Federal Rule of Civil Procedure 12, Cross-Defendant Ibanez was required to file an answer or response to the Crossclaim on or before March 28, 2024.

8. Pursuant to Federal Rule of Civil Procedure 12, Cross-Defendant Greenbaum was required to file an answer or response to the Crossclaim on or before May 14, 2024.

9. Neither Mr. Ibanez nor Mr. Greenbaum has been granted any extension of time to respond to the Crossclaim, and both have failed to answer or otherwise respond to the Crossclaim.

10. On April 1, 2024, Mr. Paul filed a motion for entry of clerk's default against Mr. Ibanez. (ECF No. 69.) On May 15, 2024, Mr. Paul filed a motion for entry of clerk's default against Mr. Greenbaum. (ECF No. 73.) The Clerk of the Court entered default against Mr. Ibanez on April 17, 2024, and against Mr. Greenbaum on May 16, 2024. (ECF Nos. 70, 74.)

11. Neither Mr. Ibanez nor Mr. Greenbaum is in the military, and therefore the Servicemembers Civil Relief Act does not apply. (*See* Aff. of Benjamin Widlanski ¶¶ 6, 8, attached as **Exhibit A**.)

12. Eduardo Ibanez is neither a minor nor an incompetent person.

13. Jake Greenbaum is neither a minor nor an incompetent person.

## Memorandum of Law

Under Rule 55 of the Federal Rules of Civil Procedure, if a defendant fails to plead or otherwise defend against a complaint, the clerk must enter a default against that party. *See* Fed. R. Civ. P. 55(a). As is the case here, once default has been entered, a plaintiff's next step is to seek a default final judgment from the court. Fed. R. Civ. P. 55(b)(2).

On a motion for default final judgment, the court accepts as true the well-pled facts alleged in the complaint. *Rodriguez v. Avalos*, No. 19-CV-00114, 2019 WL 13472243, at *1 (W.D. Tex. Apr. 12, 2019) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002)). To support the entry of default judgment, "there must be a sufficient basis in the pleadings for the judgment entered." *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (cleaned up). Default judgment may be entered where the complaint is sufficient to withstand a motion to dismiss. *See id*. (citation omitted). Where a plaintiff seeks to recover actual damages that require determination through the presentation of evidence, a hearing must be

3

held on damages and the defendants must be provided with opportunity to appear. Fed. R. Civ. P. 55(b)(2); *Rodriguez*, 2019 WL 13472243, at *2.

A review of the well-pleaded factual allegations of the Crossclaim, which the Court must assume to be true for purposes of Logan Paul's motion for default judgment, demonstrates that Mr. Paul has sufficiently established his claims for fraudulent inducement (Count I), and fraudulent misrepresentation (Count II), and Mr. Paul is thus entitled to the entry of judgment on these claims against Eduardo Ibanez and Jake Greenbaum.

**I.     Mr. Paul has alleged facts sufficient to establish the Cross-Defendants' liability under the fraudulent inducement claim (Count I).**

The Crossclaim's well-pled and admitted factual allegations establish the Cross-Defendants' liability for fraudulent inducement under Texas law (Count I). To state a claim for fraudulent inducement, a plaintiff must plausibly plead facts establishing that: "(1) the other party made a material misrepresentation, (2) the representation was false and was either known to be false when made or was made without knowledge of the truth, (3) the representation was intended to be and was relied upon by the injured party, and (4) the injury complained of was caused by the reliance." *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (citation omitted).

The Crossclaim alleges sufficient facts to establish that both Eduardo Ibanez and Jake Greenbaum made false, material misrepresentations that induced Logan Paul to form agreements with them to become CryptoZoo founders. Mr. Paul alleges that both Cross-Defendants made material misrepresentations regarding their subject-matter expertise. Mr. Ibanez falsely held himself out as "an MIT-educated computer developer capable of developing the computer game at the center of the NFT project." (Cross-cl. ¶ 111-12.) Mr. Paul also alleges, "Mr. Ibanez was introduced to Mr. Paul as a young, MIT-educated tech genius who had previously worked for the

4

CIA and NFL teams, including the Philadelphia Eagles, which he had supposedly helped win a Super Bowl." (Cross-cl. ¶ 27.) Mr. Greenbaum falsely represented himself as a "cryptocurrency and blockchain expert that could handle all token and blockchain related aspects of the CryptoZoo project." (*Id.* ¶¶ 111, 113.) These representations were false, and both Mr. Ibanez and Mr. Greenbaum knew them to be false. "Mr. Ibanez did not attend MIT and was not an expert computer developer." (*Id.* ¶ 112.) And "Mr. Greenbaum was not a blockchain or cryptocurrency expert. [He] did not possess the deep technical knowledge he claimed, but knew just enough to loot CryptoZoo for his personal gain." (*Id.* ¶ 113.) And both Cross-Defendants "held themselves out to Mr. Paul as subject-matter experts qualified to successfully launch CryptoZoo," thereby intending that Mr. Paul would rely on their material misrepresentations in agreeing to bring them on as CryptoZoo founders. (*Id.* ¶¶ 111, 114.)

