IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

DON HOLLAND, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH,

Defendants.
_____/

LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING,

Cross-Defendants.

_____/

Civil Action No. 1:23-cv-110

**[PROPOSED] ORDER GRANTING DEFENDANT/CROSS-PLAINTIFF
LOGAN PAUL'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST CROSS-DEFENDANTS EDUARDO IBANEZ AND JAKE GREENBAUM**

**THIS CAUSE** is before the Court on Cross-Plaintiff Logan Paul's Motion for Entry of Default Judgment against Cross-Defendants Eduardo Ibanez and Jake Greenbaum and Incorporated Memorandum of Law (ECF No. [___]). The Court has considered the Motion, the Crossclaim, and supporting documentation. For the reasons discussed below, the motion is Granted.

On January 4, 2024, Mr. Paul filed a Crossclaim (Cross-cl., ECF No. 55) against Cross-Defendants Eduardo Ibanez and Jake Greenbaum a/k/a "Crypto King" asserting claims for fraudulent inducement and fraudulent misrepresentation against both Cross-Defendants. Specifically, the Crossclaim alleges that Messrs. Ibanez's and Greenbaum's conduct has caused Mr. Paul "significant monetary damages and reputational harm," for which Mr. Paul is seeking actual and compensatory damages, punitive damages, and his attorneys' fees and costs.

On January 5, 2024, the Clerk of the United States District Court for the Western District of Texas issued summonses for service on the Cross-Defendants Ibanez and Greenbaum (the "Summons," ECF No. 58). On March 18, 2024, Mr. Paul filed proof of service on Eduardo Ibanez, demonstrating that Mr. Ibanez was served on March 7, 2024. (ECF No. 67.) Mr. Ibanez's deadline to respond to the Crossclaim was therefore March 28, 2024.

On April 18, 2024, the Court granted Mr. Paul's motion for alternative service on Jake Greenbaum a/k/a Crypto King and for a 30-day extension of time to complete service, authorizing Mr. Paul to serve Mr. Greenbaum by email and by direct message on X, the social media platform. (ECF No. 71.) On April 29, 2024, Mr. Paul filed proof of alternate service on Mr. Greenbaum, demonstrating that Mr. Greenbaum was served on April 23, 2024. (ECF No. 72.) Mr. Greenbaum's deadline to respond to the Crossclaim was therefore May 14, 2024. Neither Mr. Ibanez nor Mr. Greenbaum timely responded to or answered the Crossclaim. Nor has either requested or been granted any extension of time to respond.

On April 1, 2024, Mr. Paul filed a motion for entry of clerk's default against Mr. Ibanez. (ECF No. 69.) On May 15, 2024, Mr. Paul filed a motion for entry of clerk's default against Mr. Greenbaum. (ECF No. 73.) The Clerk of the Court entered default against Mr. Ibanez on April 17, 2024, and against Mr. Greenbaum on May 16, 2024. (ECF Nos. 70, 74.)

Pursuant to Federal Rule of Civil Procedure 55(b), a court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. But a defendant's default alone does not guarantee the entry of a default judgment. Rather, to support the entry of default judgment, "there must be a sufficient basis in the pleadings for the judgment entered." *Rodriguez v. Avalos*, No. 19-CV-00114, 2019 WL 13472243, at *1 (W.D. Tex. Apr. 12, 2019) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (cleaned up). On a motion for default final judgment, the court accepts as true the well-pled facts alleged in the complaint. *Id.* (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002). Default judgment may be entered where the complaint is sufficient to withstand a motion to dismiss. *See id*. (citation omitted). Where a plaintiff seeks to recover actual damages that require determination through the presentation of evidence, a hearing must be held on damages and the defendants must be provided with opportunity to appear. Fed. R. Civ. P. 55(b)(2); *Rodriguez*, 2019 WL 13472243, at *2.

Taking the allegations of the Crossclaim as admitted, Mr. Paul has stated a claim for fraudulent inducement (Count I) and fraudulent misrepresentation (Count II) against Cross-Defendants Eduardo Ibanez and Jake Greenbaum, and Mr. Paul is thus entitled to the entry of judgment on these claims against Eduardo Ibanez and Jake Greenbaum. The amounts claimed are unliquidated, however, so an evidentiary hea4ing must be held to determine the amount of Mr. Paul's damages. The Court will therefore grant Mr. Paul ninety days to conduct limited discovery related to his damages and will set an evidentiary hearing following the close of discovery. *Rodriguez*, 2019 WL 13472243, at *2. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Cross-Plaintiff Logan Paul's motion entry of default judgment on liability against Cross-Defendants Eduardo Ibanez and Jake Greenbaum (ECF No.

3

[__]) is **GRANTED**. The Court **GRANTS** Cross-Plaintiff Logan Paul **ninety (90) days** from the date of the entry of this Order to conduct limited discovery related to damages. Upon the completion of this limited discovery period, Mr. Paul shall file a notice with the Court that discovery has been completed and move for a hearing date for an evidentiary hearing to determine damages. The Court will separately enter final default judgment, pursuant to Federal Rule of Civil Procedure 58, after the conclusion of the evidentiary hearing establishes the amount of Mr. Paul's damages.

**DONE AND ORDERED** in Chambers in Waco, Texas, this _____ day of _____, 2024.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF