| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 1:23-cv-00110 |
| vs. | § § | JURY TRIAL DEMANDED |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, | § § § § § § § § | |
| *Defendants.* | § § | |

**RESPONSE IN OPPOSITION TO DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST EDUARDO IBANEZ
AND JAKE GREENBAUM**

Plaintiff Don Holland, individually and on behalf all others similarly situated, responds in

opposition to Defendant/Cross-Plaintiff Logan Paul's Motion for Entry of Default Judgment

against Eduardo Ibanez and Jake Greenbaum [Dkt. 75] ("Motion"). Defendant Paul is not entitled

to the requested relief, and in support, Plaintiff respectfully shows the Court as follows:

**INTRODUCTION**

1.      Defendant Paul's request for a default judgment is untimely as it will lead to

inconsistent judgments. Plaintiff alleged all Defendants are jointly and severally liable for

defrauding Plaintiff and those similarly situated by forming a group to create and then manipulate

the CryptoZoo market, while promising to release the underlying game that never came. The

misrepresentations Defendant Paul claims Defendants Ibanez and Greenbaum made are

misrepresentations Paul hid or willfully ignored as he continued to promote CryptoZoo and misrepresent the game's status.

## <u>PROCEDURAL HISTORY</u>

2. On February 2, 2023, Plaintiff filed this class action against Defendants CryptoZoo Inc., Logan Paul, Danielle Strobel, Jeffrey Levin, Eddie Ibanez, Jake Greenbaum a/k/a Crypto King, and Ophir Bentov a/k/a Ben Roth. [Dkt. 1].

3. On May 19, 2023, Defendant Strobel moved to dismiss for lack of jurisdiction [Dkt. 22] and Defendants Paul, Levin, and Bentov jointly moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2). [Dkt. 23].

4. Plaintiff responded to those motions on June 2, 2023 [Dkt. 32-33] and the respective Defendants replied on June 9. [Dkt 35-36].

5. Plaintiff served Defendant Ibanez on June 8, 2023, and filed proof on June 22. [Dkt. 37].

6. On July 28, 2023, the Parties moved to stay the case pending mediation. [Dkt. 38]. Mediation failed and on November 15, Defendant Paul moved to substitute counsel and stay proceedings on his motion to dismiss. [Dkt. 39-40].

7. During December 2024, Plaintiff's counsel attempted to confer with Defendants multiple times regarding filing an amended complaint before the end of a stipulated period. Ignoring those conferral attempts, on January 4, 2024, Defendant Paul answered Plaintiff's original complaint, as well as filed crossclaims against Defendants Ibanez and Greenbaum. [Dkt. 55].

8. The next day, Plaintiff filed an opposed motion for leave to file an amended complaint and attached his proposed amended complaint, which added much more detail to the allegations against each Defendant while showing how they worked together to perpetuate their

fraud. [Dkt. 59]. Plaintiff amended that motion on January 15 [Dkt. 60] and on January 29, Defendants Strobel, Paul, Levin, and Bentov filed their oppositions. [Dkt. 61-63].

9. Defendant Paul served his crossclaims on Defendant Ibanez on March 7, 2024 [Dkt. 67] and moved for alternative service on Defendant Greenbaum on March 22 [Dkt. 68]—which the Court granted on April 18. [Dkt. 71]. Thereafter, Defendant Paul requested entry of default and moved for default judgment against Defendants Ibanez and Greenbaum. [Dkt. 69-70, 73-75].

<u>**ARGUMENTS & AUTHORITIES**</u>

A. **LEGAL STANDARDS**

10. When, as here, the same claims have been brought against multiple defendants, a rule has developed that allows entry of a default but not a default judgment. The Rules provide that in an action with multiple defendants, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Fifth Circuit has made it clear that "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). Courts have held that where the entry of a final judgment or damages award as to one defendant creates the risk of inconsistent judgments or damages awards, there is just such a reason for delaying entry of a default judgment.

11. Though the Court has the discretion to enter a default judgment against Ibanez and Greenbaum, default judgments are generally disfavored. *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) ("[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.") (internal citation omitted). Further, even when a party is technically in default, there must be a sufficient basis in Plaintiff's pleadings for any

judgment entered. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Fifth Circuit has identified certain factors to be assessed in the decision whether to grant a motion for default judgment, which include the following:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether grounds for default are clearly established;

(4) whether default was caused by good-faith mistake or excusable neglect;

(5) the harshness of default judgment; and

(6) whether the court would feel obligated to set aside a default on the defendant's motion.

*See Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1988). The Court may also consider the amount of money at stake, and the strong policy in favor of decisions on the merits. *Id.* ("Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.").

**B.**   **A DEFAULT JUDGMENT IS IMPROPER WHEN THE SAME CLAIMS ARE BROUGHT AGAINST MULTIPLE DEFENDANTS**

12.   Along with the factors listed above, if there is more than one defendant in the lawsuit, the Court must also consider the risk of inconsistent judgments if default judgment is entered against only one defendant. When one of multiple defendants has defaulted, courts in the Fifth Circuit, as well as sister courts, have held that judgment should not be entered until the matter has been adjudicated as to the other defendants. *See Deutsche Bank Nat'l Tr. Co. v. Rodriguez,* 2018 U.S. Dist. LEXIS 49759, at *3 (S.D. Tex. Feb. 27, 2018) (citing cases).

