IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

DON HOLLAND, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH,

Defendants.
_____/

LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING,

Cross-Defendants.
_____/

Civil Action No. 1:23-cv-110

**DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S
REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST EDUARDO IBANEZ AND JAKE GREENBAUM**

Plaintiff Donald Holland is a non-party to Mr. Paul's cross-claims against Defendants Eduardo Ibanez and Jake Greenbaum. He has nothing to do with those claims, no involvement in the facts and circumstances underlying those claims, and no basis (factual, legal, or otherwise) to try to inject himself into Mr. Paul's enforcement of default rights against these parties. Indeed, Mr. Holland has not even enforced his own default rights against these Defendants, having abandoned those efforts in the underlying litigation, even though he named both of them as Defendants and presumably could have served and defaulted them a year ago.

Holland has no response to any of this. He provides no explanation or authority for establishing any legal standing to object to the entry of a default judgment on a crossclaim to which he is not a party. His response also fails to provide any logical reason why this Court should not enter judgment against Mr. Ibanez and Mr. Greenbaum, relying on nothing more than conclusory assertions that a default judgment might lead to inconsistent judgments, with no factual support or applicable case law in support of this proposition. This Court should enter default judgment against Mr. Ibanez and Mr. Greenbaum.

## FACTUAL BACKGROUND

On March 7, 2024, Mr. Paul served Mr. Ibanez with his Crossclaim and on April 17, 2024, a Clerk's Default was entered against Mr. Ibanez for his failure to respond. *See* ECF No. 67, 70. On April 23, 2024, Mr. Paul served Mr. Greenbaum and on May 16, 2024, a Clerk's Default was entered against Mr. Greenbaum for his failure to respond. *See* ECF No. 73, 75.

Following the entry of Clerk's Defaults against Mr. Ibanez and Mr. Greenbaum, on June 15, 2024, Mr. Paul moved for entry of a default judgment against both Crossclaim Defendants. ECF No. 73. On June 21, 2024, Mr. Greenbaum publicly acknowledged that he would not be

1

participating in Mr. Paul's lawsuit because an attorney had advised him that defaulting would be more cost-effective than responding to the Crossclaim against him.[1]

## ARGUMENT

### I. PLAINTIFF LACKS STANDING TO OPPOSE MR. PAUL'S MOTION FOR DEFAULT JUDGMENT AGAINST MR. IBANEZ AND MR. GREENBAUM.

Plaintiff lacks standing to oppose Mr. Paul's Motion for Entry of Default Judgment against Mr. Ibanez and Mr. Greenbaum because he is not a party to Mr. Paul's Crossclaim, and his claims against Mr. Greenbaum, Mr. Ibanez, and Mr. Paul are not premised on theories of purely joint liability. Plaintiff's Response in Opposition does not address how — under these circumstances — Plaintiff has standing to object to entry of a default judgment against the Cross-Defendants in Mr. Paul's Crossclaim.

Plaintiff does not have standing to object to entry of a default judgment in a proceeding to which he is not a party. *See U.S. v. Scherer*, No. 14-0452-CIV, 2016 WL 1047139, at *4-5 (S.D. Ohio Mar. 16, 2016) (holding that a beneficiary of a trust did not have standing to oppose entry of a default judgment against the trust). Here, as in *Scherer*, Plaintiff is not a party to the Crossclaim and therefore has no standing to object to the entry a default judgment against Mr. Ibanez and Mr. Greenbaum on Mr. Paul's Crossclaim.[2] 2016 WL 1047139, at *4-5; *see also See Dunn v. Sears, Roebuck & Co.*, 645 F.2d 511, 513, n.1 (5th Cir. 1981) ("Under Fed. R. Civ. P. 13(g*)*, cross claims are permissive rather than compulsory and a party to an action has the opportunity to pursue it in an independent action.") Nor does Plaintiff's Complaint allege any ground on which Plaintiff could

---

[1] *See* Marlon Ettinger, *Logan Paul CryptoZoo Suit Target Explains Why He Didn't Respond*, Daily Dot (June 21, 2024), https://www.dailydot.com/debug/cryptozoo-lawsuit-jake-greenbaum/.

[2] Plaintiff cites no authority that actually supports the proposition that a non-party to a crossclaim can oppose a motion for default judgment under the crossclaim. *See* Section II, *infra*.

2

claim to act in Mr. Greenbaum's or Mr. Ibanez's place. *See generally* Compl. Simply put, Plaintiff is not a party to the Crossclaim, he does not raise claims with purely joint liability, and he lacks standing to oppose relief requested under it.

