UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH,<br><br>**Defendants.** | CIVIL ACTION NO. 1:23-CV-0110 |

**ORDER GRANTING PLAINTIFF'S AMENDED OPPOSED MOTION FOR LEAVE TO FILE AMENDED CLASS ACTION COMPLAINT**

This Order addresses Plaintiff Don Holland, individually and on behalf of all others similarly situated, and Plaintiff's Amended Opposed Motion for Leave to File an Amended Class Action Complaint. ECF No. 60. For the reasons set forth below, the Court grants the motion.

On February 2, 2023, Plaintiff Don Holland filed a class action lawsuit against Defendants CryptoZoo Inc., Logan Paul, Danielle Strobel, Jeffrey Levin, Eduardo Ibanez, Jake Greenbaum (a/k/a Crypto King), and Ophir Bentov (a/k/a Ben Roth). ECF No. 1. The lawsuit alleges various causes of action, including fraud, breach of contract, and violations of federal securities laws, stemming from the Defendants' promotion of the CryptoZoo project, a digital collectible game marketed as a lucrative investment opportunity. *Id*. The Plaintiff contends that the Defendants' misrepresentations led to substantial financial losses for investors. *Id*.

Following the initial filing, the parties entered into a tolling agreement to facilitate mediation and settlement discussions. However, these efforts did not lead to a resolution. During this period, Plaintiff identified additional plaintiffs who were similarly affected, along with new claims under federal securities laws. Consequently, on January 15, 2024, Plaintiff filed an Amended Opposed Motion for Leave to File an Amended Class Action Complaint, seeking to add over one hundred and thirty new plaintiffs and introduce additional claims. ECF No. 60.

"[L]eave should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "The standard to freely give leave when justice so requires 'evinces a bias in favor of granting leave to amend.'" Goldstein v. MCI WorldCom, 340 F.3d 238, 254 (5th Cir. 2003)). "In other words, the baseline presumption is that leave will be granted when a plaintiff moves for it." Heller v. Marriott Vacations Worldwide Corp., No. EP-22-CV-00398-FM-MAT, at *3 (W.D. Tex. Feb. 2, 2024) (slip-copy). The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002).

Defendants object to Plaintiff's motion on several grounds. First, they argue that the proposed amendments are futile, particularly regarding the additional claims and plaintiffs, due to alleged jurisdictional issues. Defendants assert that the amended complaint fails to establish personal jurisdiction over certain defendants and that the new claims would not survive a motion to dismiss under Rule 12(b)(6).

However, Rule 15 does not require a Rule 12(b)(6) analysis as a prerequisite for granting leave to amend. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Second, Defendants contend that the motion was filed in bad faith, pointing to the timing of the amendments and the inclusion of additional plaintiffs. However, there is no evidence in the record that Plaintiff has acted in bad faith or with undue delay. The amendments appear to be a legitimate attempt to preserve the claims of additional affected individuals and to ensure that all relevant issues are addressed in this litigation.

Lastly, Defendants suggest that Plaintiff should not be allowed to amend the complaint after responding to a Rule 12(b)(6) motion to dismiss. However, the Fifth Circuit has consistently held that granting leave to amend is particularly appropriate when the case has not yet been dismissed and the amendments are sought to address issues raised in the motion to dismiss. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. App'x 305, 329 (5th Cir. 2002).

There is no evidence that Plaintiff has brought this motion in bad faith or with undue delay, and Defendants have not demonstrated that they would be unduly prejudiced by the amendment. Accordingly, the Court finds that leave to amend is warranted.

The Court, having considered the Amended Motion, any responses or replies in opposition, and the record before it, finds that the Amended Motion (ECF No. 60) is meritorious and should be **GRANTED**.  It is therefore **ORDERED** that:

- Plaintiffs' First Amended Class Action Complaint, attached as Exhibit A to the Amended Motion, be entered as Plaintiffs' operative pleading;
- The additional plaintiffs enumerated in Exhibit A be added as Plaintiffs to the case; and
- Defendants' deadline to respond to the amended pleading is fourteen (14) days after the signing of this Order.

- Defendant's Motions to Dismiss (ECF No. 22, 23) are **DENIED AS MOOT** in light of Plaintiff's amendment. Defendant's may refile any motions to dismiss based on the amended allegations.

Signed this 19th day of August, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE