**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

DON HOLLAND, individually and on behalf of all
others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation,
LOGAN PAUL, DANIELLE STROBEL, JEFFREY
LEVIN, EDUARDO IBANEZ, JAKE
GREENBAUM a/k/a CRYPTO KING, and OPHIR
BENTOV a/k/a BEN ROTH,

Defendants.
_____/

LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING

Cross-Defendants.

_____/

Civil Action No. 1:23-cv-110

**DEFENDANT LOGAN PAUL'S UNOPPOSED MOTION
TO EXCEED PAGE LIMIT**

Defendant Logan Paul moves this Court for an extension of the page limit for motions

established in Western District of Texas Local Rule CV-7(c) by thirty (30) pages, to allow Mr. Paul

a total of fifty (50) pages for his motion to dismiss the Plaintiffs' First Amended Class-Action

Complaint (the "FAC," ECF No. 81) (exclusive of the caption, table of contents and authorities,

signature block, certificates, and exhibits), and in support states as set forth below.

1

1.      The FAC consists of 531 numbered paragraphs over 115 pages, and it alleges twenty-seven (27) claims for relief. Those claims for relief range from common-law fraud and other tort claims, to breach of contract claims, to federal securities and commodities law claims and RICO claims. (FAC ¶¶ 235-523.) The FAC's twenty-seven counts further include claims under thirteen different states' common law and statutes. (*Id.*)

2.      Western District of Texas Local Rule CV-7(c) states that motions other than "discovery and case management motions . . . are limited to 20 pages."

3.      Mr. Paul's Motion to Dismiss cannot be completed within the twenty pages set by the Local Rules for dispositive motions. Indeed, with **twenty-seven** separate claims for relief in the FAC, Mr. Paul would have **less than one page** to respond to each count under the standard page limit. That limit would not even account for other essential portions of the briefing, such as the factual background and relevant legal standards.

4.      Mr. Paul's requested extension—for a total of fifty (50) pages—would still amount to less than two pages per count in the FAC. Mr. Paul has drafted his motion in the most concise manner possible given the present circumstances, without waiving or abandoning legal arguments he must make now.

5.      Additionally, the FAC raises novel legal issues that require significant legal analysis by Mr. Paul. Specifically, Plaintiffs raise federal securities and commodities claims based on the sale of cryptocurrency and non-fungible tokens ("NFTs"), which only recently have become the subject of review by courts under the federal securities and commodities statutes. Mr. Paul therefore also requires excess pages to address these novel issues.

6.      Mr. Paul's request for excess pages in his Motion to Dismiss is therefore reasonable and in no way meant to burden the Court or the Parties.

7.      Mr. Paul attaches his proposed Motion to Dismiss to this motion as **Exhibit A**, consistent with Local Rule CV-7(b). Additionally, a proposed order granting this motion is attached as **Exhibit B**.

8.      Therefore, Mr. Paul requests an additional thirty (30) pages for his Motion to Dismiss the Amended Complaint, for a total of fifty (50) pages (exclusive of the caption, table of contents and authorities, signature block, certificates, and exhibits) to appropriately address each of the allegations raised.

## **CONCLUSION**

In conclusion, for the reasons set forth in this motion, the Court should grant Mr. Paul's Motion to Exceed Page Limit and grant Mr. Paul an additional thirty (30) pages, for a total of fifty (50) pages, for his Motion to Dismiss Plaintiffs' Amended Complaint (exclusive of the caption, table of contents and authorities, signature block, certificates, and exhibits).

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

Mr. Paul certifies that he conferred with Plaintiffs regarding the relief requested in this Motion and Plaintiffs do not oppose the relief requested in this Motion, provided that Mr. Paul does not oppose the same relief for Plaintiffs in their response to Mr. Paul's Motion to Dismiss, which he does not oppose.

Dated:  August 29, 2024.

Respectfully submitted,

| /s/ *Benjamin J. Widlanski* | /s/ *Jeffrey Neiman* |
|---|---|
| Benjamin J. Widlanski, Esq. | Jeffrey Neiman, Esq. |
| Email: bwidlanski@kttlaw.com | jneiman@mnrlawfirm.com |
| Tal Lifshitz, Esq. | Jason L. Mays, Esq. |
| Email: tjl@kttlaw.com | jmays@ mnrlawfirm.com |
| Rachel Sullivan, Esq. | **MARCUS, NEIMAN, RASHBAUM & PINEIRO LLP** |
| Email: rs@kttlaw.com | |
| Clayton J. Schmitt, Esq. | One Biscayne Tower |

| | |
|---|---|
| Email: cschmitt@kttlaw.com<br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br>*Counsel for Defendant Logan Paul* (admitted *pro hac vice*) | 2 South Biscayne Boulevard, Suite 2530<br>Miami, Florida 33131<br>Telephone: (305) 400-4260<br><br>*Counsel for Defendants Paul* (admitted *pro hac vice*) |
| */s/ Shelby O'Brien*<br>Shelby O'Brien<br>**ENOCH KEVER PLLC**<br>7600 N. Capital of Texas Highway<br>Building B, Suite 200<br>Austin, Texas 78731<br>Telephone: (512) 615-1223<br>Facsimile: (512) 615-1198<br>sobrien@enochkever.com<br>*Counsel for Defendants Paul,*<br>*Levin, and Bentov*<br>(admitted to Western District of Texas) | |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 29th day of August 2024.

By: /s/ *Clayton J. Schmitt*
Clayton J. Schmitt, Esq.