IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 1:23-cv-00110 |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, | § § § § § § § | |
| *Defendants.* | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT DANIELLE STROEBEL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND ALTERNATIVE MOTION FOR LEAVE TO AMEND**

Plaintiffs, individually and on behalf of all other persons similarly situated, opposes Defendant Danielle Strobel's ("Defendant") motion to dismiss for lack of personal jurisdiction [Dkt. 86] ("Motion") and alternatively moves for jurisdictional discovery and leave to amend:

**I.   The Court has specific jurisdiction based on uncontraverted allegations.**

1. Defendant's Motion asserts this Court has no personal jurisdiction over Defendant here and moves to dismiss. Plaintiffs do not claim to have general jurisdiction over Defendant but do have specific jurisdiction, as explained below.

2. As Defendant notes,[1] the Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant

---

[1] Defendant cites *Defense Distributed v. Grewal*, 971 F.3d 485, 490–91 (5th Cir. 2020) for the specific jurisdiction analysis. Motion, p. 8.

has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Which is about the extent of relevant caselaw Defendant includes regarding specific jurisdiction.

3.  Defendant instead cites stale caselaw that does not reflect the current state of the "minimum contacts" step of the analysis. The Fifth Circuit held minimum contacts are met:

> so long as the court finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state. Under that test, mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.

*Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (internal citations and quotation marks omitted). Defendant cites cases from before or around the time *Ainsworth* was decided in support of their specific jurisdiction arguments and do not include this decade old caselaw.

4.  The affidavit Defendant provided is the only evidence supporting her position. *See* Dkt. 86-1. In support of her previously filed Motion to Dismiss, Defendant stated "I have never hired any employees in the State of Texas." *See* Dkt. 22-1 at ¶ 5. Notably, Defendant has removed that claim from her affadavit in support of the current Motion because she can no longer swear to that fact given the obvious proof that Defendants hired software developers based in Austin, Texas, to develop the CryptoZoo game. Compl. ¶ 186, 209. Defendant likewise did not attest that Cryptozoo employees, agents, contractors, or other entities related to Cryptozoo did not hire employees in Texas on its behalf. A "principal is charged both with the acts of an agent committed

within the scope of his duties and with knowledge of such acts." *Duffie v. Wichita Cnty.*, 990 F. Supp. 2d 695, 722 (N.D. Tex. 2013).

5.  Defendant fails to note the Court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Here, it is not disputed that Defendant, through CryptoZoo, delivered products into the stream of commerce with the expectation that they would be purchased by or used by consumers across the world, including Texas. Compl. ¶¶ 32-34. Additionally, Plaintiffs specifically alleged that Logan Paul conveyed to the other CryptoZoo founders that he was specifically worried about access to crypocurrency marketplaces being banned in Texas and losing out on that market. Compl. ¶ 212. Applying the *Ainsworth* standard, it was both foreseeable CryptoZoo would be purchased in Texas and that CryptoZoo had awareness that it was selling in the Texas Market—which provides a constitutionally sufficient basis for personal jurisdiction.

6.  Defendant also did not dispute Plaintiffs' allegations regarding her role at CryptoZoo. Danielle Strobel was a founder of CryptoZoo [Compl., ¶ 190]—which still has yet to answer in this suit. Plaintiffs also alleged alter ego, principal-agent liability, and for the corporate veil to be pierced. *Id*., ¶¶ 43–44. Plaintiffs' allegations make clear Defendant was working jointly with the other Defendants to defraud consumers behind the veil of CryptoZoo. *Id*., ¶¶ 3–31. The actions taken on behalf of CryptoZoo may therefore be imputed on each individual Defendant. Defendant does not address the agency or alter-ego issues.

7.  Plaintiffs alleged Defendant and the other named Defendants failed to provide software/blockchain development that would function as represented by CryptoZoo. So if both Defendant's affidivat and Plaintiffs' allegations are taken as true, Defendant could have used other

CryptoZoo founders, agents, or affiliates to hire Texas residents on her behalf—which is uncontroverted—providing specific jurisdiction over Defendant. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."); *Russell v. 29 Prime, Inc.*, No. CIV.A. 13-12814-NMG, 2014 WL 3510291, at *2 (D. Mass. July 10, 2014) ("Despite the separate legal status of [defendant] and its resellers, the Court is not persuaded that defendant should be permitted to hide behind a transparent corporate shield for the purpose of avoiding personal jurisdiction…").

8. Plaintiffs also alleged that CryptoZoo hired Texas-based employees or contractors for software/blockchain development—which directly relates to his claims—and at leat one founder of CryptoZoo visited Texas on CryptoZoo business.[2] Compl. ¶¶ 186, 209. CryptoZoo's hiring of Texas-based employees is direcly related to its need to create or provide the promised software.

9. "A plaintiff does not have to establish personal jurisdiction by a preponderance of evidence when the Court does not hold an evidentiary hearing." *Le-Vel Brands, LLC v. Quintessential Biosciences, Inc.*, No. 3:18-CV-3322-K, 2019 WL 2578619, at *2 (N.D. Tex. June 24, 2019) (citing *Bonner v. Triple–S Mgmt. Corp.*, 661 F. App'x 820, 821–22 (5th Cir. 2016)). "[The Court] must accept the plaintiff's uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id*. (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014)).

