# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff*, § § | Civil Action No. 1:23-cv-00110 |
| vs. § § | |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH, § § § § § § § § | |
| *Defendants*. § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT LOGAN PAUL'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, individually and on behalf of all other persons similarly situated, file this Response to Defendant Logan Paul's ("Defendant") Notice of Supplemental Authority [Dkt. 101] ("Notice") and would show the Court the following:

1.  Defendant Logan Paul's reliance on the SEC Staff Statement on Meme Coins (Feb. 27, 2025) is inapposite. That staff statement addresses "meme coins," defined as crypto assets "inspired by internet memes, characters, current events, or trends" and typically purchased "for entertainment, social interaction, and cultural purposes," without any functional utility or expectation of profit derived from the efforts of others. See SEC Division of Corporation Finance, *Staff Statement on Meme Coins* (Feb. 27, 2025), at 1–2.

2.      The allegations in this case concern none of that. Plaintiffs do not claim $ZOO was a meme coin. They allege that Defendants—including Paul—promoted $ZOO as part of a blockchain-based game project, *CryptoZoo*, that was described as imminently launching and generating returns through in-game rewards and other mechanisms. *See* Am. Compl. ¶¶ 2, 25–30, 43–47, 66–68. Plaintiffs invested in reliance on those representations, with a reasonable expectation of profit from Defendants' managerial and entrepreneurial efforts in building the promised ecosystem. *Id.* ¶¶ 75–76, 78–81.

3.      This is precisely the kind of arrangement the Supreme Court identified in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), as constituting an investment contract—and thus a security—where there is (1) an investment of money, (2) in a common enterprise, (3) with an expectation of profits derived from the efforts of others. Courts have repeatedly applied *Howey* to find tokens sold in connection with blockchain-based projects to be securities. *See, e.g.*, *SEC v. Terraform Labs Pte. Ltd.*, No. 23-cv-1346, 2023 WL 4858299, at *11–12 (S.D.N.Y. July 31, 2023); *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 179–82 (S.D.N.Y. 2020).

4.      Moreover, the SEC staff statement expressly limits its scope, stating that its conclusions "do not extend to the offer and sale of meme coins that are inconsistent with the descriptions set forth above." Staff Statement at 3. The $ZOO token—as alleged—was not marketed for entertainment or as a cultural collectible, but as part of a serious profit-generating project that Defendants never delivered.

5.    In short, this supplemental authority has no bearing on the legal sufficiency of Plaintiffs' securities fraud claims. It addresses a different species of crypto asset, in a different factual and legal context. Defendants' invocation of it is not only unpersuasive—it underscores the weakness of their motion to dismiss.

Dated:  April 4, 2025                                    Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**-AND-**

**ATTORNEY TOM & ASSOCIATES**
Tom Kherkher (*pro hac vice* forthcoming)
Texas Bar No. 24113389
tom@attorneytom.com
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (855) 866-9467

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      Pursuant to Federal Rule of Civil Procedure 5(d), I hereby certify that, on April 4, 2025,the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                */s/ Jarrett L. Ellzey*
                                                Jarrett L. Ellzey