IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

DON HOLLAND, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, DANIELLE STROBEL, JEFFREY LEVIN, EDUARDO IBANEZ, JAKE GREENBAUM a/k/a CRYPTO KING, and OPHIR BENTOV a/k/a BEN ROTH,

Defendants.
_____/
LOGAN PAUL,

Cross-Plaintiff,

vs.

EDUARDO IBANEZ and
JAKE GREENBAUM a/k/a CRYPTO KING

Cross-Defendants.
_____/

Civil Action No. 1:23-cv-110

**DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S REPLY IN SUPPORT OF HIS NOTICE OF FILING SUPPLEMENTAL AUTHORITY <u>RELATING TO MOTION TO DISMISS</u>**

Defendant/Cross-Plaintiff Logan Paul submitted the Notice of Supplemental Authority relating to Motion to Dismiss (the "Notice," ECF No. 101) because it supports the arguments he has previously made regarding the wildly speculative nature of Plaintiffs' purchases of CryptoZoo products. Those arguments—which undermine Plaintiffs' repeated yet unsupported labeling of their purchases as "investments" to try to get their claims within the ambit of the federal securities laws—are set forth in detail in Mr. Paul's Motion to Dismiss, at pages 23-31.

The Plaintiffs assert in their Response to Mr. Paul's Notice that the SEC Staff Statement can be disregarded in its entirety because the First Amended Class Action Complaint does not specifically allege that the CryptoZoo Products are "meme coins," as addressed in the statement. (Pl.'s Resp. Opp'n Not. Supp. Auth. ¶ 2.) That misunderstands the point of Mr. Paul's argument, as well as the scope and meaning of the SEC's position.

As the SEC Staff Statement itself states, "the economic realities of the particular **transaction**" control the determination at hand. (Not. Ex. A at 3 (emphasis added).) Plaintiffs' own allegations demonstrate that "the economic realities" of their own "particular transactions"—just as with "meme coins"—do not support the application of federal securities laws to CryptoZoo Products. (Mot. Dismiss at 23-31; Reply Supporting Mot. Dismiss at 10-14, ECF No. 96.) Therefore, the Court can and should consider the SEC Staff Statement in addressing Mr. Paul's Motion to Dismiss.

Date: April 11, 2025

Respectfully submitted,

/s/ *Benjamin J. Widlanski*
Benjamin J. Widlanski, Esq.
Email: bwidlanski@kttlaw.com
Tal Lifshitz, Esq.
Email: tjl@kttlaw.com
Rachel Sullivan, Esq.
Email: rs@kttlaw.com
Clayton Schmitt, Esq.
cschmitt@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Defendant Logan Paul*
(admitted *pro hac vice*)

/s/ *Jeffrey Neiman*
Jeffrey Neiman, Esq.
jneiman@mnrlawfirm.com
Jason L. Mays, Esq.
jmays@ mnrlawfirm.com
**MARCUS, NEIMAN, RASHBAUM & PINEIRO LLP**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2530
Miami, Florida 33131
Telephone: (305) 400-4260

*Counsel for Defendant Paul*
(admitted *pro hac vice*)

15F2894.03

*/s/ Shelby O'Brien*
Shelby O'Brien
**BUTLER SNOW LLP**
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Telephone: (737) 802-1800
Facsimile: (737) 802-1801
shelby.obrien@butlersnow.com

*Counsel for Defendants Paul,*
*Levin, and Bentov*
(admitted to Western District of Texas)

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on the 11th day of April 2025.

*/s/ Benjamin J. Widlanski*
Benjamin J. Widlanski, Esq.

15F2894.03