IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, *Plaintiffs*, | § § § |
| v. | § § 1:23-CV-00110-ADA-RCG |
| CRYPTOZOO INC., a Delaware Corporation; LOGAN PAUL; DANIELLE STROBEL; JEFFREY LEVIN; EDUARDO IBANEZ; JAKE GREENBAUM a/k/a CRYPTO KING; and OPHIR BENTOV a/k/a BEN ROTH; *Defendants*. | § § § § § § § § § § |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Defendant/Cross-Plaintiff Logan Paul's ("Paul") Motion for Default Judgment against Defendants/Cross-Defendants Eduardo Ibanez ("Ibanez") and Jake Greenbaum ("Greenbaum"). (Doc. 75).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of Paul's Motion and relevant case law, the Court **RECOMMENDS** Paul's Motion for Default Judgment be **DENIED WITHOUT PREJUDICE**. (Doc. 75).

### I. BACKGROUND

This case involves an alleged cryptocurrency scam. (Doc. 1).[2] On February 2, 2023, Plaintiff Don Holland, on behalf of a class similarly situated ("Plaintiffs"), sued several defendants—including Paul, Ibanez, and Greenbaum—among others (collectively, "Defendants"). *Id*. Plaintiffs amended their Complaint, adding a variety of claims and parties on August 19, 2024. (Doc. 81). The other defendants, save Ibanez and Greenbaum, appeared in the

---
1. All citations are to CM/ECF generated pagination, unless otherwise noted.
2. For purposes of disposing of the instant Motion, primarily the procedural facts, not substantive, are relevant.

case and responded to the Amended Complaint. (Docs. 85, 86, 87).[3] As of the date of this Report and Recommendation, neither Ibanez nor Greenbaum has appeared in this case. On January 4, 2024, Paul filed his Answer, asserting both affirmative defenses to Plaintiffs' claims, as well as crossclaims against Ibanez and Greenbaum. (Doc. 55).[4] Paul raises two crossclaims: (1) fraudulent inducement, and (2) fraudulent misrepresentation. *Id*. at 38–40. In essence, Paul points the finger at the empty chairs, arguing Ibanez and Greenbaum—as opposed to Paul, himself—were responsible for the downfall of their joint venture, CryptoZoo, Inc. ("CryptoZoo"). *Id*. at 15–40. According to Paul, Ibanez and Greenbaum not only fraudulently induced him into embarking on the joint undertaking with them, but they also made various fraudulent misrepresentations about their qualifications and actions, as well as the status of CryptoZoo along the way. *Id*. In Paul's eyes, although Ibanez and Greenbaum touted themselves as jacks of all trades, they were, in fact, masters of none. *Id*. at 16. Upon receiving no response, Paul moved for Clerk's Entry of Default as to his crossclaims on April 17, 2024 (Doc. 69), and default was entered on May 16, 2024 (Doc. 74). Unlike Paul, Plaintiffs did not move for entry of default, even though Ibanez and Greenbaum failed to respond to their Amended Complaint.

By his present Motion, Paul asks the Court to enter default judgment against Ibanez and Greenbaum as to his crossclaims. Notably, various other motions—including Paul's Motion to Dismiss for Failure to State a Claim—are still pending before the Court. (Docs. 85, 86, 87). Plaintiffs, against whom Paul asserted no claims, responded to Paul's Motion. (Doc. 77). Paul replied, arguing, among other things, Plaintiffs lack standing to contest his Motion for Default

---

3. Although not relevant here, CryptoZoo, Inc. also has not appeared in this case.
4. No dispute exists as to Ibanez and Greenbaum's receipt of service of Paul's crossclaims. (Docs. 67, 72)

Judgment against Ibanez and Greenbaum. (Doc. 78).[5] Considering Paul's Motion and relevant caselaw, the Court finds this matter ripe for disposition.

## II. DISCUSSION

Paul's Motion presents only one narrow issue for the Court to resolve: whether default judgment against Ibanez and Greenbaum is proper in light of the other, unresolved claims pending in the suit. For reasons below, the undersigned is of the opinion that it is not.

Courts have long agreed the leading case on this issue is *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). In *Frow*, the plaintiff sued eight defendants, who conspired to defraud him out of land. *Id*. at 554. One defendant failed to appear in the suit, so the Court entered default judgment against him, while the claims as to the answering defendants were pending. *Id*. The answering defendants subsequently prevailed on the merits, yielding inconsistent judgments. *Id*. The Court found "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id*. In other words, based on *Frow*, courts should refrain from granting default judgment as to the defaulting defendant when claims as to the answering, co-defendants are pending. *Id*.

Since the *Frow* Court's ruling, this area of the law has evolved tremendously, resulting in a circuit split. *See AE Mktg. L.L.C. v. Jenkins-Baldwin Corp.*, No. 07-CV-0321, 2013 WL 12226764, at *6 (N.D. Tex. Jan. 2, 2013). The first school of thought calls for a narrow reading of *Frow* and application only in situations involving purely joint liability, as opposed to cases raising joint and several liability. *See Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) ("The *Frow* rule is a narrow one, however, and applies in general when the liability of the defendants is joint."); *Arwa Chiropractic, P.C. v.*

---

5. For purposes of this Motion, the Court need not delve into the issue of Plaintiffs' standing to oppose Paul's Motion for Default Judgment against Ibanez and Greenbaum. The Court makes its determination based solely on the Motion and the relevant caselaw, not the arguments raised in Plaintiffs' Response.

*Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 951 (7th Cir. 2020) (finding no logical inconsistencies in granting default as to one defendant when all defendants are sued jointly and severally). The broader interpretation, on the other hand, looks not to the breed of liability, but rather the degree to which the defendants are similarly situated and possess closely related defenses. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (declining to rule on default judgment because the defendants, although not jointly liable, were similarly situated); *U.S. ex rel. Costner v. United States*, 56 F. App'x 287, 288 (8th Cir. 2003) (applying the *Frow* rule to a case where the defendants had "closely related defenses"). Unfortunately, the Fifth Circuit has yet to weigh in on its preferred approach. In fact, to this Court's knowledge, the Fifth Circuit has only cited to *Frow* twice and did not specifically endorse either approach in those instances. *See Crop Prod. Servs. v. Keeley*, 691 F. App'x 159 (5th Cir. 2017) (per curiam); *Escalante v. Lidge*, 34 F.4th 486 (5th Cir. 2022). Regrettably, neither case sheds much light on the issue before the Court here.

In *Keeley*, the court found *Frow* inapplicable for reasons not present here. There, "[the answering defendant] successfully defended himself against a distinct legal claim not advanced against [the defaulting defendant], . . . but his success [did] not establish that [the plaintiff] had no other viable claims against [the defaulting defendant]." 691 F. App'x at 163. Because the claims asserted against the co-defendants were distinct, the court held the district court did not err in denying the answering defendants' motion to vacate default judgment. *Id*. at 164. Unlike in *Keeley*, Plaintiffs in this case assert the exact same claims against all Defendants, including Ibanez and Greenbaum. (Doc. 81 at 56–111). *Escalante's* reach is even more attenuated. There, the court tackled the issue of awarding inconsistent judgments to multiple plaintiffs against one defendant. 34 F.4th at 498. The court reasoned, because *Frow's* "key consideration is the

4

assurance of consistent verdict determinations[,]" *Frow* has no bearing on various plaintiffs seeking default judgments against a sole defendant and receiving inconsistent results. *Id.* (internal citations and quotation marks omitted). All in all, Fifth Circuit precedent illuminates very little on the issue before the Court today.

Luckily, the Court has at its disposal a mountain of caselaw from this district to emulate. To date, twenty-four cases from the Western District of Texas have cited to *Frow*. Justification for doing so aside, of the twenty-four cases, twenty of them either denied default judgment without prejudice as premature or granted motions to set aside default judgment. *See YETI Coolers, LLC v. Mercatalyst, Inc.*, No. 22-CV-01337, 2024 WL 3390620, at *3 (W.D. Tex. May 23, 2024); *Avitia v. Nationwide Hous. Sys., LLC*, No. 20-CV-069, 2021 WL 8053618, at *3 (W.D. Tex. Aug. 12, 2021); *Jay v. Wells Fargo Bank, N.A.*, No. 19-CV-503, 2019 WL 6311369, at *5 (W.D. Tex. Nov. 25, 2019); *Hamilton v. EnerSafe, Inc.*, No. 15-CA-00965, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018), *R. & R. adopted*, 2018 WL 7822064 (W.D. Tex. Dec. 19, 2018); *New York Marine & Gen. Ins. v. Joedward Cardona*, No. 17-CV-00246, 2018 WL 7297825, at *3 (W.D. Tex. Mar. 27, 2018); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. 07-CA-990, 2009 WL 10669490, at *5 (W.D. Tex. May 28, 2009); *Berkshire Bank v. Sichem, Inc.*, No. 24-CV-01275, 2025 WL 1692880, at *2 (W.D. Tex. June 10, 2025), *R. & R. adopted*, 2025 WL 1789662 (W.D. Tex. June 27, 2025); *WeGrow AG LLC v. Mavco Energy, LLC*, No. 23-CV-00922, 2024 WL 5036560, at *2 (W.D. Tex. Sept. 12, 2024); *AHBP LLC v. Lynd Co.*, No. 22-CV-00096, 2023 WL 367704, at *2 (W.D. Tex. Jan. 23, 2023); *Hammond v. United States*, No. 21-CV-00686, 2022 WL 1830739, at *2 (W.D. Tex. June 3, 2022), *R. & R. adopted*, 2022 WL 20613194 (W.D. Tex. July 18, 2022); *Ridings v. Aspen Contracting, Inc.*, No. 19-CV-01048, 2021 WL 2587953, at *3

(W.D. Tex. June 23, 2021), *R. & R. adopted*, 2021 WL 8080547 (W.D. Tex. July 13, 2021); *Jones v. Allure Staffing Sols., LLC*, No. 19-CV-1057, 2020 WL 5026871, at *3 (W.D. Tex. Aug. 24, 2020), *R. & R. adopted*, 2020 WL 10054528 (W.D. Tex. Sept. 7, 2020); *Wieck v. Synrg. Royce LLC*, No. 17-CV-599, 2018 WL 620048, at *2 (W.D. Tex. Jan. 30, 2018), *R. & R. adopted*, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Deutsche Bank Nat'l Tr. Co. v. Lares*, No. 17-CV-237, 2017 WL 10575169, at *2 (W.D. Tex. Dec. 21, 2017); *United States v. Naylor Cos.*, No. 14-CV-95, 2014 WL 12586777, at *2 (W.D. Tex. May 5, 2014); *Certain Underwriters at Lloyd's Lond. v. Gonzalez*, No. 20-CV-343, 2021 WL 2470363, at *2 (W.D. Tex. Jan. 26, 2021); *Certain Underwriters at Lloyd's Lond. v. Stick Built, LLC*, No. 20-CV-899, 2021 WL 141240, at *2 (W.D. Tex. Jan. 15, 2021), *R. & R. adopted*, 2021 WL 8053499 (W.D. Tex. Feb. 11, 2021); *Hamilton v. EnerSafe Inc.*, No. 15-CV-1003, 2018 WL 7822064, at *2 (W.D. Tex. Dec. 19, 2018); *Argent Holdings, LLC v. E. El Paso Physicians Med. Ctr., LLC*, No. 17-CV-00199, 2017 WL 7788135, at *2 (W.D. Tex. Nov. 30, 2017); *Hartford Cas. Ins. v. Border States Traffic Supply, Inc.*, No. 08-CV-118, 2008 WL 11417033, at *4 (W.D. Tex. Oct. 28, 2008).

Of those twenty, eight cases adopted the broad approach—that is, denying default judgment as to one defendant when all defendants are similarly situated and possess closely related defenses. *YETI Coolers*, 2024 WL 3390620, at *2; *Avitia*, 2021 WL 8053618, at *2; *Jay*, 2019 WL 6311369, at *5; *Joedward Cardona*, 2018 WL 7297825, at *1; *Levitation Arts*, 2009 WL 10669490, at *4; *Naylor*, 2014 WL 12586777, at *1; *Gonzalez*, 2021 WL 2470363, at *2; *Stick Built*, 2021 WL 141240, at *2. Five of the twenty cases denying default judgment did not specify the approach taken but instead indicated a general desire to avoid inconsistent judgments. *Hamilton*, 2018 WL 7018025, at *3; *WeGrow AG*, 2024 WL 5036560, at *2;

6

*AHBP LLC*, 2023 WL 367704, at *2; *Ridings*, 2021 WL 2587953, at *2; *Deutsche Bank*, 2017 WL 10575169, at *1. In direct contradiction to the narrow approach, the remaining seven of the twenty cases specifically mentioned joint and several liability as a reason for default judgment's prematurity. *Berkshire Bank*, 2025 WL 1692880, at *2; *Hammond*, 2022 WL 1830739, at *2; *Jones*, 2020 WL 5026871, at *2; *Wieck*, 2018 WL 620048, at *1; *Hamilton*, 2018 WL 7822064, at *2; *Argent Holdings*, 2017 WL 7788135, at *1; *Hartford*, 2008 WL 11417033, at *3. Again, independent of rationale, all the above twenty cases found default judgment as to the defaulting defendant premature in light of the pending claims against the answering defendants.

That leaves four cases remaining. Three of the four, much like the Fifth Circuit cases, found *Frow* inapplicable either because the answering defendants had been voluntarily dismissed or the claims as to the answering defendants had been resolved. *Joe Hand Promotions, Inc. v. Ganser Perez EL 33, L.L.C.*, No. 13-CA-00320, 2014 WL 12586372, at *2 (W.D. Tex. July 25, 2014); *Jones v. Allure Staffing Sols., LLC*, No. 19-CV-1057, 2021 WL 2019200, at *2 (W.D. Tex. May 20, 2021), *R. & R. adopted*, 2021 WL 2908672 (W.D. Tex. June 8, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. 17-CV-808, 2020 WL 10502725, at *3 (W.D. Tex. Aug. 11, 2020). Finding *Frow* inapplicable, those three cases granted default judgment. *Joe Hand Promotions*, 2014 WL 12586372, at *4; *Jones*, 2021 WL 2019200, at *6; *Bates Energy*, 2020 WL 10502725, at *11. The final case is the only one out of the twenty-four in the district citing *Frow* to adopt the narrow approach. *United States v. Gutierrez*, No. 14-CV-00289, 2015 WL 12864257, at *2 (W.D. Tex. July 15, 2015) ("[The *Frow*] rule only applies when defendants are alleged to be jointly liable or there is a risk of inconsistent adjudications. In contrast, even if the [plaintiff] does not prevail on its claims against

7

other defendants, this would not contradict a holding that the [defaulting defendant] lacks an interest in disputed property."). Even so, this anomalous case denied default judgment on unrelated grounds. *Id*. at *3. That said, the overwhelming majority of cases in the district indicate default judgment only as to the defaulting defendant should be denied if the parties are similarly situated and possess closely related defenses, where all defendants are jointly and severally liable, or when premature default presents a risk of inconsistent judgments. The Court here follows the beaten path.

In this case, Plaintiffs raise twenty-seven causes of action, all of which are alleged as to each defendant. (Doc. 81 at 56–111). In fact, Plaintiffs' Complaint attributes nearly every fact to every defendant, particularly the "Founder Defendants"—including Paul, Ibanez, and Greenbaum. *Id*. at 41–43. Thus, there is no indication whatsoever that the facts and allegations—and by extension, the defenses—against the answering defendants differ from those of Ibanez and Greenbaum. Based on the Complaint alone, it is unclear what type of liability Plaintiffs raise, but it seems to be either joint or joint and several. *Id*. Taken as a whole, Plaintiffs' Complaint paints *all* the defendants as co-conspirators working jointly toward a common goal—defrauding Plaintiffs and absconding with their money. *Id*. Indeed, Paul's own crossclaims indicate the joint venture was tainted by fraud. (Doc. 55 at 38–40). Instead of a collective enterprise, Paul instead casts blame on Ibanez and Greenbaum, attempting to inculpate them for the downfall of CryptoZoo and any resulting injury. *Id*. At its core, this case calls on the Court to determine whether Defendants together committed some form of fraudulent acts in the promotion and operation of CryptoZoo. (Doc. 81). If the Court were to grant default judgment and thereby lay all blame on Ibanez and Greenbaum, what would come of Plaintiffs' claims as to Paul and the other defendants? Unlike the cases cited above, the instant dispute involves a request for default

8

judgment on a crossclaim, not a primary claim. (Doc. 75). But Paul has not demonstrated—nor is the Court convinced—that, based on the nature of his claims, there exists any reduced risk of inconsistent judgments. *See Calista Enters. Ltd. v. Tenza Trading Ltd.*, No. 13-CV-01045, 2014 WL 3670856, at *3 (D. Or. July 23, 2014) (denying the counter-plaintiff's motion for default judgment against the defaulting counter-defendant because it "may be inconsistent with a judgment on the merits in favor of the remaining and answering counterclaim party"). This is precisely the circumstance *Frow* cautions against. In sum, the Court believes Defendants are similarly situated and possess closely related defenses, Plaintiffs charge Defendants with some strain of joint liability, and, most importantly, to rule on Paul's Motion at this time would undeniably result in inconsistent judgments. *See Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) ("Generally, the entry of default judgment is committed to the discretion of the district judge.") (citations and quotation marks omitted). Accordingly, the Court finds Paul's Motion for Default Judgment premature. (Doc. 75).

### III. RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Paul's Motion for Default Judgment be **DENIED WITHOUT PREJUDICE**. (Doc. 75).

SIGNED this 22nd day of July, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).