IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, § § § *Plaintiff*, § § vs. § § CRYPTOZOO INC., a Delaware Corporation, § LOGAN PAUL, DANIELLE STROBEL, § JEFFREY LEVIN, EDUARDO IBANEZ, § JAKE GREENBAUM a/k/a CRYPTO KING, § and OPHIR BENTOV a/k/a BEN ROTH, § § *Defendants*. § § | Civil Action No. 1:23-cv-00110 |

**PLAINTIFFS' RESPONSE TO DEFENDANT/CROSS-PLAINTIFF LOGAN PAUL'S OBJECTION TO THE REPORT AND RECOMMENDATION ON HIS MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE ALAN D. ALBRIGHT:

Plaintiffs, individually and on behalf of all other persons similarly situated, file this Response opposing Defendant Logan Paul's ("Defendant Paul") objection to the Magistrate Judge's Report and Recommendation that the Court deny Defendant's Motion for Entry of Default [Dkt. 106] ("Objection"):

**INTRODUCTION**

1. The Magistrate Judge's analysis of relevant law correctly applied the legal standard for reviewing entry of default judgment against one defendant while claims remain pending against one or more others. Granting default judgment against Cross-Defendants Ibanez and Greenbaum ("Cross-Defendants") on any of the claims against them will result in skewed and inconsistent judgments across all Defendants in this case.

## ARGUMENTS AND AUTHORITIES

A. **LEGAL STANDARDS**

2. "In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must 'make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made.'" *Morgan v. Chapman*, No. 6:17-CV-00004, 2025 WL 1378749, at *1 (S.D. Tex. May 13, 2025). "After conducting this *de novo* review, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Id.* (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)).

B. **A DEFAULT JUDGMENT IS IMPROPER WHEN THE SAME CLAIMS ARE BROUGHT AGAINST MULTIPLE DEFENDANTS**

3. Longstanding precedent dictates that piecemeal adjudication of claims against defendants alleged to be subject to the same liability and defenses results in inconsistent judgments and the Magistrate Judge's Report and Recommendation correctly analyzed relevant law to conclude that Defendant Paul's Motion for Entry of Default against Coss-Defendants should be denied.

4. Defendant Paul's Objections rest on a futile attempt to paint his claims against Cross-Defendants as wholly unique and separate from the underlying claims in Plaintiffs' Complaint. The Magistrate Judge correctly recognized that the claims are intrinsically bound together; determination on Defendant Paul's crossclaims would unavoidably affect any future determination on Plaintiffs' claims.

5. Defendant Paul's claims against Cross-Defendants arise from the same circumstances and falsehoods as Plaintiffs' claims against Cross-Defendants, Defendant Paul, and the remaining Defendants. While the factual underpinings of the two claims are not identical because they involve misrepresentations made to different people for different purposes, the

essentials are identical: Defendants made false representations about the funding, backing, and status of the CryptoZoo game.

6. As correctly noted in the Report and Recommendation, Defendant Paul alleges in his crossclaim that Cross-Defendants lied to Defendant Paul about their qualifications and intentions regarding the CryptoZoo game, while Plaintiffs allege in their Complaint that *all* Defendants lied to them about their qualifications and intentions regarding the CryptoZoo game. The claims at issue in Defendant Paul's request for default are the exact same claims asserted in the Complaint; that the claims come from two different sources does not change the outcome.

7. An entry of default judgment against Cross-Defendants on behalf of Defendant Paul would inevitably result in piecemeal and inconsistent judgments because the exact same claims would continue to pend against not only Cross-Defendants, but also against Defendant Paul. As the Magistrate noted, Defendant Paul would have the benefit of a judgment against his co-Defendants on the remaining claims, which he could leverage against his own liability for Plaintiffs' claims. *See* Rep. and Rec. of the U.S. Mag. Judge ("R&R"), p. 8, Dkt. 105 ("If the Court were to grant default judgment and thereby lay all blame on Ibanez and Greenbaum, what would come of Plaintiffs' claims as to Paul and the other defendants?").

8. Defendant Paul's Objection relies almost exclusively on out-of-circuit, nonbinding case law. The only in-circuit law cited in the Objection is inapposite and was correctly distinguished by the Magistrate Judge. *See* R&R, p. 4 ("Unlike in *Keeley*, Plaintiffs in this case assert the exact same claims against all Defendants, including Ibanez and Greenbaum.") (citing *Matter of Grabanski*, 691 F. App'x 159, 162 (5th Cir. 2017)). Moreover, the Magistrate Judge's thorough examination of every case within this District that has ruled on this issue demonstrates the wealth of support for the Magistrate Judge's recommendation.

9. The Magistrate Judge properly assessed the circumstances in determining that a judgment against Cross-Defendants on Defendant Paul's claims will necessarily impact Plaintiffs' claims against Defendant Paul because the crossclaims and the Complaint raise identical claims against Cross-Defendants and because the Complaint further raises those same identical claims against Defendant Paul. Any ruling on Defendant Paul's claims against Cross-Defendants will necessarily impact future rulings on Plaintiffs' claims against all Defendants. This is the very outcome the ruling in *Frow v. De La Vega*, 82 U.S. 552 (1872) disallows.

C. **THEORECTICAL PREJUDCICE TO DEFENDANT PAUL IS DE MINIMIS, EASILY MITIGATED, AND DOES NOT OUTWEIGH THE NEED FOR CONSISTENT JUDGMENTS**

10. Defendant Paul's claimed prejudice from delay does not warrant departure from the well-established rule against piecemeal default judgments. Courts applying *Frow* have consistently rejected arguments that efficiency or expedience should override the risk of inconsistent judgments. *See, e.g.*, *YETI Coolers, LLC v. Mercatalyst, Inc.*, No. 1:22-CV-01337-DAE, 2024 WL 3390620, at *2 (W.D. Tex. May 23, 2024) ("the Court does not believe that any delay will prejudice YETI as the company must continue with the ongoing litigation against the parties still defending the lawsuit"); *Moore v. Payson Petroleum Grayson, LLC*, No. 3:17-CV-1436-S-BH, 2018 WL 3014911, at *5 (N.D. Tex. May 11, 2018), *adopted at* No. 3:17-CV-1436-S-BH, 2018 WL 3014818 (N.D. Tex. June 15, 2018) ("there appears to be little or no prejudice to Plaintiffs if this motion is denied as the suit will proceed against the remaining Defendants, and default judgment appears especially harsh in light of the substantial amount of requested damages"); *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *3 (N.D. Tex. Jan. 2, 2013) ("there appears to be little or no prejudice to Plaintiffs if the motion is denied, since the case is still in the early stages of litigation"). *See also Lott v. Indian Harbor Marine, Inc.*, No. CIV. A. 96-2480, 1997 WL 325368, at *1 (E.D. La. June 11, 1997) ("The entry of default judgment at

this time would interpose unnecessary proceedings in this matter, which this court believes would hinder rather than promote the just and expeditious resolution of this matter").

11. Any speculative concern about asset dissipation by the Cross-Defendants cannot outweigh the interest in ensuring that judgments are consistent, fair, and not used strategically by one defendant to shift liability. Indeed, Defendant Paul has other remedies available—such as seeking prejudgment attachment, injunctive relief, or expedited discovery into assets—without circumventing the rule against premature default judgments.

12. Moreover, any prejudice alleged by Defendant Paul is neither unique nor exceptional. Every plaintiff or cross-plaintiff seeking recovery from absent defendants faces the possibility of delay. What makes this case distinct is the substantial factual overlap between Paul's crossclaims and the Plaintiffs' claims. Entering default judgment now would risk conferring an inequitable windfall on Defendant Paul by permitting him to establish liability against his co-Defendants while the same allegations remain unresolved as to him. The need to avoid inconsistent outcomes must take precedence over Paul's self-interested assertions of prejudice.

## CONCLUSION

13. The Magistrate Judge's Report and Recommendation properly considered relevant and binding case law to conclude that default judgment against Cross-Defendants on Defendant Paul's crossclaim is inappropriate at this time. Defendant Paul's Objection is based on self-serving factual interpretations and unprecedential case law. Accordingly, his Objection should be overruled and the Report and Recommendation should be adopted.

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted,<br><br>*/s/ Leigh S. Montgomery*<br>Jarrett L. Ellzey<br>Texas Bar No. 24040864<br>jarrett@ellzeylaw.com<br>Leigh S. Montgomery<br>Texas Bar No. 24052214<br>leigh@ellzeylaw.com<br>**ELLZEY KHERKHER SANFORD MONTGOMERY, PLLC**<br>4200 Montrose Blvd, Suite 200<br>Houston, Texas 77006<br>Phone: (713) 244-6363<br><br>**ATTORNEYS FOR PLAINTIFFS** |

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d), I hereby certify that, on August 18, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record. I further certify that the foregoing has been served the foregoing document on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery