**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DON HOLLAND, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 1:23-cv-00110 |
| vs. | § § | |
| CRYPTOZOO INC., a Delaware Corporation, LOGAN PAUL, EDUARDO IBANEZ, and JAKE GREENBAUM a/k/a CRYPTO KING, | § § § § § | |
| *Defendants.* | § § § § | |

**PLAINTIFFS' AMENDED SURREPLY IN OPPOSITION TO DEFENDANT LOGAN
PAUL'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs submit this Surreply to address a discrete matter raised for the first time in Defendant Logan Paul's Reply (Dkt. 129): Defendant's reliance on SEC Release No. 33-11412 ("SEC Release"), issued March 17, 2026, which Plaintiffs could not have addressed in their Opposition. Plaintiffs do not revisit arguments already briefed, and respond as follows:

**ARGUMENT:
SEC RELEASE NO. 33-11412 DOES NOT DISPLACE THE *HOWEY* ANALYSIS**

Defendant argues that the SEC Release classifying certain crypto assets as "digital tools" and "digital collectibles" resolves the securities question in his favor. Reply at 5–9. It does not. The SEC Release is a Commission-level interpretive statement and is not a rule promulgated through notice-and-comment rulemaking, and therefore lacks the force of law.[1] For perspective,

---

[1] *See* Application of the Fed. Sec. Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets, Sec. Act Release No. 33-11412, Exch. Act Release No. 34-105020 (Mar. 17, 2026) ("SEC Release").

the Release refers to itself as an "interpretation" over fifty times. The Release itself acknowledges as much, stating that it "[t]he interpretation in this release does not supersede or replace the *Howey* test, which is binding legal precedent."[2]

After *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 369, 144 S. Ct. 2244, 2247, 219 L. Ed. 2d 832 (2024), courts "must exercise independent judgment in deciding the meaning of statutory provisions" and "may not defer to an agency interpretation of the law simply because a statute is ambiguous." The Second Circuit has already applied this principle to SEC interpretations. In *SEC v. Amah*, the court vacated a ruling that had relied on the SEC's statutory construction without independent judicial analysis, remanding for the district court to reach its own interpretation. *See United States Sec. & Exch. Comm'n v. Amah*, No. 24-2206-CV, 2026 WL 504794, at *4 (2d Cir. Feb. 24, 2026).

More fundamentally, the SEC Release itself concedes the dispositive point. It expressly provides that non-security crypto assets can still be the subject of investment contracts when "an issuer offers [them] by inducing an investment of money in a common enterprise with representations or promises to undertake essential managerial efforts from which a purchaser would reasonably expect to derive profits." SEC Release at 24-25. The classification of Zoo Tokens as "digital tools" or CryptoZoo NFTs as "digital collectibles" therefore does not end the *Howey* inquiry whatsoever; the transaction-level analysis still controls. *See Sec. & Exch. Comm'n v. LBRY, Inc.*, 639 F. Supp. 3d 211, 220 (D.N.H. 2022) ("Nothing in the case law suggests that a token with both consumptive and speculative uses cannot be sold as an investment contract.").

*Howey* is binding Supreme Court precedent that agency guidance cannot narrow. The investment contract definition is "flexible rather than a static principle, one that is capable of

---

[2]SEC Release at 8.

adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits." *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299, 66 S. Ct. 1100, 1103, 90 L. Ed. 1244 (1946). Courts must "disregard[] form for substance" and place "emphasis . . . on economic reality." *Tcherepnin v. Knight*, 389 U.S. 332, 336 88 S. Ct. 548, 553, 19 L. Ed. 2d 564 (1967); *Long v. Shultz Cattle Co.*, 881 F.2d 129, 133 (5th Cir. 1989) ("substantive 'economic realities' must govern over form"). The economic reality of how CryptoZoo assets were marketed and sold controls, not their *post hoc* guiding classification.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court consider this Surreply and deny Defendant Paul's Motion to Dismiss the Second Amended Complaint.

Dated: April 22, 2026                    Respectfully submitted,

                                         */s/ Jarrett L. Ellzey*
                                         **ELLZEY & ASSOCIATES, PLLC**
                                         Jarrett L. Ellzey
                                         Texas Bar No. 24040864
                                         jarrett@ellzeylaw.com
                                         Leigh S. Montgomery
                                         Texas Bar No. 24052214
                                         leigh@ellzeylaw.com
                                         4200 Montrose Blvd., Ste. 200
                                         Houston, Texas 77006
                                         Phone: (888) 350-3931
                                         Fax: (888) 276-3455

                                         **ATTORNEY TOM & ASSOCIATES**
                                         Tom Kherkher
                                         Texas Bar No. 24113389
                                         tom@attorneytom.com
                                         5909 West Loop South Suite 525
                                         Houston, Texas 77401
                                         Phone: (855) 866-9467

                                         **ATTORNEYS FOR PLAINTIFFS**

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2026, a true and correct copy of the foregoing document was filed electronically using the Court's CM/ECF system, which will serve notice on all counsel of record.

<u>/s/ Jarrett L. Ellzey</u>
Jarrett L. Ellzey