Based on Mr. Ibanez's false representations of his prior experience, Mr. Paul made an agreement with Mr. Ibanez that Ibanez would "take ownership" of the "development of the Game, including the gameplay, user interface, and website design." (Cross-cl. ¶¶ 32, 34, 114-15.) And, based on Mr. Greenbaum's false representations of expertise in blockchain and cryptocurrency, Mr. Paul made an agreement with him that Greenbaum would be "responsible for the 'economics' of the Zoo Tokens and NFTs—*i.e.*, the amounts that would be created, how they would be allocated, pricing, in-game fees, and so forth—and he [Greenbaum] prepared the initial draft of CryptoZoo's 'whitepaper.'" (*Id.* ¶¶ 32-33, 114-15.) Therefore, Mr. Paul did in fact rely upon the misrepresentations made by both Cross-Defendants. (*Id.* ¶¶ 114-15.)

Finally, Mr. Paul suffered harm due to the material misrepresentations of both Cross-Defendants. Both Cross-Defendants "exploit[ed] the CryptoZoo project for personal gain": Mr. Greenbaum, by surreptitiously trading ZOO Tokens from the liquidity pool despite the fact that

the initial purchases from the liquidity pool by the founders were supposed to be done in secret, and not available to the public, so that a market for ZOO Tokens could be appropriately created and stabilized before the Game launched (*Id.* ¶¶ 39-56, 73-81); and Mr. Ibanez, by repeatedly failing to deliver the CryptoZoo game as he promised, due to his inability to do so (*Id.* ¶¶ 63-71, 85-98, 115). As a result of the CryptoZoo project's failure—caused by the Cross-Defendants' fraud—Mr. Paul has suffered damages, including the loss of the money he invested in the project and reputational damages. (*Id.* ¶¶ 108-09, 116.)

Based on the foregoing, Mr. Paul is entitled to judgment against the Cross-Defendants, finding them liable for fraudulent inducement. As Mr. Paul addresses separately below, because damages are not liquidated, he requests a brief discovery period and an evidentiary hearing for the determination of damages.

## II. Mr. Paul has alleged facts sufficient to establish the Cross-Defendants' liability under the fraudulent misrepresentation claim (Count II).

The admitted facts of the Crossclaim are sufficient to establish the Cross-Defendants' liability for fraudulent misrepresentation under Texas law (Count II). To prove a claim for fraud in Texas based on intentional misrepresentation, a plaintiff must prove the following elements: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury." *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008) (citations omitted).

The Crossclaim alleges sufficient facts to establish that both Eduardo Ibanez and Jake Greenbaum made false, material misrepresentations on which Logan Paul relied when he acted upon their advice during the course of CryptoZoo's development.

Mr. Paul alleges that both Cross-Defendants made material misrepresentations regarding the status of the CryptoZoo project and their willingness not to sell ZOO Tokens for their own financial gain. (Cross-cl. ¶¶ 118-19.) Mr. Ibanez falsely told Mr. Paul that the CryptoZoo project was or would soon be ready at multiple times in the project's development when it was, in fact, not nearly ready. (*Id.* ¶¶ 57-70.) Mr. Greenbaum falsely represented that he was not trading ZOO Tokens out of the liquidity pool for his own financial benefit, even when confronted by Mr. Paul about the fact. (*Id.* ¶¶ 47-56, 76-81, 119.) Mr. Ibanez was also surreptitiously trading from the ZOO Token pool for his own gain, despite the fact that he was unable to present a workable CryptoZoo Game to Mr. Paul. (*Id.* ¶¶ 83-84, 119.) These representations were false, and both Mr. Ibanez and Mr. Greenbaum knew them to be false. (*Id.* ¶ 120.) They intended Mr. Paul to rely on their false statements so that they could continue to "line their own pockets at Mr. Paul's expense." (*Id.* ¶ 121.) Based on Mr. Ibanez's and Mr. Greenbaum's false representations, Mr. Paul kept both Cross-Defendants on the CryptoZoo team for much longer than he otherwise would have. (*Id.* ¶ 122.)

Finally, Mr. Paul suffered harm due to the material misrepresentations of both Cross-Defendants. (*Id.* ¶ 123.) Both Cross-Defendants exploit[ed] the CryptoZoo project for personal gain: Mr. Greenbaum, by surreptitiously trading ZOO Tokens from the liquidity pool despite the fact that the initial purchases from the liquidity pool by the founders were supposed to be done in secret, and not available to the public, so that a market for ZOO Tokens could be appropriately created and stabilized before the Game launched (*Id.* ¶¶ 39-56, 73-81, 122); and Mr. Ibanez, by

repeatedly failing to deliver the CryptoZoo Game as he promised, due to his inability to do so, and by also wrongfully trading ZOO Tokens while failing to develop the CryptoZoo Game (*Id.* ¶¶ 63-71, 85-98, 122). As a result of the CryptoZoo project's failure—caused by the Cross-Defendants' fraud—Mr. Paul has suffered damages, including the loss of the money he invested in the project and reputational damages. (*Id.* ¶¶ 108-09, 123.)

Based on the foregoing, Mr. Paul is entitled to judgment against the Cross-Defendants, finding them liable for fraudulent misrepresentation. As Mr. Paul addresses separately below, because damages are not liquidated, he requests a brief discovery period and an evidentiary hearing for the determination of damages.

### III.   **Mr. Paul requests an evidentiary hearing for the determination of damages.**

Finally, Mr. Paul notes that his damages are not liquidated, so the entry of default judgment at this time is not warranted. *Rodriguez*, 2019 WL 13472243, at *2 (granting motion for default judgment as to liability and granting limited discovery as to damages). Rather, Mr. Paul moves for the entry of a limited, 90-day period of discovery related to his damages, and for the scheduling of an evidentiary hearing upon the close of the discovery period. *Id.* Following the determination of damages at the evidentiary hearing, Mr. Paul will, with the Court's permission, offer a proposed order of default judgment.

### Conclusion

Cross-Plaintiff Logan Paul respectfully requests that the Court enter default judgment as to liability against Cross-Defendants Eduardo Ibanez and Jake Greenbaum, authorize Cross-Plaintiff Logan Paul to conduct limited discovery regarding damages, and set a hearing date for a determination of damages by entering the proposed Order attached as **Exhibit B**.

Respectfully submitted,

| | |
|---|---|
| /s/ *Benjamin J. Widlanski*<br>Benjamin J. Widlanski, Esq.<br>Email: bwidlanski@kttlaw.com<br>Tal Lifshitz, Esq.<br>Email: tjl@kttlaw.com<br>Rachel Sullivan, Esq.<br>Email: rs@kttlaw.com<br>Jeffrey Leavitt, Esq.<br>jleavitt@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br>*Counsel for Defendant Logan Paul* (admitted *pro hac vice*) | /s/ *Jeffrey Neiman*<br>Jeffrey Neiman, Esq.<br>jneiman@mnrlawfirm.com<br>Jason L. Mays, Esq.<br>jmays@ mnrlawfirm.com<br>**MARCUS, NEIMAN, RASHBAUM & PINEIRO LLP**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2530<br>Miami, Florida 33131<br>Telephone: (305) 400-4260<br><br>*Counsel for Defendants Paul* (admitted *pro hac vice*) |
| */s/ Shelby O'Brien*<br>Shelby O'Brien<br>**ENOCH KEVER PLLC**<br>7600 N. Capital of Texas Highway<br>Building B, Suite 200<br>Austin, Texas 78731<br>Telephone: (512) 615-1223<br>Facsimile: (512) 615-1198<br>sobrien@enochkever.com<br>*Counsel for Defendants Paul, Levin, and Bentov*<br>(admitted to Western District of Texas) | |

## **CERTIFICATE OF SERVICE**

      I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system, on Eduardo Ibanez at 20 Greene St., Apt. #4A, New York, NY 10013, and on Jake Greenbaum at jakethecryptoking@gmail.com on the 18th day of June 2024. Service by direct message on X would be futile because Mr. Greenbaum has blocked direct messages from the account used to provide service of process.

                                          /s/ *Benjamin J. Widlanski*
                                            Benjamin J. Widlanski, Esq.