13.   20. The leading case on the subject of the availability of default judgment in actions involving multiple defendants is *Frow v. De La Vega,* 82 U.S. 552, 554 (1872). In *Frow*, a plaintiff filed suit against 14 defendants alleging conspiracy to commit fraud in a land

transaction. *Id.* at 553. When defendant Frow did not respond, the trial court entered a final judgment for full liability against him. *Id.* Yet following a trial on the merits the remaining defendants were found not liable. *Id.* The Supreme Court reversed this inconsistent result noting that the "true mode of proceeding is simply to enter a default...against [the defaulting party] and proceed with the cause upon the answers of the other defendants." *Id.* at 554. The Court held that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id.*

14.     The courts have consistently held that default judgment is not appropriate against one defendant until the conclusion of the case when all of the defendants' liability has been established. *See, e.g., Mori Seiki USA, Inc. v. McIntyre,* 2008 U.S. Dist. LEXIS 16431, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) ("Where one of multiple defendants is in default ... a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." (quoting *Raleigh Cycle Co. of Am. v. Risha,* 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987))).

15.     This reasoning applies to any party with a claim, including cross-claimants. "The key consideration is the assurance of 'consistent verdict determinations.'" *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) (citing *Hunt v. Inter-Globe Energy*, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (per curiam)). "None of that language suggests that the party at issue matters—awarding multiple plaintiffs inconsistent judgments against one defendant would be no less contradictory than would awarding a single plaintiff inconsistent judgments against multiple defendants." *Id.*

16.     It is appropriate and within the Court's discretion to deny entry of default judgment where another party—such as Plaintiff Holland—will litigate the merits of Defendant Paul's claims and defenses, and his defenses will "generally [inure] to the benefit of [the] defaulting

defendant[s]." *Lewis*, 236 F.3d at 767. Under these circumstances, the Court should consider whether it may be more prudent to delay entering a default judgment against Ibanez and Greenbaum—as any default judgment would likely be undone later. *See Deutsche Bank,* 2018 U.S. Dist. LEXIS 49759, at *5 (denying plaintiff's motion for default judgment to avoid prejudice to the remaining co-defendant and the possibility of inconsistent judgments).

17. Lastly, Federal Rule of Civil Procedure 54, although it does not directly pertain to default judgments, offers more guidance on this issue. The rule provides that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the parties *only* upon an express determination that there is no just reason for delay ...." FED. R. CIV. P. 54(b) (emphasis added).

18. To avoid prejudice, and because the other factors warrant the delay of entry of default judgment, the Court should not enter default judgment against Ibanez and Greenbaum until a decision on the merits has been reached as to the other Defendants.

## C. THE OTHER FACTORS FAVOR DENYING DEFENDANT PAUL'S MOTION

19. As noted above, there are other factors which the Court should consider in its decision whether to grant a default on Ibanez and Greenbaum. Those factors favor denying Defendant Paul's Motion.

20. Here, (1) material issues of fact remain as to each Defendants' liability to Plaintiff's claims; (2) Defendant Paul will not be substantially prejudiced by not receiving funds that Plaintiff and the Class would be entitled to under their claims; (3) and despite Ibanez and Greenbaum have failed to answer (4) after being served; (5) a default judgment against them would require a discovery period that would be redundant alongside the discovery done regarding Plaintiff's claims and (6) only lead to additional litigation if either Defendant appeared to unwind the default. *See Lindsey,* 161 F.3d at 893.

21.      Along with the noted factors, courts have also considered (a) the amount of money involved, and (b) whether the default resulted from a good-faith mistake or excusable neglect on the defendant's part. *See Smith v. Sanders,* 2015 U.S. Dist. LEXIS 174439, at *6 (N.D. Tex. Dec. 30, 2015). Here, Plaintiff is seeking approximately $24 million in economic damages for the class, which "weighs against entry of a default judgment." *Id.* at *8; *see also Moore v. Payson Petroleum Grayson, LLC,* 2018 U.S. Dist. LEXIS 101484, at *17 (N.D. Tex. May 11, 2018) ("default judgment appears especially harsh in light of the substantial amount of requested damages").

22.      In addition, as was the situation in *Smith* and as noted by Defendant Paul, his damages are unliquidated. Therefore, "assessing an appropriate damage award with reasonable certainty would also be difficult," particularly when the motion fails to specify which of Ibanez or Greenbaum's violations would exculpate Defendant Paul from Plaintiff's allegations. Plaintiff alleged that Paul knew of Ibanez and Greenbaum's misrepresentations and continued working with them until they defrauded the other Defendants by enacting Defendants' fraudulent plan earlier than agreed. *See* Dkt. 1, ¶ 43; Dkt. 60-1, ¶¶ 186-189.

23.      These factors favor denying Defendant Paul's Motion at this time. The weight of the factors against entering default judgment, coupled with the general rule that disfavors entering a default judgment when (i) other Defendants are in the case and (ii) Plaintiff seeks the same relief from them, the Court should deny Defendant Paul's Motion.

### **PRAYER**

24.      Plaintiff Don Holland, individually and on behalf of those similarly situated, respectfully requests this Court deny Defendant Paul's Motion for Entry of Default Judgment against Defendant's Ibanez and Greenbaum, for the Court to enter Plaintiff's Amended Complaint, and for any and other relief to which he is justly entitled.

Respectfully submitted,

/s/ Jarrett L. Ellzey

**ELLZEY & ASSOCIATES, PLLC**
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEY TOM & ASSOCIATES**
Tom Kherkher
Texas Bar No. 24113389
tom@attorneytom.com
5909 West Loop South Suite 525
Houston, Texas 77401
Phone: (855) 866-9467

**ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(d). I hereby certify that on July 12, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served this document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

 */s/ Jarrett L. Ellzey*
Jarrett L. Ellzey