## II. ENTRY OF DEFAULT JUDGMENT AGAINST MR. IBANEZ AND MR. GREENBAUM WILL NOT LEAD TO INCONSISTENT JUDGMENTS.

In the absence of any legal support for his attempt to interfere with Mr. Paul's rights, Plaintiff relies on the baseless factual assertion that entry of default judgment against Mr. Ibanez and Mr. Greenbaum on Mr. Paul's Crossclaims will lead to inconsistent judgments. Remarkably, his only support for this proposition is a 19th Century Supreme Court case where the Court vacated a default judgment against a defendant after non-defaulting co-defendants prevailed on the merits at trial. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

*Frow* has nothing to do with the situation here. *Frow* concerned joint liability for fourteen defendants on fraud claims related to a single parcel of land. *Id.* As a matter of law, modern jurisprudence recognizes that *Frow* does not apply to situations that do not involve purely joint liability. *See In re Uranium Antitrust Litig.*, 617 F. 2d. 1248, 1257-58 (7th Cir. 1980) ("We conclude that *Frow* does not preclude the entry of default judgment against a group of nine defaulters prior to adjudication on the merits as to the remaining defendants, where liability is joint and several."); *see also In re Grabanski*, 691 F. App'x 159, 163 (5th Cir. 2017) (recognizing that *Frow*'s holding is limited to circumstances where claims against multiple defendants in the same proceeding could produce "directly inconsistent judgments"). As the Seventh Circuit reasoned, this is because of the essential differences between purely joint liability and joint and several liability.

Purely joint liability "arises when a tortious act is committed by several persons acting in concert. It means that each tortfeasor is entirely responsible for the damage resulting from that concerted conduct." *Uranium*, 617 F.2d at 1257. Several liability is different: it "arises when one

3

defendant is found to have committed a tort without the aid of other defendants. A finding of liability as to one defendant is consistent with a finding of no liability as to the others, so long as there is no relationship between the parties requiring vicarious liability." *Id.* (footnote omitted). Joint and several liability, then, involves a mix of both types of liability. Crucially, because of the possibility of a finding of several liability, inconsistent outcomes are perfectly acceptable in cases involving joint and several liability. *Id.* at 1257-58 ("The result in Frow was clearly mandated by the Court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the Frow rule is lacking. Such is this case involving joint and several liability.").[3]

The claims Plaintiff brings in his Complaint—fraud, negligence, civil conspiracy, and civil aiding and abetting—raise issues of **joint and several** liability, not purely joint liability (the remaining claims, for breach of contract and unjust enrichment, raise neither). Compl. ¶¶ 235-92; 70 Tex. Jur. 3d Tort Liability § 22 ("In short, the common law rule is that, if the independent tortious conduct of two or more persons is a legal cause of an indivisible injury, each person is jointly and severally liable for the recoverable damages caused by the tortious conduct.").

Further, the procedural posture in this case is distinct from *Frow*. Here, Plaintiff's success on his affirmative claims will not be affected by the entry of default judgments on Mr. Paul's crossclaims. Plaintiff argues that it is appropriate to deny entry of a default judgment against Mr.

---

[3] The distinction between claims seeking purely joint liability and claims seeking joint and several liability is another reason why Plaintiff probably does not have standing here: his claims against the Defendants raise only issues of joint and several liability. He has no purely joint liability claims in his Complaint, unlike in *Frow*. *Steffenberg v. Gilman*, No. 04-40113-CIV, 2005 WL 8176506, at *4 n.6 (D. Mass. Sept. 13, 2005) (expressing doubt that a defendant has standing to oppose entry of a default judgment against another defendant where the Plaintiff did not allege that the defendant was jointly liable for the other defendant's conduct).

Greenbaum and Mr. Ibanez because Plaintiff will litigate the merits of Mr. Paul's claims and defenses. *See* ECF No. 77 at ¶16. Not so. Plaintiff is not a party to the Crossclaim, nor is Mr. Greenbaum's or Mr. Ibanez's liability *to Mr. Paul* at issue in Plaintiff's case. Mr. Paul brings fraud claims against Mr. Greenbaum and Mr. Ibanez premised on the ways in which Mr. Greenbaum and Mr. Ibanez defrauded Mr. Paul in their course of business. Plaintiff does not — and cannot — explain how the entry of default judgment on Mr. Paul's Crossclaims against Mr. Ibanez and Mr. Greenbaum will lead to inconsistent judgments beyond the bald assertion that it will. Resp. Opp'n ¶ 15. That is not good enough. The entry of a default judgment against Mr. Ibanez and Mr. Greenbaum will not lead to inconsistent judgments, and Mr. Holland has not presented any evidence, argument, or authority even suggesting otherwise.

Like *Frow*, Plaintiff's other cases are similarly unhelpful to his position—i.e., not procedurally or factually analogous to the posture in this case. *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022); *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Mori Seiki USA, Inc. v. McIntyre*, No. 06-02344-CIV, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008).[4] In *Escalante*, for example, the Fifth Circuit confirmed the non-controversial proposition that multiple plaintiffs could obtain default judgments against a *single defendant in the same proceeding*. 34 F.4th at 495. That has nothing to do with this case.

*Lewis* is similarly not on point. There, the Fifth Circuit affirmed the denial of a motion for default judgment because the plaintiff's factual allegations were insufficient. 236 F.3d at 767-68.

---

[4] Plaintiff fails to provide the case number for his citation to *Deutsche Bank National Trust Company v. Rodriguez*, leaving Mr. Paul unable to review and assess Plaintiff's citation to this case. Resp. Opp'n ¶ 12. Therefore, the Court should disregard this matter because Plaintiff's improper citation has prevented Mr. Paul from being able to fully reply. At any rate, it appears from Plaintiff's discussion of the case that it is yet another case with an irrelevant procedural posture—its claims appear to involve multiple defendants in a single proceeding, rather than a plaintiff attempting to intervene in a crossclaim between defendants. *See id.*

Finally, *Mori Seiki* actually confirms Mr. Paul's position: in that case, the Northern District of Texas adopted the Seventh Circuit's reasoning in *Uranium*—*see supra* pp. 3-4 citing *Uranium* as distinguishing *Frow*—and *granted default judgment* against a single defendant despite the presence of multiple defendants in the case and claims with joint and several liability. 2008 WL 577274, at *2 ("The Seventh Circuit Court of Appeals has concluded that *Frow* does not preclude the entry of default judgment against one defendant when others remain if liability is joint and several.").

Mr. Paul's Crossclaim against Defendants Greenbaum and Ibanez is separate from the main proceeding. *See* Fed. R. Civ. P. 13(g) (treating crossclaims as separate actions from original proceeding); *Dunn.*, 645 F.2d at, 513, n.1 ("Under Fed. R. Civ. P. 13(g*)*, cross claims are permissive rather than compulsory and a party to an action has the opportunity to pursue it in an independent action."). And even if Plaintiff were a party to Mr. Paul's Crossclaim, modern case law—including the very case law Plaintiff cites—holds that *Frow* is inapplicable to claims involving joint and several liability. *See, e.g.*, *Uranium*, 617 F.2d at 1257-58; *Mori Seiki*, 2008 WL 577274, at *2.

Plaintiff never establishes how his claims against Defendants Greenbaum and Ibanez could be affected by Mr. Paul's claims, nor could he. They are premised on different allegations of fraud—fraud that is highly specific to Mr. Paul. For these reasons, Mr. Paul's motion should be granted.

### III. PLAINTIFF'S ADDITIONAL ARGUMENTS FAIL.

Plaintiff argues that in addition to the possibility of inconsistent judgments, other factors weigh in favor of denying entry of default judgment against Mr. Ibanez and Mr. Greenbaum. ECF No. 77 ¶ 20. The additional factors cited by Plaintiff for denying entry of a default judgment are unpersuasive. Plaintiff alleges that issues of fact remain as to each Defendant's liability to

Plaintiff—but those issues will remain even if a default judgment on Mr. Paul's Crossclaim are entered against Mr. Ibanez and Mr. Greenbaum. *See id*. Mr. Paul's fraud claims are premised on different conduct from the Plaintiff's claims.

Plaintiff also argues that a default judgment would require redundant discovery to Mr. Ibanez and Mr. Greenbaum but fails to explain how any discovery in aid of execution affects Plaintiff pursing discovery against Mr. Ibanez and Mr. Greenbaum. *See id*.

Finally, Plaintiff alleges that Mr. Paul will not be prejudiced because he will only recover money meant to be paid to the class. This is unavailing. First, Plaintiff must actually prevail on something to establish class entitlement to any funds. He will not. Second, Mr. Paul has suffered his own distinct injuries because of Mr. Ibanez and Mr. Greenbaum's fraud and has the right to pursue redress against those who injured him. Mr. Paul's pursuit of justice should not be delayed based on Plaintiff's failure to pursue his own claims against Mr. Greenbaum and Mr. Ibanez.

### IV. PLAINTIFF'S OPPOSITION IS AN ATTEMPT TO ENFORCE RIGHTS THAT THEY HAVE ALREADY ABANDONED.

Mr. Holland's attempt to interfere with Mr. Paul's default enforcement rights should be rejected for the legal reasons set forth above. In this section, however, Mr. Paul separately addresses the impropriety of Mr. Holland's ostensible attempts to backdoor enforcement of his own rights that he abandoned long ago in his own case.

Mr. Holland first filed this case on February 6, 2023. The same month, summonses were issued to all Defendants named in Plaintiff's Complaint. ECF Nos. 6, 22, and 23. In June 2023, Plaintiff filed proof of service on Mr. Ibanez. ECF No. 37. To date, Plaintiff has not served Mr. Greenbaum nor moved for a default for Mr. Ibanez's failure to respond to his Class Action Complaint. Plaintiff has therefore failed—for whatever reason, tactical, dilatory, or otherwise—to pursue his own claims against Mr. Ibanez and Mr. Greenbaum.

The Court should not condone Plaintiff's attempt to prevent Mr. Paul from diligently exercising *his own* rights consistent with his Crossclaim while simultaneously failing to pursue Mr. Holland's *own* claims against Mr. Ibanez and Mr. Greenbaum. Plaintiff's attempt to block entry of default judgments against Mr. Ibanez and Mr. Greenbaum on Mr. Paul's Crossclaim is nothing more than a thinly veiled attempt to enforce rights he has already abandoned. That attempt must be rejected.[5]

**WHEREFORE**, Defendant/Cross-Plaintiff Logan Paul requests that this Court grant his Motion for Entry of Default Judgment against Eduardo Ibanez and Jake Greenbaum, and award any other relief deemed just and proper.

---

[5] Mr. Paul notes that in furtherance of this attempt to revive Mr. Holland's previously abandoned rights, Plaintiff misrepresented to the Court the circumstances behind him seeking an extension of time to respond to Mr. Paul's motion. On July 2, 2024, at 10:06 pm CDT—less than **two hours** before the deadline to file a response to Mr. Paul's Motion—counsel for Plaintiff emailed counsel for Mr. Paul asking whether Mr. Paul would oppose an extension for Plaintiff to respond. *See* Email dated July 2, 2024, attached as **Exhibit A**. Plaintiff also demanded that Mr. Paul respond within one hour. Plaintiff then filed his motion without conferring with Mr. Paul's counsel. *See* Pl.'s Mot. to Extend Deadline, ECF No. 76. This failure to confer is an independent reason why Plaintiff's opposition can be disregarded. *See Berrios v. Cox*, No. 23-00063-CIV, 2024 WL 3223689 at *1 (W.D. Texas March 25, 2024). Finally, Mr. Paul notes that this is not the first time that Plaintiff abused the conferral process. *See* ECF No. 62.Mr. Paul's Response in Opposition to Plaintiff's Amended Motion for Leave to Amended Class Action Complaint (detailing Plaintiff's gamesmanship in advance of filing his proposed Amended Class Action Complaint).


Respectfully submitted,

| | |
|---|---|
| /s/ *Benjamin J. Widlanski*<br>Benjamin J. Widlanski, Esq.<br>Email: bwidlanski@kttlaw.com<br>Tal Lifshitz, Esq.<br>Email: tjl@kttlaw.com<br>Rachel Sullivan, Esq.<br>Email: rs@kttlaw.com<br>Jeffrey Leavitt, Esq.<br>jleavitt@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br>*Counsel for Defendant Logan Paul* (admitted *pro hac vice*) | /s/ *Jeffrey Neiman*<br>Jeffrey Neiman, Esq.<br>jneiman@mnrlawfirm.com<br>Jason L. Mays, Esq.<br>jmays@ mnrlawfirm.com<br>**MARCUS, NEIMAN, RASHBAUM & PINEIRO LLP**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2530<br>Miami, Florida 33131<br>Telephone: (305) 400-4260<br><br>*Counsel for Defendants Paul* (admitted *pro hac vice*) |
| /s/ *Shelby O'Brien*<br>Shelby O'Brien<br>**ENOCH KEVER PLLC**<br>7600 N. Capital of Texas Highway<br>Building B, Suite 200<br>Austin, Texas 78731<br>Telephone: (512) 615-1223<br>Facsimile: (512) 615-1198<br>sobrien@enochkever.com<br>*Counsel for Defendants Paul, Levin, and Bentov*<br>(admitted to Western District of Texas) | |

**CERTIFICATE OF SERVICE**

    I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 19th day of July 2024, on Eduardo Ibanez at 20 Greene St., Apt. #4A, New York, NY 10013 and on Jake Greenbaum at [jakethecryptoking@gmail.com](mailto:jakethecryptoking@gmail.com). Service by direct message on X would be futile because Mr. Greenbaum has blocked direct messages from the account used to provide service of process.

                                        /s/ *Benjamin J. Widlanski*
                                           Benjamin J. Widlanski, Esq.