10. Accordingly, resolving all conflicts in favor of Plaintiff's uncontroverted allegations, Defendant or agents or someone acting on her or CryptoZoo's behalf, sold CryptoZoo

---

[2] If given leave to amend, Plaintiff will include this information in its Amended Complaint.

products to consumers in Texas with the intent of selling to consumers in Texas—which is sufficient to confer specific jurisdiction over this case—and Defendant's Motion should be denied.

**II.    The Court has personal jurisdiction over Plaintiffs' federal claims.**

11.    Defendant's arguments over Plaintiffs' Securities Exchange Act, Commodity Exchange Act, and RICO claims are identical to the arguments raised in Defendant Paul's and Defendants Levin and Bentov's Motions to Dismiss and are thoroughly addressed in Plaintiffs' Response to Defendant Paul's Motion to Dismiss.

12.    As to the arguments raised as specifically applied to Defendant's fraudulent behavior, Defendant cannot disclaim liability merely by having a single spokesperson make all public statements concerning the CryptoZoo scheme. All Defendants, including Defendant Strobel, were responsible for the promotional materials, press releases, and public statements on which Plaintiffs relied when purchasing CryptoZoo products. Compl. ¶ 499, 507. Specifically, Plaintiffs allege that Defendant Levin is Defendant Paul's "assistant" who specifically performed administrative assistance regarding Defendants' internal communications, including Defendant Paul's promotions and public statements. *Id*. at ¶ 190.

13.    Moreover, regardless of any statements made or lack thereof, Rule 10b-5 of the Exchange Act applies in equal force to individuals who "employ any device, scheme, or artifice to defraud" or "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 157 (2008) (quoting 17 C.F.R. § 240.10b-5). Defendants acts of artificially inflating the value of CryptoZoo products prior to public sale is a "scheme," "act," and "course of business" that "operates . . . as a fraud or deceit" upon potential purchasers of CryptoZoo products.

14. Plaintiffs affirmatively alleged that Defendants secretly purchased CryptoZoo products before public release to artificially inflate the price at public release. Compl. ¶ 217. After the products were released and began to sell at this inflated price, Defendants sold their products for an immediate profit, which consequently drove the value of the products down for the remaining investors. *Id*. Defendants also bought and sold CryptoZoo products in bulk as the scheme failed, which created a false surge in price in which Defendants could dump their products at the high price before driving the value down to zero as the market flooded with those products. *Id*. at ¶ 214. This manipulation of the market was a key part of Defendants' fraudulent scheme.

### III. Alternatively, Plaintiffs ask the Court to grant jurisdictional discovery and leave to amend their complaint.

15. A "court has discretion to permit a party to conduct jurisdictional discovery to resolve issues of fact raised by a motion to dismiss for lack of personal jurisdiction." *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *4 (W.D. Tex. Aug. 10, 2020) (denying motion to dismiss and ordering jurisdictional discovery where plaintiff's allegations "suggest with reasonable particularity the possible existence of the requisite contacts"). Defendant does not deny one of their or CryptoZoo's agents, contractors, or employees could have reached out to people, or been employed, in Texas. If the Court is not satisfied that there is specific jurisdiction over Defendant based on the pleadings, Plaintiffs request the Court grant them jurisdictional discovery to determine the extent of Defendant's contacts with Texas and replead.

16. Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *4 (W.D. Tex. Aug. 10, 2020). The court should "freely give leave when justice so requires." *Id*. "In determining whether leave to amend should be granted, the court can consider factors such as: (1) undue delay; (2) bad faith or dilatory motive on

the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment." *Id*. "A court must have "substantial reason" to deny a request for leave to amend. *Id*.

17. Again, if the Court is not satisfied that there is specific jurisdiction over Defendant, Plaintiffs request leave to amend their complaint to incorporate any limited jurisdictional discovery ordered by the Court. Amendment following jurisdictional discovery would be a good-faith attempt to strengthen pleadings in light of new information. There has not yet been repeated failure to cure deficiencies to overcome the liberal policy in favor of amendment. Amendment will not cause undue delay or undue prejudice given the early phase of proceedings.

### IV. In conclusion, Plaintiffs request Defendant's Motion be denied.

18. Plaintiffs alleged uncontroverted bases for specific jurisdiction over Defendant in the Western District of Texas through Defendant's actions of selling CryptoZoo products to Texas residents with awareness they were selling to the Texas market, hiring people to work on the game in Austin, Texas, and discussing the Texas market internally. Alternatively, Plaintiffs request jurisdictional discovery and leave to amend their complaint. Accordingly, Plaintiffs ask the Court to deny Defendant's Motion and grant them all other and further relief to which they may be justly entitled.

Dated: October 16, 2024

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**-AND-**

**ATTORNEY TOM & ASSOCIATES**
Tom Kherkher (*pro hac vice* forthcoming)
Texas Bar No. 24113389
tom@attorneytom.com
5909 West Loop South Suite 525
Houston, Texas 77401
Phone: (855) 866-9467

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d), I hereby certify that, on October 16, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey